Mark C. Scarsi (SBN 183926)
mscarsi@milbank.com
Ashlee N. Lin (SBN 275267)
anlin@milbank.com
MILBANK, TWEED, HADLEY & McCLOY LLP
2029 Century Park East, 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> vs. <br><br> WI-LAN, INC., <br><br> Defendant | Case No.: 3:14-cv-2235-DMS-BLM <br><br> **THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **DEMAND FOR JURY TRIAL** <br><br> Department: 13A <br> Judge: Hon. Dana M. Sabraw <br> Magistrate Judge: Hon. Barbara L. Major |

Plaintiff Apple Inc. ("Apple") for its Third Amended Complaint against Wi-LAN, Inc. ("Wi-LAN" or "Defendant") hereby demands a jury trial and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment of non-infringement, invalidity, and unenforceability of United States Patent Nos. 8,457,145 (the "'145 Patent"); 8,462,723 (the "'723 Patent"); 8,462,761 (the "'761 Patent"); 8,615,020 (the "'020 Patent"); 8,537,757 (the "'757 Patent"); and 8,311,040 (the "'040 Patent") (collectively, the "Patents-In-Suit") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, and the patent laws of the United States, 35 U.S.C. § 100 et seq., and for such other relief as the Court deems just and proper.

## PARTIES

2. Plaintiff Apple is a corporation organized and existing under the laws of California, with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

3. On information and belief, defendant Wi-LAN is a corporation organized and existing under the laws of Canada and having its principal place of business at 303 Terry Fox Drive, Suite 300, Ottawa, Ontario, Canada.

4. As alleged herein, Wi-LAN has engaged in various acts in and directed to California.

## JURISDICTION AND VENUE

5. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the patent laws of the United States, 35 U.S.C. § 1, et seq. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

6. Wi-LAN purports to be the owner of all rights, title, and interest in and to the Patents-In-Suit. Wi-LAN has made statements alleging that Apple infringes the Patents-In-Suit and demanding that Apple license the Patents-In-Suit. Furthermore, Wi-LAN has demonstrated its ability and willingness to file suit through its initiation of multiple lawsuits against Apple and other similarly situated companies. Apple has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-In-Suit, either literally or under the doctrine of equivalents, nor is Apple aware of any infringement of any of the Patents-In-Suit. A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

7. This Court has personal jurisdiction over Wi-LAN. Wi-LAN has conducted business in and directed to California, including pertaining to the Patents-In-Suit, and has engaged in various acts in and directed to California.

Additionally, Wi-LAN purchased the Patents-In-Suit (or underlying patent applications) from the inventors and/or former assignees believed to be located in California.  Wi-LAN is in the business of asserting patent infringement claims and suing companies for patent infringement.  In connection with that business, Wi-LAN has targeted and met with companies in Santa Clara County, including Apple.

## BACKGROUND OF PARTIES

8.     Apple is an American multinational corporation and leading designer and manufacturer of mobile communication devices, personal computers, and portable digital media players.  As a result of its significant investment in research and development, Apple has developed innovative technologies that have changed the face of the computer and telecommunications industries.  For example, when Apple introduced the first iPhone in 2007, it revolutionized the way people view mobile phones.

9.     Apple introduced another revolutionary product, the iPad, in 2010.  The iPad is an elegantly designed computer tablet with a color touch screen, a user interface similar to the iPhone's user interface, and robust functionality that includes mobile computing, media storage and playback, and cellular connectivity.  Because of its innovative technology and distinctive design, the iPad achieved instant success.

10.     Since 2006, Wi-LAN has been solely in the business of acquiring and asserting patents.  Wi-LAN's business model revolves around threatening to initiate litigation against technology companies to extract licensing fees.  If a company fails to take a license, Wi-LAN initiates litigation.  Wi-LAN has used this approach on over 275 companies.

11.     Since 2007, Wi-LAN has sued Apple on at least four other occasions.  On October 31, 2007 Wi-LAN sued Apple, and over 25 other defendants, asserting infringement of U.S. Patent Nos. 5,282,222 and RE37,802.  (*Wi-LAN Inc. v. Acer,*

*Inc.*, E.D. Tex. Case No. 2:07-cv-00473.)  On September 1, 2011, Wi-LAN again sued Apple and nine other defendants asserting infringement of U.S. Patent Nos. 5,282,222 and RE37,802.  (*Wi-LAN Inc. v. Apple Inc. et al.,* E.D. Tex. Case No. 6:11-cv-453.)  On December 12, 2012, Wi-LAN filed two new suits against Apple: one case in the Eastern District of Texas asserting infringement of U.S. Patent No. 6,381,211 and one in the Southern District of Florida asserting infringement of U.S. Patent Nos. 8,315,640 and 8,311,040 ("Wi-LAN LTE Litigation").  (*See Wi-LAN Inc. v. Apple Inc.*, E.D. Tex. Case No. 6:12-cv-920; *Wi-LAN Inc. v. Apple Inc.*, S.D. Fla. Case No. 1:12-cv-24318.)

12. On or around June 16, 2014 while the Wi-LAN LTE Litigation was still pending, Wi-LAN sent an email to Apple putting Apple on notice of infringement of the Patents-In-Suit, alleging infringement by Apple products such as the iPhone and iPad (the "Wi-LAN Notice Letter").  Most of the Patents-In-Suit are included in the same patent family as one of the patents at issue in the Wi-LAN LTE Litigation.

13. Given the contents of the Wi-LAN Notice Letter, Wi-LAN's prior litigation history with Apple, and the relationship of the Patents-In-Suit to one of the patents in the current Wi-LAN LTE Litigation, there is an actual case or controversy regarding whether Apple infringes the Patents-In-Suit and whether the Patents-In-Suit are valid.

14. Furthermore, Wi-LAN has filed counterclaims of infringement against Apple related to each of the Patents-in-Suit.  (ECF No. 121.)

### THE PATENTS-IN-SUIT

15. The '145 Patent is entitled "Method and Apparatus for Bandwidth Request/Grant Protocols in a Wireless Communication System" and bears an issuance date of June 4, 2013.  A copy of the '145 Patent is attached hereto as Exhibit 1.

16. The '723 Patent is entitled "Method and Systems for Transmission of

1  Multiple Modulated Signals Over Wireless Networks" and bears an issuance date
2  of June 11, 2013.  A copy of the '723 Patent is attached hereto as <u>Exhibit 2</u>.
3      17.    The '761 Patent is entitled  "Method and System for Adaptively
4  Obtaining Bandwidth Allocation Requests" and bears an issuance date of June 11,
5  2013.  A copy of the '761 Patent is attached hereto as <u>Exhibit 3</u>.
6      18.    The '020 Patent is entitled "Method and System for Adaptively
7  Obtaining Bandwidth Allocation Requests" and bears an issuance date of
8  December 24, 2013.  A copy of the '020 Patent is attached hereto as <u>Exhibit 4</u>.
9      19.    The '757 Patent is entitled "Adaptive Call Admission Control for Use
10 in a Wireless Communication System" and bears an issuance date of September
11 17, 2013.  A copy of the '145 Patent is attached hereto as <u>Exhibit 5</u>.
12     20.    The '040 Patent is entitled "Packing Source Data Packets into
13 Transporting Packets with Fragmentation" and bears an issuance date of November
14 13, 2012.  A copy of the '040 Patent is attached hereto as <u>Exhibit 6</u>.

**COUNT I: DECLARATION OF NONINFRINGEMENT
OF U.S. PATENT NO. 8,457,145**

21.    Apple repeats and realleges the allegations in paragraphs 1–19 as though fully set forth herein.

22.    Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '145 Patent.

23.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

24.    A judicial declaration is necessary and appropriate so that the Apple may ascertain its rights regarding the '145 Patent.

**COUNT II: DECLARATION OF INVALIDITY
OF U.S. PATENT NO. 8,457,145**

25.    Apple repeats and realleges the allegations in paragraphs 1–23 as

though fully set forth herein.

26. The '145 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

27. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '145 Patent.

## COUNT III: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,462,723

29. Apple repeats and realleges the allegations in paragraphs 1–27 as though fully set forth herein.

30. Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '723 Patent.

31. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

32. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '723 Patent.

## COUNT IV: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,462,723

33. Apple repeats and realleges the allegations in paragraphs 1–31 as though fully set forth herein.

34. The '723 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

35. As a result of the acts described in the foregoing paragraphs, there

exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

36. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '723 Patent.

## COUNT V: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,462,761

37. Apple repeats and realleges the allegations in paragraphs 1–35 as though fully set forth herein.

38. Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '761 Patent.

39. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '761 Patent.

## COUNT VI: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,462,761

41. Apple repeats and realleges the allegations in paragraphs 1–39 as though fully set forth herein.

42. The '761 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

43. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '761 Patent.

### COUNT VII: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,615,020

45. Apple repeats and realleges the allegations in paragraphs 1–43 as though fully set forth herein.

46. Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '020 Patent.

47. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

48. A judicial declaration is necessary and appropriate so that Apple may ascertainits rights regarding the '020 Patent.

### COUNT VIII: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,615,020

49. Apple repeats and realleges the allegations in paragraphs 1–47 as though fully set forth herein.

50. The '020 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

51. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '020 Patent.

### COUNT IX: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,537,757

53. Apple repeats and realleges the allegations in paragraphs 1–51 as though fully set forth herein.

54. Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '757 Patent.

55. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

56. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '757 Patent.

## COUNT X: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,537,757

57. Apple repeats and realleges the allegations in paragraphs 1–54 as though fully set forth herein.

58. The '757 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

59. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

60. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '757 Patent.

## COUNT XI: DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 8,311,040

61. Apple repeats and realleges the allegations in paragraphs 1–59 as though fully set forth herein.

62. Apple has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '040 Patent.

63. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

64. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '040 Patent.

### COUNT XII: DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,311,040

65. Apple repeats and realleges the allegations in paragraphs 1–63 as though fully set forth herein.

66. The '040 Patent is invalid for failure to meet the conditions of patentability and/or otherwise to comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, 112 and 132.

67. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

68. A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the '040 Patent.

### COUNT XIII: DECLARATION OF UNENFORCEABILITY DUE TO UNCLEAN HANDS

69. Apple repeats and realleges the allegations in paragraphs 1–58 as though fully set forth herein.

70. Wi-LAN has engaged in conduct comprising unclean hands rending the Patents-In-Suit unenforceable in this action. Wi-LAN has engaged in a pattern and practice of improper activity to acquire, license, and assert its patents in bad faith, including by making claims of patent infringement with knowledge that the patents are not actually infringed or are invalid, unenforceable, and/or not infringed by the accused standards and products. Apple manufactures and sells products accused in this action, and Wi-LAN's assertions have thus caused Apple to incur substantial damages as a result of Wi-LAN's bad faith conduct.

71. For example, prior to and during the time that Wi-LAN was asserting

the Patents-In-Suit against Apple, Wi-LAN had knowledge that the Patents-In-Suit are invalid.  Nevertheless, Wi-LAN asserted the Patents-In-Suit against products relating to the accused standard and accused products in bad faith.

72.   Wi-LAN has asserted its patents against Apple in bad faith.  For example, Wi-LAN sued Apple alleging infringement of U.S. Patent No. RE37,802, but Apple was found not to infringe any of the claims of the that patent.  Wi-LAN also sued Apple alleging infringement of U.S. Patent No. 6,381,211, but the patent was found invalid.  Wi-LAN has recently filed four litigations against Apple and has failed to prevail in any of them.  Yet Wi-LAN continues to target Apple and threaten litigation against it.

73.   Wi-LAN's pattern of asserting patents known to be invalid, unenforceable, and/or not infringed, including the Patents-In-Suit, has facilitated Wi-LAN's acquisition of additional patents which Wi-LAN then, in turn, has improperly asserted against others.

74.   Additionally, Wi-LAN has been accused of bad faith in connection with ownership of patents.  For example, according to Telus Corporation ("Telus"), Telus has ownership rights in patents allegedly assigned to Wi-LAN.  According to Telus, Wi-LAN wrongfully attempted to transfer ownership of patents from Telus to Wi-LAN.  *See Telus Corp. v. Wi-LAN Inc.*, Action No. 0901-06070 (Queen's Bench of Alberta, filed Apr. 23, 2009).

75.   In accordance with the doctrine of unclean hands, Wi-LAN's acts, practices, and misconduct described above have damaged Apple and bar Wi-LAN's enforcement of the Patents-In-Suit against Apple.

76.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77.   A judicial declaration is necessary and appropriate so that Apple may ascertain its rights regarding the Patents-In-Suit.

# PRAYER FOR RELIEF

**WHEREFORE**, Apple respectfully requests that judgment be entered in its favor and pray that the Court grant the following relief:

A.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '145 Patent;

B.   A declaration that the claims of the '145 Patent are invalid;

C.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '723 Patent;

D.   A declaration that the claims of the '723 Patent are invalid;

E.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '761 Patent;

F.   A declaration that the claims of the '761 Patent are invalid;

G.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '020 Patent;

H.   A declaration that the claims of the '020 Patent are invalid;

I.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '757 Patent;

J.   A declaration that the claims of the '757 Patent are invalid;

K.   A declaration that Apple has not infringed, either directly or indirectly, any valid and enforceable claim of the '040 Patent;

L.   A declaration that the claims of the '040 Patent are invalid;

M.   An order declaring that Apple is a prevailing party and that this is an exceptional case, awarding Apple its costs, expenses, disbursements, and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

N.   Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Apple hereby respectfully demands a trial by jury on all issues and claims so triable.

DATED:  August 1, 2017          Respectfully submitted,

/s/ Mark C. Scarsi
Mark C. Scarsi
mscarsi@milbank.com
Ashlee N. Lin
anlin@milbank.com
MILBANK, TWEED, HADLEY & McCLOY LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA  90067
Telephone:  (424) 386-4000
Facsimile:   (213) 629-5063

*Attorneys for Plaintiff Apple Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document will be served, via the Court's CM/ECF system, upon all counsel of record on August 1, 2017.

/s/ Ashlee N. Lin
Ashlee N. Lin