# EXHIBIT F

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| Apple Inc. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:14-cv-2235 |
| Wi-LAN, Inc. | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Qualcomm Inc., 5775 Morehouse Drive, San Diego, CA 92121

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Patterson Law Group<br>402 W Broadway, 29th Floor; San Diego, CA 92101<br>Phone: (877) 591-9979 | Date and Time:<br><br>06/15/2017 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        05/25/2017

|  CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Kevin Schubert |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Defendant Wi-LAN, Inc. _____ , who issues or requests this subpoena, are:

Kevin Schubert, McKool Smith, PC, One Bryant Park, 47th Floor, New York, NY 10036, kschubert@mckoolsmith.com, Tel: (212) 402-9423

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   3:14-cv-2235

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                              *Server's signature*

                                                       _____
                                                              *Printed name and title*

                                                       _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

| | | |
|---|---|---|
| Apple Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   3:14-cv-2235 |
| Wi-LAN, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Qualcomm Inc., 5775 Morehouse Drive, San Diego, CA 92121

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: Patterson Law Group<br>402 W Broadway, 29th Floor; San Diego, CA 92101<br>San Diego, CA 92101 | Date and Time:<br>07/03/2017 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and audiovisual means

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        05/25/2017

             *CLERK OF COURT*

                                                OR

_____              /s/ Kevin Schubert
*Signature of Clerk or Deputy Clerk*          _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant Wi-LAN, Inc.                                                      , who issues or requests this subpoena, are:

Kevin Schubert, McKool Smith, PC, One Bryant Park, 47th Floor, New York, NY 10036, kschubert@mckoolsmith.com, Tel: (212) 402-9423

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:14-cv-2235

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____   on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Exhibit F, Page 44

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A TO CIVIL SUBPOENA

## DEFINITIONS AND INSTRUCTIONS FOR SCHEDULES A AND B

As used herein, the following definitions and instructions shall apply:

1.    Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, please produce the requested documents as they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.  Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced. E-mail attachments should be produced with or following their corresponding e-mails.

2.    These Requests cover all information in your possession, custody, or control including, but not limited to, information in the possession, custody, or control of your present and former directors, officers, agents, employees, partners, consultants, experts, nominees, attorneys, or anyone else acting on your behalf or otherwise subject to your control, and representatives of any of the aforesaid acting in that capacity, as well as information in the possession, custody, or control of any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate.

3.    In responding to these Requests, documents and things are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document or thing produced in response to this Request, at least the following information should be provided:

(1) the nature of the material deleted;

(2) the reason for the deletion; and

(3) an identification of the person responsible for the deletion.

-1-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

4.     The designations "Wi-LAN" and "Defendant" refer to and include Wi-LAN, Inc., Wi-LAN USA, Inc., WiLAN Labs, and any affiliates, divisions, subsidiaries, predecessors-in-interest, or successors-in-interest, and any employees, representatives, directors, agents, or attorneys acting on its behalf.

5.     The terms "Qualcomm," "you," and "your" mean Qualcomm Incorporated, including without limitation any divisions, departments, parents, predecessors (whether acquired by merger, consolidation, or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder(s), or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

6.     "Apple" means Apple Inc. and includes any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, foreign or domestic subsidiaries, parents, affiliates, divisions, successors, predecessors and any other related entities.

7.     "Plaintiff" refers to Apple Inc.

8.     "Date" shall mean the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

9.     The terms "relating to" and "relate to" shall mean concerning, regarding, constituting, containing, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, stating, summarizing, analyzing, supporting, or in any way pertaining to the subject matter of the relevant request.

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.  The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all;" "each" means "any and all."

-2-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

"Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or" as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside its scope.  Words in the masculine, feminine, or neutral form shall include both genders.

11.    "Document(s)" shall have the broadest possible meaning afforded under Fed. R. Civ. P. 34(a) and shall include, without limitation, any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care, or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, source code, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings. For purposes of these requests, any document that contains a note, comment, addition, deletion, modification, translation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification. All references to documents include, but are not limited to, any audio and/or visual materials.

12.    The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document  (e.g.,  letter  or  memorandum) and, if electronically stored information, the  software application used to create it (e.g., MS Word, MS Excel Spreadsheet, etc.); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically

-3-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

1  stored information; (5) the addressee of the document or electronically stored
2  information; and (6) the relationship of the author and addressee to each other.

3  13.   "Patents-in-Suit" shall mean U.S. Patent Nos. 8,311,040, 8,457,145,
4  8,462,723, 8,537,757, 8,615,020, and 8,462,761.

5  14.   "3GPP LTE standard" shall mean Release 8 and all subsequent Releases
6  of the Third Generation Partnership Project ("3GPP") standard, as available at:
7  http://www.3gpp.org/Release-8.

8  15.   "LTE" means "Long Term Evolution," and refers to the technology
9  defined by 3GPP Release 8 and subsequent Releases.

10  16.   "VoLTE" means "Voice over LTE."

11  17.   "Lawsuit" shall refer to Apple Inc. v. Wi-LAN, Inc., et al., Civil Action
12  No. 3:14-cv-02235-DMS-BLM or Wi-LAN USA, Inc. and/or Wi-LAN, Inc. v. Apple
13  Inc. No. 3:14-cv-1507-DMS-BLM, which have been consolidated and which are
14  pending in the United States District Court for the Southern District of California.

15  18.   "Comply," "Compliance," and "Complies," with reference to a standard,
16  specification, or feature described in a standard or specification, refers to
17  implementation or support of the functionality listed in that standard, specification, or
18  feature description.

19  19.   "Apple VoLTE Product(s)" refers to those products marketed by Apple
20  as complying with the 3GPP 4G LTE standard for Voice over LTE, and shall
21  specifically refer to at least the following products: iPhone 7, iPhone 7 Plus, iPhone
22  6s, iPhone 6s Plus, iPhone SE, iPhone 6, and iPhone 6 Plus.

23  20.   The term "Select Qualcomm Chipset(s)" shall mean any of the following
24  chipsets: MDM9625M, MDM9635M, MDM9645M, and any other chipset sold by
25  Qualcomm to Apple for use in an Apple VoLTE Product that provides LTE capability.

26  21.   "Communication" shall mean, including its usual and customary
27  meaning, any transmission, conveyance, or exchange of a word, statement, fact, thing,

28

-4-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

idea, document, instruction, information, demand or question by any medium, whether by written, oral, or other means, including but not limited to electronic communications and electronic mail.

22.    "VoLTE data" shall mean voice and control data, such as Session Initiation Protocol (SIP) and Real-time Transport Protocol (RTP) data, related to a VoLTE call.

23.    "Application data" shall mean non-VoLTE data related to various application services, such as video, email, and web browsing.

-5-
**ATTACHMENT "A" TO CIVIL SUBPOENA**

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**

1.    Source code relating to the design, structure, function, operation, configuration, and/or modification of each of the Select Qualcomm Chipsets, including the source code for hardware design and specification language descriptions, such as HDL, VHDL, iHDL, or RTL, and the source code for higher software programming design languages, such as C and C++ programming languages.

2.    Technical specifications, data sheets, design documents, presentations, user guides, and user manuals of each of the Select Qualcomm Chipsets.

3.    Documents and communications exchanged between Qualcomm and Apple concerning the design or development of any Select Qualcomm Chipset.

4.    Documents and communications exchanged between Qualcomm and Apple concerning Apple's technical or business requirements with respect to any Select Qualcomm Chipset.

5.    Documents and communications, internal to Qualcomm or exchanged with Apple, regarding how VoLTE data and application data are communicated between an application processor, or other component, to the Select Qualcomm Chipsets.

6.    Marketing documents concerning the Select Qualcomm Chipsets, including the benefits, advantages, or importance of VoLTE functionality and/or differences between the Select Qualcomm Chipsets and chipsets that do not support VoLTE.

7.    Agreements of any kind between Qualcomm and Apple that relate to indemnity.

8.    Documents and communications showing any payment Qualcomm has made and/or any obligation Qualcomm has to pay to or on behalf of Apple for any portion of the litigation costs, attorney fees, or damages recovered in the Lawsuit and

**ATTACHMENT "A" TO CIVIL SUBPOENA**

any related correspondence and agreements or covenants obligating Qualcomm to make such payments.

9.    Documents and communications internal to Qualcomm or between Qualcomm and any other entity, including Apple, concerning the Patents-in-Suit, this Lawsuit, or Wi-LAN.

10.    Documents and communications exchanged between Qualcomm and Apple regarding the LTE standard or its implementation, including all Qualcomm University documents.

11.    Documents and communications, internal to Qualcomm or exchanged with Apple, regarding how each Select Qualcomm Chipset organizes data into Logical Channel Groups, prepares and transmits Scheduling Requests, prepares and transmits Buffer Status Reports, receives PDCCH grants, assigns Prioritized Bit Rates, and performs Logical Channel Prioritization.

12.    Documents and communications, internal to Qualcomm or exchanged with Apple, regarding how each Select Qualcomm Chipset is configured to segment and/or concatenate RLC SDUs, form RLC PDUs from RLC SDUs, include RLC Headers in RLC PDUs, and populate the Extension Part of RLC PDU Headers when more than one data element is present in the RLC PDU.

13.    Documents and communications, internal to Qualcomm or exchanged with Apple, regarding how each Select Qualcomm Chipset determines and reports the Channel Quality Indicator.

14.    All licenses and any amendments, supplements, or extensions thereto regarding the Apple VoLTE products, as well as all documentation, including correspondence, relating to payment or nonpayment of royalties thereunder.

15.    Documents relating to the documents produced pursuant to requests for production 7, 8, and 14, including communications exchanged with counterparties.

-7-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

**SCHEDULE B**

**RULE 30(B)(6) DEPOSITION TOPICS**

1.      Authentication of any document, including but not limited to source code, or communication produced by Qualcomm and testimony confirming that each such document or communication is made and/or kept in the ordinary course of business.

-8-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| APPLE INC., | ) | Case No. 14cv2235-DMS (BLM) |
| | ) | |
| Plaintiff, | ) | **AGREED PROTECTIVE** |
| | ) | **ORDER REGARDING THE** |
| v. | ) | **DISCLOSURE AND USE OF** |
| | ) | **DISCOVERY MATERIALS** |
| WI-LAN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Apple Inc. and Defendant Wi-LAN Inc. anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery, initial disclosures, and supplemental disclosures in this Litigation and request that the Court enter this Order setting forth the conditions for treating, obtaining, and using such information.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for the following Agreed Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order").

1. **PURPOSES AND LIMITATIONS**

   (a)    Protected Material designated under the terms of this Protective Order shall be used by a Receiving Party solely for this Litigation, and shall be used

-1-

1   only for the purpose of litigating this Litigation, and shall not be used directly or

2   indirectly for any other purpose whatsoever.

3          (b)    The Parties acknowledge that this Order does not confer blanket

4   protections on all disclosures during discovery, or in the course of making initial or

5   supplemental disclosures under Rule 26(a). Designations under this Order shall be

6   made with care and shall not be made absent a good faith belief that the designated

7   material satisfies the criteria set forth below. If it comes to a Producing Party's

8   attention that designated material does not qualify for protection at all, or does not

9   qualify for the level of protection initially asserted, the Producing Party must promptly

10  notify all other Parties that it is withdrawing or changing the designation.

11        2.    **DEFINITIONS**

12         (a)    "Discovery Material" means all items or information, including

13  from any non-party, regardless of the medium or manner generated, stored, or

14  maintained (including, among other things, testimony, transcripts, or tangible things)

15  that are produced, disclosed, or generated in connection with discovery or Rule 26(a)

16  disclosures in this Litigation.

17         (b)    "Litigation" means the case styled as *Apple Inc. v. Wi-LAN Inc.*,

18  Case No. 3:14-cv-02235-DMS (BLM) (S.D. Cal.).

19         (c)    "Outside Counsel" means (i) outside counsel who appear on the

20  pleadings as counsel for a Party and (ii), partners, associates, and staff of such counsel

21  to whom it is reasonably necessary to disclose the information for this Litigation,

22  including supporting personnel employed by the attorneys, such as paralegals, legal

23  secretaries, legal translators, and legal clerks; or (iii) independent attorneys contracted

24  to assist outside counsel in connection with this action.

25         (d)    "Patents-in-suit" means U.S. Patent Nos. 8,457,145; 8,462,723;

26  8,537,757; 8,615,020; and 8,462,761, and any other patent asserted in this Litigation,

27

28

1   as well as any related patents, patent applications, provisional patent applications,

2   continuations, and/or divisionals.

3         (e)    "Party" means any party to this Litigation, including all of its

4   officers, directors, employees, consultants (and their support staff), retained experts

5   (and their support staff), and Outside Counsel.

6         (f)    "Producing Party" means any Party or non-party that discloses or

7   produces any Discovery Material in this Litigation.

8         (g)    "Protected Material" means any Discovery Material that is

9   designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

11  RESTRICTED," as provided for in this Order.  Protected Material shall not include:

12  (i) advertising materials that have been actually published or publicly disseminated;

13  and (ii) materials that show on their face they have been disseminated to the public.

14        (h)    "Receiving Party" means any Party who receives Discovery

15  Material from a Producing Party.

16        (i)    "Source Code" means confidential, proprietary, trade secret and/or

17  commercially sensitive computer code, scripts, assembly code, object code, source

18  code listings and descriptions of source code, object code listings and descriptions of

19  object code, and Hardware Description Language (HDL) or Register Transfer Level

20  (RTL) files that describe the hardware design of any ASIC or other chip, and similar

21  detailed implementation documents.

22      3.   **COMPUTATION OF TIME**

23      The computation of any period of time prescribed or allowed by this Order shall

24  be governed by the provisions for computing time set forth in Federal Rules of Civil

25  Procedure 6 and Local Rule 7.1(c), in their present form as of the date this Order is

26  entered by the Court.

27  *///*

28

4. **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles. All Protected Material shall be used solely for this Litigation or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or

14cv02235-DMS (BLM)

Exhibit F, Page 57

1 competitive purpose or function. Protected Material shall not be distributed, disclosed
2 or made available to anyone except as expressly provided in this Order.

3       (b)    Patent Prosecution Bar. Absent written consent of the Producing
4 Party, any person on behalf of the Receiving Party who receives one or more items
5 designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL
6 - OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED" by the Producing Party
7 shall not participate in the preparation or prosecution, on behalf of the Receiving
8 Party, its acquirer, successor, predecessor, or other affiliate, before a Patent Office of
9 any patent, patent application, or for drafting or revising patent claims (excluding such
10 activities conducted in the context of postgrant proceeding including reexamination,
11 Inter Partes Review, or opposition proceedings) directed to wireless or RF
12 communications involving requesting and allocating bandwidth, or products
13 incorporating such technology, from the time of receipt of such material following the
14 first to occur of (i) the complete resolution of this case through entry of a final non-
15 appealable judgment or order for which appeal has been exhausted; or (ii) the
16 complete settlement of all claims in this action; or (iii) the individual person(s) cease
17 to represent the Receiving Party or respective client in this case.

18       (c)    <u>Secure Storage</u>. Protected Material must be stored and maintained
19 by a Receiving Party at a location and in a secure manner that ensures that access is
20 limited to the persons authorized under this Order.

21       (d)    <u>Legal Advice Based on Protected Material</u>. Nothing in this
22 Protective Order shall be construed to prevent counsel from advising their clients with
23 respect to this Litigation based in whole or in part upon Protected Materials, provided
24 counsel does not disclose the Protected Material itself except as provided in this
25 Order.

26       (e)    <u>Filing Protected Material</u>. Without written permission from the
27 Producing Party or a Court Order secured after appropriate notice to all interested

28

1    persons, a Party may not file in the public record in this action any Protected Material,

2    but must file such Protected Material under seal in conformance with the Court's rules

3    and procedures.[1] Material filed under seal shall bear the title of this matter, an

4    indication of the nature of the contents of such sealed filing, the words

5    "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER,"

6    "ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE

7    ORDER," or "OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED

8    INFORMATION – UNDER PROTECTIVE ORDER," as appropriate, and a

9    statement substantially in the following form: This filing contains confidential

10    information filed in this case by (name of party) and its contents shall not be displayed

11    or revealed except by order of the Court presiding over this matter.

12        (f)    Limitations. Nothing in this Order shall restrict in any way a

13    Producing Party's use or disclosure of its own Protected Material. Nothing in this

14    Order shall restrict in any way the use or disclosure of Discovery Material by a

15    Receiving Party: (i) that is or has become publicly known through no fault of the

16    Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party

17    independent of the Producing Party; (iii) previously produced, disclosed and/or

18    provided by the Producing Party to the Receiving Party or a non-party without an

19    obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent

20    of the Producing Party; or (v) pursuant to order of the Court.

21    ///

22    ///

23

---

[1] In accordance with Judge Major's Chamber's rules, no document may be filed under seal without explicit Court authorization. In that respect, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed 'Confidential.' The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

## 7. **DESIGNATING PROTECTED MATERIAL**

(a)   <u>Available Designations</u>. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED." Any materials that are publicly available, and not due to any unauthorized act or omission, or violation of this Order, or otherwise do not contain confidential information, including but not limited to (a) publicly available advertising materials, (b) non-draft materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or understanding regarding confidential treatment, shall not be considered Protected Materials for purposes of this Litigation.

(b)   <u>Written Discovery and Documents and Tangible Things</u>. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)   <u>Depositions and Testimony</u>. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by

1   indicating on the record at the time the testimony is given or by sending written notice

2   of how portions of the transcript of the testimony is designated within ten (10) days of

3   receipt of the transcript of the testimony. If no indication on the record is made, all

4   information disclosed during a deposition shall be deemed "CONFIDENTIAL –

5   ATTORNEYS' EYES ONLY" until the time within which it may be appropriately

6   designated as provided for herein has passed. Any Party that wishes to disclose the

7   transcript, or information contained therein, may provide written notice of its intent to

8   treat the transcript as non-confidential, after which time, any Party that wants to

9   maintain any portion of the transcript as confidential must designate the confidential

10   portions within fourteen (14) days, or else the transcript may be treated as non-

11   confidential. Any Protected Material that is used in the taking of a deposition shall

12   remain subject to the provisions of this Protective Order, along with the transcript

13   pages of the deposition testimony dealing with such Protected Material. In such cases

14   the court reporter shall be informed of this Protective Order and shall be required to

15   operate in a manner consistent with this Protective Order. In the event the deposition

16   is videotaped, the original and all copies of the videotape shall be marked by the video

17   technician to indicate that the contents of the videotape are subject to this Protective

18   Order, substantially along the lines of "This videotape contains confidential testimony

19   used in this Litigation and is not to be viewed or the contents thereof to be displayed

20   or revealed except pursuant to the terms of the operative Protective Order in this

21   matter or pursuant to written stipulation of the parties." Counsel for any Producing

22   Party shall have the right to exclude from oral depositions, other than the deponent,

23   deponent's counsel, the reporter and videographer (if any), any person who is not

24   authorized by this Protective Order to receive or access Protected Material based on

25   the designation of such Protected Material. Such right of exclusion shall be applicable

26   only during periods of examination or testimony regarding such Protected Material.

27

28

1        (d)    <u>Information Not Reduced to Any Physical Form</u>. For information
2 not reduced to any documentary, tangible, or physical form, or which cannot be
3 conveniently designated as set forth in Paragraphs 7(a) above, the Producing Party
4 must inform the Receiving Party of the designation of such information in writing.

5        **8.**    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

6        (a)    A Producing Party may designate Discovery Material as
7 "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or
8 commercially sensitive information.

9        (b)    Unless otherwise ordered by the Court, Discovery Material
10 designated as "CONFIDENTIAL" may be disclosed only to the following:

11        (i)    The Receiving Party's Outside Counsel, such counsel's
12 immediate paralegals and staff, and any copying or clerical litigation support services
13 working at the direction of such counsel, paralegals, and staff;

14        (ii) Not more than four (4) representatives of the Receiving Party
15 who are officers or employees of the Receiving Party, who may be, but need not be,
16 in-house counsel for the Receiving Party, as well as their immediate paralegals and
17 staff, to whom disclosure is reasonably necessary for this Litigation, provided that: (a)
18 each such person has agreed to be bound by the provisions of the Protective Order by
19 signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist
20 after proper notice has been given to all Parties as set forth in Paragraph 12 below;
21 however as to Protected Material from third parties, absent a court order or agreement
22 of the third party, Protected Material from third parties may not be disclosed to in-
23 house counsel or employees of a Receiving Party.

24        (iii)    Any outside expert or consultant (and their support staff)
25 retained by the Receiving Party to assist in this action, provided that disclosure is only
26 to the extent necessary to perform such work; and provided that: (a) such expert or
27 consultant has agreed to be bound by the provisions of the Protective Order by signing

28

1   a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or

2   employee of a Party or of a competitor of a Party, nor anticipated at the time of

3   retention to become an officer, director or employee of a Party or of a competitor of a

4   Party; and (c) no unresolved objections to such disclosure exist after proper notice has

5   been given to all Parties as set forth in Paragraph 12 below.

6         (iv)    Court reporters, stenographers and videographers retained to

7   record testimony taken in this action, to whom disclosure is reasonably necessary for

8   this Litigation;

9         (v)    The Court, jury, and Court personnel;

10        (vi)    Graphics, translation, design, and/or trial consulting

11  personnel, provided that each person, including their staff, has agreed to be bound by

12  the provisions of the Protective Order by signing a copy of Exhibit A;

13        (vii)  Mock jurors who have signed an undertaking or agreement

14  agreeing not to publicly disclose Protected Material and to keep any information

15  concerning Protected Material confidential;

16        (viii) Any mediator who is assigned to hear this matter, and his or

17  her staff, subject to their agreement to maintain confidentiality to the same degree as

18  required by this Protective Order; and

19        (ix) Any other person with the prior written consent of the

20  Producing Party.

21      9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

22          **ATTORNEYS' EYES ONLY"**

23      (a)    A Producing Party may designate Discovery Material as

24  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

25  information that is extremely confidential and/or sensitive in nature and the Producing

26  Party reasonably believes that the disclosure of such Discovery Material is likely to

27  cause economic harm or significant competitive disadvantage to the Producing Party.

28

1    The Parties agree that the following information, if non-public, shall be presumed to

2    merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade

3    secrets, pricing information, financial data, sales information, sales or marketing

4    forecasts or plans, business plans, sales or marketing strategy, product development

5    information, engineering documents, testing documents, employee information, and

6    other non-public information of similar competitive and business sensitivity.

7           (b)     Unless otherwise ordered by the Court, Discovery Material

8    designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed

9    only to:

10          (i)     The Receiving Party's Outside Counsel, provided that such

11   Outside Counsel is not involved in competitive decision-making, as defined by *U.S.*

12   *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

13   or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff,

14   and any copying or clerical litigation support services working at the direction of such

15   counsel, paralegals, and staff;

16          (ii)    Not more than three (3) in-house counsel of the Receiving

17   Party, as well as their immediate paralegals and staff to whom disclosure is reasonably

18   necessary for this Litigation, provided that: (a) each such person has agreed to be

19   bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

20   (b) no unresolved objections to such disclosure exist after proper notice has been

21   given to all Parties as set forth in Paragraph 12 below;

22          (iii)   Any outside expert or consultant (and their support staff)

23   retained by the Receiving Party to assist in this action, provided that disclosure is only

24   to the extent necessary to perform such work; and provided that: (a) such expert or

25   consultant has agreed to be bound by the provisions of the Protective Order by signing

26   a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or

27   employee of a Party or of a competitor of a Party, nor anticipated at the time of

28

1    retention to become an officer, director, or employee of a Party or of a competitor of a

2    Party; (c) such expert or consultant is not involved in competitive decision-making, as

3    defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on

4    behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such

5    disclosure exist after proper notice has been given to all Parties as set forth in

6    Paragraph 12 below;

7                  (iv)    Court reporters, stenographers and videographers retained to

8    record testimony taken in this action;

9                  (v)    The Court, jury, and court personnel;

10                 (vi)    Graphics, translation, design, and/or trial consulting

11    personnel, provided that each person, including their staff, has agreed to be bound by

12    the provisions of the Protective Order by signing a copy of Exhibit A;

13                (vii)    Mock jurors who have signed an undertaking or agreement

14    agreeing not to publicly disclose Protected Material and to keep any information

15    concerning Protected Material confidential;

16               (viii)   Any mediator who is assigned to hear this matter, and his or

17    her staff, subject to their agreement to maintain confidentiality to the same degree as

18    required by this Protective Order; and

19                (ix)    Any other person with the prior written consent of the

20    Producing Party.

21       10.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

22             **OUTSIDE ATTORNEYS' EYES ONLY - RESTRICTED"**

23       (a)    A Producing Party may designate Discovery Material as

24    "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - RESTRICTED" if it

25    comprises or includes:

26                 (i)    Source Code;

27

28

1    (ii)    Confidential financial planning, business planning,

2    development, and strategy documents that the Producing Party believes in good faith

3    are not generally known to others, and have significant competitive value such that

4    unrestricted disclosure to others would create a substantial risk of serious injury, and

5    that the Producing Party would not normally reveal to third parties except in

6    confidence, or has undertaken with others to maintain in confidence. This designation,

7    however, shall not be used for a Producing Party's sales records regarding its

8    products, license agreements, or related communications with parties to the

9    agreements.

10    (b)    Nothing in this Order shall be construed as a representation or

11    admission that any particular material or information is properly discoverable in this

12    action, or to obligate any Party to produce any particular material or information.

13    (c)    Unless otherwise ordered by the Court, Discovery Material

14    designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY -

15    RESTRICTED" shall be subject to the provisions set forth in Paragraph 11 below, and

16    may be disclosed, subject to Paragraph 11 below, solely to:

17    (i)    The Receiving Party's Outside Counsel, provided that such

18    Outside Counsel is not involved in competitive decision-making, as defined by *U.S.*

19    *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

20    or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff,

21    and any copying or clerical litigation support services working at the direction of such

22    counsel, paralegals, and staff;

23    (ii)    For the Source Code of any one Producing Party, up to three

24    (3) outside experts or consultants, and their necessary support personnel retained by

25    the Receiving Party to assist in this action, provided that disclosure is only to the

26    extent necessary to perform such work; and provided that: (a) each such person has

27    agreed to be bound by the provisions of the Protective Order by signing a copy of

28

1   Exhibit A; (b) such expert or consultant is not a current officer, director, or employee

2   of a Party or of a competitor of a Party, nor anticipated at the time of retention to

3   become an officer, director or employee of a Party or of a competitor of a Party; (c)

4   such expert or consultant is not involved in competitive decisionmaking, as defined by

5   *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a

6   Party or a competitor of a Party; and (d) no unresolved objections to such disclosure

7   exist after proper notice has been given to all Parties as set forth in Paragraph 12

8   below. To the extent the Receiving Party seeks to have additional experts or

9   consultants obtain access to a particular Producing Party's Source Code, the Parties

10   shall meet and confer in good faith.

11          (iii)   For Protected Materials designated as "CONFIDENTIAL –

12   OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED" other than the Source

13   Code of a Producing Party, any expert or consultant, and their necessary support

14   personnel, retained by the Receiving Party to assist in this action, provided that

15   disclosure is only to the extent necessary to perform such work; and provided that: (i)

16   said expert or consultant has signed the acknowledgement form annexed hereto as

17   Exhibit A agreeing to be bound by the terms of this Order; and (ii) no unresolved

18   objections to such disclosure exist after proper notice has been given to all parties to

19   which such notice is required to be given, as set forth in Paragraph 12 below;

20          (iv)   Court reporters, stenographers and videographers retained to

21   record testimony taken in this action;

22          (v)   The Court, jury, and court personnel;

23          (vi)   Mock jurors who have signed an undertaking or agreement

24   agreeing not to publicly disclose Protected Material and to keep any information

25   concerning Protected Material confidential;

26

27

28

(vii)   Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(viii)  Graphics, translation, design, and/or trial consulting personnel, provided that each person, including their staff, has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

(ix)    Any other person with the prior written consent of the Producing Party.

11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

(a)    Any Source Code that is produced shall be made available for inspection in electronic format at a secure site in the United States and at the Producing Party's discretion, either (i) an office of the Producing Party's Outside Counsel, (ii) an office of the Producing Party, or (iii) any other location mutually agreed by the Parties. If the production of Source Code is at an escrow facility, all reasonable costs associated therewith will be shared equally between the Receiving Party and the Producing Party other than costs associated with software for reviewing the Source Code, which shall be paid for by the party requesting such software. Source Code will be made available for inspection between the hours of 9 a.m. and 7 p.m. on business days (i.e., weekdays that are not Federal holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times. Upon written request by the Receiving Party, beginning one week prior to the beginning of trial and continuing through the end of trial, access to the Source Code must be provided under the same conditions and with the same limitations and restrictions as provided in this Paragraph in San Diego, California.

(b)    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide five (5) business days' notice of the Source Code that it

1   wishes to inspect. The Receiving Party shall provide two (2) business days' notice

2   prior to any additional inspections.

3         (c)    Source Code that is designated "CONFIDENTIAL – OUTSIDE

4   ATTORNEYS' EYES ONLY - RESTRICTED" shall be produced for inspection and

5   review subject to the following provisions, unless otherwise agreed by the Producing

6   Party:

7         (i)    All Source Code shall be made available by the Producing

8   Party to the Receiving Party's Outside Counsel and/or experts in a secure room on,

9   upon request, up to three secured computers without Internet access or network access

10  to other computers, as necessary and appropriate to prevent and protect against any

11  unauthorized copying, transmission, removal or other transfer of any Source Code

12  outside or away from the computers on which the Source Code is provided for

13  inspection (the "Source Code Computer" in the "Source Code Review Room"). The

14  Producing Party shall install onto each Source Code Computer tools that are sufficient

15  for viewing and searching the code produced, on the platform produced, if such tools

16  exist and are presently used in the ordinary course of the Producing Party's business.

17  The Producing Party shall, upon request, inform the Receiving Party of the name(s)

18  and, if applicable, version number(s) of the review tools that have been installed. The

19  Receiving Party's Outside Counsel and/or experts may request that commercially

20  available software tools for viewing and searching Source Code be installed on the

21  secured computer, provided, however, that (a) the Receiving Party possesses an

22  appropriate license to such software tools; (b) the Producing Party approves such

23  software tools, which approval will not unreasonably be withheld; and (c) such other

24  software tools are reasonably necessary for the Receiving Party to perform its review

25  of the Source Code consistent with all of the protections herein. The Receiving Party

26  must provide the Producing Party with the CD or DVD containing such licensed

27  software tool(s) at least five (5) business days in advance of the date upon which the

28

1    Receiving Party wishes to have the additional software tools available for use on the

2    Source Code Computer. The Receiving Party may create a back-up copy of the source

3    code on the stand-alone computer(s). The searching or analytical tools may annotate,

4    number the lines of, and label the pages of, the back-up copy of the code. Any back-

5    up copies will remain on the stand-alone computer(s) and be subject to all of the

6    provisions of this Protective Order.

7                    (ii)    All Source Code produced shall be organized in one or more

8    separate directories corresponding to accused product(s) and/or accused model

9    numbers or in the same directory structure as the Source Code is kept and/or compiled

10   in the ordinary course of business. Further, to the extent files for one particular version

11   of Source Code are grouped together in a single folder in the ordinary course of the

12   Producing Party's business, the Producing Party shall produce the Source Code in that

13   manner. If, for any reasons, Source Code files are not produced for review, but, in the

14   Receiving Party's sole determination, such missing Source Code is deemed to be

15   necessary to understand the operation of the accused products, the parties agree to

16   promptly meet and confer over the production of any and all missing Source Code

17   files requested by the Receiving Party in a timely manner in the format described

18   above. The Producing Party may have up to one representative in the room with the

19   Source Code computer during the review, but may not monitor the substance of the

20   review and inspection in any manner whatsoever. The Producing Party shall not

21   undertake any effort to determine which pages or portions of Source Code have been

22   reviewed. The Producing Party shall not videotape the actual review of the source

23   code by the Receiving Party.

24                   (iii)   No recordable media or recordable devices, including

25   without limitation sound recorders, computers, cellular telephones, peripheral

26   equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the

27   Source Code Review Room, except that devices without Internet access or network

28

1  access to other computers shall be permitted solely for the purpose of taking electronic

2  notes, as provided for in Paragraph 11(c)(iv).

3          (iv)    The Receiving Party's Outside Counsel and/or experts shall

4  be entitled to take electronic or hand-written notes relating to the Source Code but

5  may not copy the Source Code into the notes and may not take such notes

6  electronically on the Source Code Computer itself. Any such notes shall be subject to

7  the provisions governing printed copies of Source Code in Paragraph 11(c)(vi), below.

8  However, nothing in this Protective Order shall be construed to require said Counsel

9  and/or experts to provide copies of their notes to the Producing Party.

10          (v)    No copies of all or any portion of the Source Code may

11  leave the Source Code Review Room except as otherwise provided herein. Further, no

12  other written or electronic record of the Source Code is permitted except as otherwise

13  provided herein. The Source Code Computer(s) may be equipped to store print

14  requests in a print folder. Alternatively, the Producing Party may make available a

15  printer of commercially reasonable printing speed and a reasonable amount of paper

16  for use with the printer, and the paper shall be prelabeled with Bates numbers labeled

17  with "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY -

18  RESTRICTED" for on-site printing during inspection of the Source Code. The

19  Receiving Party may print limited portions of the Source Code only when necessary to

20  prepare court filings or pleadings or other papers (including a testifying expert's

21  expert report). The entire code or an unnecessarily large portion of the code shall not

22  be printed. Additionally, the Receiving Party may not print any continuous block of

23  Source Code that results in more than 30 consecutive printed pages. No more than

24  10% or 500 pages of the total Source Code, whichever is greater, may be in printed

25  form at any one time. The Receiving Party must receive permission from the

26  Producing Party to print additional pages. Permission by the Producing Party cannot

27  be unreasonably withheld. If the Producing Party objects that the printed portions are

28

1  excessive and/or not reasonably necessary to any case preparation activity, the

2  Producing Party shall make such objection known to the Receiving Party within two

3  (2) business days. If after meeting and conferring, the Producing Party and the

4  Receiving Party cannot resolve the objection, the Producing Party shall be entitled to

5  seek a Court resolution within four (4) business days of the conclusion of the meet and

6  confer process as to whether the printed Source Code in question is excessive and/or

7  not reasonably necessary to any case preparation activity. The Receiving Party shall

8  not print Source Code in order to review blocks of Source Code elsewhere in the first

9  instance, i.e., as an alternative to reviewing that Source Code electronically on the

10  Source Code Computer, as the Parties acknowledge and agree that the purpose of the

11  protections herein would be frustrated by printing portions of code for review and

12  analysis elsewhere, and that printing is permitted only when necessary to prepare

13  court filings or pleadings or other papers (including a testifying expert's expert

14  report). At the conclusion of each review session conducted by the Receiving Party,

15  the pages printed by the Receiving Party (or stored as print requests) shall be collected

16  by the Producing Party. Within three (3) business days, the Producing Party shall

17  provide one copy set of such pages to the Receiving Party via overnight mail. Such

18  copy set shall constitute part of the Source Code produced by the Producing Party in

19  this action and shall be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS'

20  EYES ONLY – RESTRICTED." If the Producing Party is not a party to this action,

21  the Receiving Party, subject to the Producing Party's approval, shall provide one copy

22  set of such pages to the other Parties that have not received such pages within two (2)

23  business days of receipt of such pages via overnight mail.

24          (vi)    Paper copies of Source Code designated as

25  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED"

26  shall include Bates number and confidentiality labels when printed. The Receiving

27  Party or Outside Counsel of the Receiving Party shall keep the copies in a secured

28

1   locked area in the office of the Outside Counsel of record when not in use. The
2   Receiving Party and Outside Counsel may also temporarily keep the copies at: (i) the
3   sites where any depositions relating to the Source Code are taken for the dates
4   associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate
5   location reasonably necessary to transport the information (e.g., a hotel prior to a
6   deposition). Produced source code shall not be converted to electronic form by the
7   Receiving Party, except as may be necessary for use in Court filings and proceedings,
8   and expert reports.

9                  (vii)   All persons who will review a Producing Party's Source
10  Code on a Source Code Computer on behalf of a Receiving Party, including members
11  of a Receiving Party's outside law firm, shall be identified in writing to the Producing
12  Party at least five (5) days in advance of the first time that such person reviews such
13  Source Code. Such identification shall be in addition to any other disclosure required
14  under this Order. All persons viewing Source Code shall sign on each day they view
15  Source Code a log that will include the names of persons who enter the locked room
16  to view the Source Code and when they enter and depart. The Producing Party shall be
17  entitled to a copy of the log upon three (3) days' advance notice to the Receiving
18  Party.

19                 (viii)  Unless otherwise agreed in advance by the Parties in
20  writing, following each day on which inspection is done under this Protective Order,
21  the Receiving Party's Outside Counsel and/or experts shall remove all notes,
22  documents, and all other materials from the Source Code Review Room. The
23  Producing Party shall not be responsible for any items left in the room following each
24  inspection session, and the Receiving Party shall have no expectation of
25  confidentiality for any items left in the room following each inspection session
26  without a prior agreement to that effect.

27

28

1                (ix)    Other than as provided above, the Receiving Party will not

2  copy, remove, or otherwise transfer any Source Code from the Source Code Computer

3  including, without limitation, copying, removing, or transferring the Source Code onto

4  any recordable media or recordable device. The Receiving Party will not transmit any

5  Source Code in any way from the Producing Party's facilities or the offices of its

6  Outside Counsel of record.

7                (x)    The Receiving Party's Outside Counsel of record may make

8  no more than three (3) additional paper copies of any portions of the Source Code

9  received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies

10  attached to court filings or used at depositions, and shall maintain a log of all paper

11  copies of the Source Code. The Receiving Party's Outside Counsel of record and any

12  person receiving a copy of any Source Code shall maintain and store any paper copies

13  of the Source Code at their offices in a manner that prevents duplication of or

14  unauthorized access to the Source Code, including, without limitation, storing the

15  Source Code in a locked room or cabinet at all times when it is not in use.

16                (xi)    For depositions, copies of Source Code that are marked as

17  deposition exhibits shall not be provided to the Court Reporter or attached to

18  deposition transcripts; rather, the deposition record will identify the exhibit by its

19  production numbers. All paper copies of Source Code brought to the deposition shall

20  remain with the Producing Party's Outside Counsel for secure destruction in a timely

21  manner following the deposition.

22                (xii)   Except as provided in this sub-paragraph, absent express

23  written permission from the Producing Party, the Receiving Party may not create

24  electronic images, or any other images, or make electronic copies, of the Source Code

25  from any paper copy of Source Code for use in any manner (including by way of

26  example only, the Receiving Party may not scan the Source Code to a PDF or

27  photograph the code). Images of copies of Source Code shall not be included in

28

1   correspondence between Parties (references to production numbers shall be used
2   instead). Produced source code shall not be converted to electronic form by the
3   Receiving Party, except as may be necessary for use in Court filings and proceedings,
4   and expert reports. All Source Code used as part of a filing shall be filed under seal in
5   accordance with Paragraph 6(e) of this Protective Order. If a Producing Party agrees
6   to produce an electronic copy of all or any portion of its Source Code or provide
7   written permission to the Receiving Party that an electronic or any other copy needs to
8   be made for a Court filing, access to the Receiving Party's submission,
9   communication, and/or disclosure of electronic files or other materials containing any
10  portion of Source Code (paper or electronic) shall at all times be limited solely to
11  individuals who are expressly authorized to view Source Code under the provisions of
12  this Order. Where the Producing Party has provided the express written permission
13  required under this provision for a Receiving Party to create electronic copies of
14  Source Code, the Receiving Party shall maintain a log of all such electronic copies of
15  any portion of Source Code in its possession or in the possession of its retained
16  consultants, including the names of the reviewers and/or recipients of any such
17  electronic copies, and the locations and manner in which the electronic copies are
18  stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL -
19  ATTORNEYS' EYES ONLY - RESTRICTED" as provided for in this Order.

20      12.  **NOTICE OF DISCLOSURE**

21          (a)     Prior to disclosing any Protected Material to any person described
22  in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(ii), 10(c)(ii), or 10(c)(iii) (referenced
23  below as "Person"), the Party seeking to disclose such information shall provide the
24  Producing Party with written notice that includes: (i) the name of the Person; (ii) the
25  present employer and title of the Person. For any person described in Paragraphs,
26  8(b)(iii), 9(b)(ii), 9(b)(ii), 10(c)(ii), or 10(c)(iii) the party seeking to disclose such
27  information shall also provide the Producing Party or Parties with an up-to-date

28

1   curriculum vitae of the Person, a list of the cases in which the Person has testified at

2   deposition trial within the last three (3) years, and a list of the Person's consulting

3   engagements for the last three (3) years. The Party seeking to disclose Protected

4   Material shall provide such other information regarding the Person's professional

5   activities reasonably requested by the Producing Party for it to evaluate whether good

6   cause exists to object to the disclosure of Protected Material to the outside expert or

7   consultant.

8            (b) Within seven (7) days of receipt of the disclosure of the Person, the

9   Producing Party or Parties may object in writing to the Person for good cause. In the

10  absence of an objection at the end of the seven (7) day period, the Person shall be

11  deemed approved under this Protective Order. Any such objection must set forth in

12  detail the grounds on which it is based. The objecting Party's consent to a Person shall

13  not be unreasonably withheld. In the absence of an objection at the end of the seven

14  (7) calendar day period, the person shall be deemed approved under this Order. There

15  shall be no disclosure of Protected Material to the Person prior to expiration of this

16  seven (7) day period. If the Producing Party objects to disclosure to the Person within

17  such seven (7) day period, the Parties shall meet and confer via telephone or in person

18  within three (3) business days following the objection and attempt in good faith to

19  resolve the dispute on an informal basis. If the dispute is not resolved, the Party

20  objecting to the disclosure will have five (5) days from the date of the meet and confer

21  to seek relief from the Court. If relief is not sought from the Court within that time,

22  the objection shall be deemed withdrawn. If relief is sought, designated materials shall

23  not be disclosed to the Person in question until the Court resolves the objection.

24           (c)   For purposes of this section, "good cause" shall include an

25  objectively reasonable concern that the Person will, advertently or inadvertently, use

26  or disclose Discovery Materials in a way or ways that are inconsistent with the

27  provisions contained in this Order.

28

1    (d)    Prior to receiving any Protected Material under this Order, the

2 Person must execute a copy of the "Agreement to Be Bound by Protective Order"

3 (Exhibit A hereto) and serve it on all Parties.

4    (e) An initial failure to object to a Person under Paragraph 12 shall not

5 preclude the non-objecting Party from later objecting to continued access by that

6 Person for good cause and based on information that could not be reasonably known

7 by the objecting Party within the time period outlined in section 12(b) above. If an

8 objection is made, the Parties shall meet and confer via telephone or in person within

9 two (2) days following the objection and attempt in good faith to resolve the dispute

10 informally. If the dispute is not resolved, the Party objecting to the disclosure will

11 have three (3) days from the date of the meet and confer to seek relief from the Court.

12 The designated Person may continue to have access to information that was provided

13 to such Person pending the Court's resolution of the matter.

14    13.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

15    (a)    A Party shall not be obligated to challenge the propriety of any

16 designation of Discovery Material under this Order at the time the designation is

17 made, and a failure to do so shall not preclude a subsequent challenge thereto.

18    (b)    Any challenge to a designation of Discovery Material under this

19 Order shall be written, shall be served on Outside Counsel for the Producing Party,

20 shall particularly identify the documents or information that the Receiving Party

21 contends should be differently designated, and shall state the grounds for the

22 objection. Thereafter, further protection of such material shall be resolved in

23 accordance with the following procedures:

24    (i)    The objecting Party shall have the burden of conferring

25 either in person, in writing, or by telephone with the Producing Party claiming

26 protection (as well as any other interested party) in a good faith effort to resolve the

27

28

1    dispute. The Producing Party shall have the burden of justifying the disputed

2    designation;

3              (ii)    Failing agreement, the Receiving Party may bring a motion

4    to the Court for a ruling that the Discovery Material in question is not entitled to the

5    status and protection of the Producing Party's designation. The Parties' entry into this

6    Order shall not preclude or prejudice either Party from arguing for or against any

7    designation, establish any presumption that a particular designation is valid, or alter

8    the burden of proof that would otherwise apply in a dispute over discovery or

9    disclosure of information;

10             (iii)    Notwithstanding any challenge to a designation, the

11    Discovery Material in question shall continue to be treated as designated under this

12    Order until one of the following occurs: (a) the Party who designated the Discovery

13    Material in question withdraws such designation in writing; or (b) the Court rules that

14    the Discovery Material in question is not entitled to the designation.

15        14.    **PROTECTED MATERIAL IN OTHER LITIGATION**

16        (a)    If at any time Protected Material is subpoenaed by any court,

17    arbitral, administrative, or legislative body, the Party to whom the subpoena or other

18    request is directed shall immediately give prompt written notice thereof to every Party

19    who has produced such Discovery Material and to its counsel and shall provide each

20    such Party with an opportunity to move for a protective order regarding the production

21    of Protected Materials implicated by the subpoena.

22        (b)    Any Party may use in this Litigation the following materials

23    produced subject to protective order in *Wi-LAN USA, Inc. v. Apple Inc.*, No. 3:13-cv-

24    00798-DMS-BLM, D.I. 74-1, D.I. 75 (S.D. Cal.), or otherwise produced subject to

25    confidentiality provisions under the Patent Local Rules: source code, specifications,

26    schematics, flow charts, artwork, formulas, or other documentation sufficient to show

27    the operation of any aspects or elements of any accused instrumentality identified by

28

1   the patent claimant in its Patent L.R. 3.1.c chart (including source code produced as

2   APLWLNLTESC_000001-APLWLNLTESC_002481) in this Litigation, subject to

3   the entry of a supplemental protective order in this Litigation governing restrictions on

4   third-party material where applicable.  Such materials will be afforded confidentiality

5   protection comparable to and no less restrictive than those under which the documents

6   were produced in *Wi-LAN USA, Inc. v. Apple Inc.*, No. 3:13-cv-00798-DMS-BLM

7   (S.D. Cal.).

8        15.   **FILING PROTECTED MATERIAL**

9             (a)   Absent written permission from the Producing Party or a court

10  Order secured after appropriate notice to all interested persons, a Receiving Party may

11  not file or disclose in the public record any Protected Material.

12            (b)   If the Court authorizes a Party to file documents under seal under

13  Local Patent Rule 2.2, then that Party may file any brief, document or materials that

14  are designated as Protected Material under this Order. However, nothing in this

15  section shall in any way limit or detract from this Order's requirements as to Source

16  Code.

17       16.   **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

18            (a)   The inadvertent production by a Party of Discovery Material

19  subject to the attorney-client privilege, work-product protection, or any other

20  applicable privilege or protection, despite the Producing Party's reasonable efforts to

21  prescreen such Discovery Material prior to production, will not waive the applicable

22  privilege and/or protection if a request for return of such inadvertently produced

23  Discovery Material is made promptly after the Producing Party learns of its

24  inadvertent production.

25            (b)   Upon a request from any Producing Party who has inadvertently

26  produced Discovery Material that it believes is privileged and/or protected and/or

27  otherwise not subject to discovery in this matter, each Receiving Party shall

28

1    immediately return such Protected Material or Discovery Material and all copies to the

2    Producing Party, except for any pages containing privileged markings by the

3    Receiving Party which shall instead be destroyed and certified as such by the

4    Receiving Party to the Producing Party.

5           (c)    Nothing herein shall prevent the Receiving Party from preparing a

6    record for its own use containing the date, author, addresses, and topic of the

7    inadvertently produced Discovery Material and such other information as is

8    reasonably necessary to identify the Discovery Material and describe its nature to the

9    Court in any motion to compel production of the Discovery Material.

10          (d)    Nothing herein is intended to alter any attorney's obligation to

11   abide by any applicable rules of professional responsibility relating to the inadvertent

12   disclosure of privileged information.

13        17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

14          (a)    The inadvertent failure by a Producing Party to designate

15   Discovery Material as Protected Material with one of the designations provided for

16   under this Order shall not waive any such designation provided that the Producing

17   Party notifies all Receiving Parties that such Discovery Material is protected under

18   one of the categories of this Order within fourteen (14) days of the Producing Party

19   learning of the inadvertent failure to designate. The Producing Party shall reproduce

20   the Protected Material with the correct confidentiality designation within seven (7)

21   days upon its notification to the Receiving Parties. Upon receiving the Protected

22   Material with the correct confidentiality designation, the Receiving Parties shall return

23   or securely destroy, at the Producing Party's option, all Discovery Material that was

24   not designated properly.

25          (b)    A Receiving Party shall not be in breach of this Order for any use

26   of such Discovery Material before the Receiving Party receives the Protected Material

27   with the correct confidentiality designation, unless an objectively reasonable person

28

1   would have realized that the Discovery Material should have been appropriately

2   designated with a confidentiality designation under this Order. Once a Receiving Party

3   has received notification of the correct confidentiality designation for the Protected

4   Material with the correct confidentiality designation, the Receiving Party shall treat

5   such Discovery Material (subject to the exception in Paragraph 17(c) below) at the

6   appropriately designated level pursuant to the terms of this Order.

7            (c)     Notwithstanding the above, a subsequent designation of

8   "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

9   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED"

10  shall apply on a going forward basis and shall not disqualify anyone who reviewed

11  "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

12  "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED"

13  materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS'

14  EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

15  RESTRICTED" from engaging in the activities set forth in Paragraph 6.

16       18.   **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

17            (a)     In the event of a disclosure of any Discovery Material pursuant to

18  this Order to any person or persons not authorized to receive such disclosure under

19  this Protective Order, the Party responsible for having made such disclosure, and each

20  Party with knowledge thereof, shall immediately notify counsel for the Producing

21  Party whose Discovery Material has been disclosed and provide to such counsel all

22  known relevant information concerning the nature and circumstances of the

23  disclosure. The responsible disclosing Party shall also promptly take all reasonable

24  measures to retrieve the improperly disclosed Discovery Material and to ensure that

25  no further or greater unauthorized disclosure and/or use thereof is made.

26

27

28

     (b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.    **FINAL DISPOSITION**

     (a)    Not later than ninety (90) days after the Final Disposition of this Litigation, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

     (b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code. Attorney work product may be used in subsequent litigation provided that such use does not contain Protected Materials or any protectable information contained therein. Any documents or things retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

20.    **PRIVILEGE AND WORK PRODUCT**

     (a)    The parties agree that the following privileged or protected communications occurring on or after June 19, 2014, need not be recorded on the party's privilege log or produced in this case except as required under Patent Local Rule 3.7: communications solely between a Party and its outside or in-house counsel regarding litigation or potential litigation. The above provision is without prejudice to

1   any Party's ability to make a particularized request for a limited log relating to

2   specific documents, upon an appropriate showing of potential discoverability of the

3   documents over privilege or protection objections.

4              (b)      In addition to the limitations on discovery found in Rule 26 of the

5   Federal Rules of Civil Procedure, testifying experts' draft reports, notes, and outlines

6   of draft reports shall not be subject to discovery in this case, nor shall any such drafts,

7   notes or outlines of draft reports that the testifying expert prepared in other cases be

8   subject to discovery in this case.  No conversations or communications between

9   Counsel of Record, any testifying expert, or any consulting expert will be subject to

10  discovery in this case.  Materials, communications (including email) and other

11  information exempt from discovery under this paragraph shall be treated as attorney-

12  work product for the purposes of this litigation.

13       21.   **MISCELLANEOUS**

14             (a)     Right to Further Relief. Nothing in this Order abridges the right of

15  any person to seek its modification by the Court in the future. By stipulating to this

16  Order, the Parties do not waive the right to argue that certain material may require

17  additional or different confidentiality protections than those set forth herein.

18             (b)     Termination of Matter and Retention of Jurisdiction. The Parties

19  agree that the terms of this Protective Order shall survive and remain in effect after the

20  Final Determination of the above-captioned matter. The Court shall retain jurisdiction

21  for one year after Final Determination of this matter to hear and resolve any disputes

22  arising out of this Protective Order.

23             (c)     Successors. This Order shall be binding upon the Parties hereto,

24  their attorneys, and their successors, executors, personal representatives,

25  administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees,

26  agents, retained consultants and experts, and any persons or organizations over which

27  they have direct control.

28

1    (d)    Right to Assert Other Objections. By stipulating to the entry of this
2  Protective Order, no Party waives any right it otherwise would have to object to
3  disclosing or producing any information or item. Similarly, no Party waives any right
4  to object on any ground to use in evidence of any of the material covered by this
5  Protective Order. This Order shall not constitute a waiver of the right of any Party to
6  claim in this action or otherwise that any Discovery Material, or any portion thereof, is
7  privileged or otherwise non-discoverable, or is not admissible in evidence in this
8  action or any other proceeding.

9    (e)    Burdens of Proof. Notwithstanding anything to the contrary above,
10  nothing in this Protective Order shall be construed to change the burdens of proof or
11  legal standards applicable in disputes regarding whether particular Discovery Material
12  is confidential, which level of confidentiality is appropriate, whether disclosure should
13  be restricted, and if so, what restrictions should apply.

14    (f)    Modification by Court. This Order is subject to further court order
15  based upon public policy or other considerations, and the Court may modify this
16  Order *sua sponte* in the interests of justice. The United States District Court for the
17  Southern District of California is responsible for the interpretation and enforcement of
18  this Order with regard to discovery produced in this Litigation. All disputes
19  concerning Protected Material, however designated, produced under the protection of
20  this Order, involved in this Litigation, and while this Court has jurisdiction, shall be
21  resolved by the United States District Court for the Southern District of California.

22    (g)    Discovery Rules Remain Unchanged. Nothing herein shall alter or
23  change in any way the discovery provisions of the Federal Rules of Civil Procedure,
24  the Local Rules for the United States District Court for Southern District of
25  California, or the Court's own orders. Identification of any individual pursuant to this
26  Protective Order does not make that individual available for deposition or any other
27  form of discovery outside of the restrictions and procedures of the Federal Rules of

28

1  Civil Procedure, the Local Rules for the United States District Court for Southern

2  District of California, or the Court's own orders.

3      **IT IS SO ORDERED.**

4

5  DATED:  December 23, 2014

6

7

8  BARBARA L. MAJOR
   United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") entered in the following case: *Apple Inc. v. Wi-LAN Inc.*, Case No. 3:14-cv-02235-DMS (BLM) (S.D. Cal.)

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| APPLE INC.,<br><br>           Plaintiff,<br>vs.<br><br>WI-LAN INC.,<br><br>           Defendant. | No. 14cv2235-DMS (BLM)<br><br>**SUPPLEMENTAL PROTECTIVE ORDER REGARDING QUALCOMM INCORPORATED** |

WHEREAS, on December 17, 2014, the parties submitted a Protective Order to govern discovery in the above-referenced action ("Protective Order");

WHEREAS, QUALCOMM INCORPORATED ("QUALCOMM"), a non-party to this action which supplies certain integrated circuits found in some of the accused products made or sold by Apple Inc. ("Apple") in this action, may be subpoenaed to produce QUALCOMM Confidential Information in this action;

WHEREAS, in response to Wi-LAN Inc.'s ("Wi-LAN) discovery requests Apple may also produce confidential source code and other documents that incorporate or include QUALCOMM Confidential Information; and

WHEREAS Plaintiff, Defendant and Non-Party QUALCOMM have agreed to additional provisions to protect against misuse or disclosure of such QUALCOMM Confidential Information.

WHEREFORE, IT IS HEREBY ORDERED that source code, schematics or documents that incorporate QUALCOMM Confidential Information produced in connection with the above-captioned matter that are designated as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" and "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to the following restrictions:

**A.      Definitions**

1.      "QUALCOMM MATERIAL":  Confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate Non-Party QUALCOMM Confidential Information, that Non-Party QUALCOMM (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.  QUALCOMM MATERIAL includes all information, documents, source code, schematics, testimony, and things produced, served, or otherwise provided in this action by any Party or by Non-Party QUALCOMM, that include or incorporate QUALCOMM Confidential Information.

2.      "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" material: information, documents and things that include or incorporate QUALCOMM MATERIAL.

3.      "Source Code": includes human-readable programming language text that defines software, firmware, (collectively, "software Source Code") and integrated circuits ("hardware Source Code").  Text files containing Source Code shall hereinafter be referred to as "Source Code files."  Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming languages, and other human readable text programming languages.  Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the

2

generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

4.     "Chip-Level Schematics": means symbolic representations of analog electric or electronic circuits from which the physical structure of a chip is directly derived.

5.     "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material: QUALCOMM MATERIAL that includes Source Code and Chip-Level Schematics that constitute proprietary technical or commercially sensitive competitive information that Non-Party QUALCOMM maintains as highly confidential in its business, the disclosure of which is likely to cause harm to the competitive position of Non-Party QUALCOMM. This includes Source Code and Chip-Level Schematics in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.

6.     "Designated QUALCOMM Material":  material that is designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

7.     "Designated Source Code Material":  material that is designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" under this Supplemental Protective Order.

8.     "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action. For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

3

9.      "Party" shall have the same meaning ascribed to it in the Protective Order.

10.     "Producing Party" and "Receiving Party" shall have the same meanings as ascribed to those terms in the Protective Order, except that both definitions as used herein shall also extend to "Designated QUALCOMM Material" as defined herein.

11.     "Authorized Reviewer(s)" shall mean persons authorized to review "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" and "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material in accordance with this Supplemental Protective Order and the Protective Order.

12.     "Counsel of Record":  (i) Outside Counsel who appears on the pleadings, or have entered an appearance in this action, as counsel for a Party, and (ii) partners, principals, counsel, associates, employees and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters.

13.     "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and who is not a current employee of a Party, of a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or of 4) Non-Party QUALCOMM.

14.     "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors who have been retained or directed

4

by Counsel of Record in this action, and who are not current employees of a Party, a competitor of a Party, or of Non-Party QUALCOMM, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party QUALCOMM, or 4) Non-Party QUALCOMM. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

**B.    Relationship to Protective Order**

15.    This Supplemental Protective Order shall not diminish any existing restriction with respect to Designated QUALCOMM Material. Plaintiff, Defendant and QUALCOMM acknowledge and agree that this Supplemental Protective Order is a supplement to the Protective Order submitted in this action on December 17, 2014 in the United States District Court, Southern District of California (Case No. 3:14-cv-02235-DMS). The Protective Order applies to all material designated pursuant to this Supplemental Protective Order. To the extent that there is any confusion or conflict between protective orders with respect to Designated QUALCOMM Material, then this Supplemental Protective Order governs.

16.    In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to obligations with respect to "CONFIDENTIAL SOURCE CODE – OUTSIDE COUNSEL EYES ONLY" materials outlined in the Protective Order.

17.    In addition to the restrictions outlined in this Supplemental Protective Order, material designated as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" shall be subject to obligations with respect to "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - RESTRICTED" material outlined in the Protective Order.

## C.  Scope

18.       The protections conferred by this Supplemental Protective Order cover not only Designated QUALCOMM Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders. Identification of any individual pursuant to this Supplemental Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or General Orders.

19.       This Supplemental Protective Order shall not prevent a disclosure to which Non-Party QUALCOMM consents in writing before that disclosure takes place.

20.       This Supplemental Protective Order shall apply to all Designated QUALCOMM Material that is produced or provided for inspection in this action, including all Designated QUALCOMM Material that is in the possession, custody or control of QUALCOMM or any Party in this action, or that is otherwise relevant to this action.

## D.  Access To Designated QUALCOMM Material

21.       Access to "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document or thing designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" only to:

      a.     Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a Producing Party or Qualcomm regarding the same;

      b.     Counsel of Record;

c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B;

e.     Court reporters and videographers employed in connection with this action; and

f.     Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated QUALCOMM Material shall not be

Exhibit F, Page 93

disclosed to mock jurors without Non-Party QUALCOMM's express written consent;

g.  The Court and its personnel.

22.  Access to "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party QUALCOMM, a Receiving Party may disclose any information, document, or thing designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" only to:

a.  Persons who appear on the face of Designated QUALCOMM Material as an author, addressee or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a Producing Party or Qualcomm regarding the same;

b.  Counsel of Record;

c.  Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B;

d.  Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Supplemental Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, and

8

the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, as well as any arbitrator's or mediator's staff who have also signed Exhibits A and B, provided, however, that before such disclosure, QUALCOMM is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV. QUALCOMM shall have five (5) business days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted, then "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" materials may be disclosed pursuant to the terms of this Supplemental Protective Order;

e.   Court reporters and videographers employed in connection with this action, subject to the provisions provided in subparagraph 32(h) herein;

f.   Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A, subject to the following exception: Designated QUALCOMM Material shall not be disclosed to mock jurors without Non-Party QUALCOMM's express written consent; and

g.   The Court and its personnel.

9

23.      Absent a court order or agreement of Non-Party QUALCOMM, Designated QUALCOMM Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

24.      The Parties acknowledge that Designated QUALCOMM Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC").  Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated QUALCOMM Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation. The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740), currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

25.      Receiving Party may host "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party.  "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated in subparagraph 21(c) above.  To the extent that any "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by encrypted

10

electronic means.  To the extent that any "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, the transmission shall be by hand (and encrypted if in electronic format) or by a secure transport carrier (e.g., Federal Express).  "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" may not be transmitted by electronic means (except as required for electronic court filings under seal pursuant to subparagraph 32(d)).

26.    Each person to whom Designated QUALCOMM Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant Re Supplemental Protective Order Governing Confidential Information of Non-Party Qualcomm In This Case," attached hereto as Exhibit B, shall do so, prior to the time such Designated QUALCOMM Material is disclosed to him or her.  Counsel for the Receiving Party who makes any disclosure of Designated QUALCOMM Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party QUALCOMM at the termination of this action.

27.    Absent written permission from Non-Party QUALCOMM, persons not permitted access to Designated QUALCOMM Material under the terms of this Supplemental Protective Order shall not be present at depositions while Designated QUALCOMM Material is discussed or otherwise disclosed.  Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated QUALCOMM Material from disclosure to persons not authorized to have access to such Designated QUALCOMM Material. Any Party intending to disclose or discuss Designated QUALCOMM Material at pretrial or trial proceedings must give

advance notice to the Producing Party to assure the implementation of the terms of this Supplemental Protective Order.

**E.  Access By Outside Consultants**

28.  **Notice.** If a Receiving Party wishes to disclose Designated QUALCOMM Material produced by another Party to any Outside Consultant, Receiving Party must, prior to the Outside Consultant being granted access to any Designated QUALCOMM Material, provide notice to counsel for Non-Party QUALCOMM, which notice shall include:  (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with Non-Party QUALCOMM or any of the Parties to this action; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last six years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years, the dates of the consultancy or employment,  a brief description of the subject matter of the consultancy or employment, and copies of the "Acknowledgement and Agreement To Be Bound By Supplemental Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B, that have both been signed by that Outside Consultant.  Non-Party QUALCOMM shall have five (5) business days to raise any objections for good cause to those Outside Consultants, starting from the first business day following the date upon which Receiving Party expressly notifies Non-Party QUALCOMM of that expert and provides all of the information required by this section, whereby such express notification shall be provided to Non-Party QUALCOMM directly by Receiving Party.

29.  **Objections**. With respect to Outside Consultants that have not been previously disclosed to Non-Party QUALCOMM, Non-Party QUALCOMM shall have five (5) business days, starting from the first business day following the date upon which Receiving Party provides the notice and all information required by paragraph 28 to the Producing Party, to object for good cause in writing to such disclosure (plus three (3)

extra days if notice is given in any manner other than by hand delivery, e-mail delivery or facsimile transmission). After the expiration of the 5 business days (plus 3-days, if appropriate) period, if no objection for good cause has been asserted by Non-Party QUALCOMM, then Designated QUALCOMM Material may be disclosed to the Outside Consultant pursuant to the terms of this Supplemental Protective Order. Any objection by Non-Party QUALCOMM must be made for good cause, and must set forth in detail the grounds on which it is based. Should Receiving Party disagree with the basis for the objection(s), Receiving Party must first attempt to resolve the objection(s) informally with Non-Party QUALCOMM. If the informal efforts do not resolve the dispute within five (5) business days from the date upon which Receiving Party was first notified of any objection for good cause by Non-Party QUALCOMM, Receiving Party may file a motion requesting that the objection(s) be quashed after that five (5) day period has passed. Non-Party Qualcomm shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the Court upon any such objection(s), or the subsequent resolution of the objection for good cause by Receiving Party and Non-Party QUALCOMM, the discovery material shall not be disclosed to the person objected to by Non-Party QUALCOMM.

**F.      Production of QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE Material**

30.      Non-Party QUALCOMM's Source Code and Chip-Level Schematics:

a.      To the extent that a Producing Party makes Non-Party QUALCOMM's Source Code or Chip-Level Schematics available for inspection:

(i)      The Producing Party shall make all relevant and properly requested Non-Party QUALCOMM Source Code available electronically and in text searchable form (1) if produced by Non-Party QUALCOMM, in a separate room at a secure facility selected by Non-Party QUALCOMM or (2) if produced by Apple, at the

offices of Counsel of Record for Apple or at a secure facility approved by QUALCOMM. Non-Party QUALCOMM shall make the Source Code available for inspection on a stand-alone, non-networked personal computer running a reasonably current version of the Microsoft Windows operating system ("Source Code Computer"). Alternatively, solely at the option of the Producing Party, the Producing Party may make such source code available on a Source Code Computer that is networked, in a configuration deemed secure by Non-Party QUALCOMM. The Source Code Computer shall be configured to permit review of the Source Code through a password-protected account having read-only access. The Receiving Party may use appropriate tool software on the Source Code Computer, which shall be installed by Non-Party QUALCOMM, including at least one text editor like Visual Slick Edit that is capable of printing out Source Code with page and/or line numbers, a source code comparison tool like Araxis Merge, and at least one multi-text file text search tool such as "grep." Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon tool software shall be installed on the Source Code Computer by Non-Party QUALCOMM, and paid for by the Receiving Party.

(ii) Non-Party QUALCOMM shall make all relevant and properly requested Chip-Level Schematics available for inspection electronically on the Source Code Computer in a secure room at a secure facility selected by Non-Party QUALCOMM. Non-Party QUALCOMM shall ensure that the Source Code Computer includes software sufficient to allow a user to view such electronic Chip-Level Schematics.

Exhibit F, Page 100

b.    Non-Party QUALCOMM shall provide access to the Source Code Computer during the normal operating hours of the secure facility during a reasonable number of days appropriate for review by the Receiving Party.

c.    The Source Code Computer shall be equipped to print copies of the Source Code and Chip-Level Schematics on watermarked pre-Bates numbered paper, which shall be provided by the Producing Party. Under no circumstances are original printouts of the Source Code or Chip-Level Schematics to be made except for directly onto the watermarked and numbered sides of the paper provided by the Producing Party. Additionally, the Receiving Party may not print any continuous block of source code that results in more than 50 consecutive printed pages, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party. Counsel for the Producing Party will keep the original printouts, and shall provide copies of such original printouts to counsel for the Receiving Party within three (3) business days of (1) any request by the Receiving Party, or (2) otherwise being notified that such original printouts have been made or designated. Counsel of Record for the Receiving Party may request up to 10 copies of each original printout of Source Code or Chip-Level Schematics. No more than 10% or 500 pages of the total Source Code (not including copies of original printouts) whichever is greater, for any software release (or in the case of hardware Source Code, for any hardware product), no more than 500 pages of Chip-Level Schematics, and no continuous blocks of Source Code or Chip-Level Schematics that exceed 50 pages, may be in printed form at any one time, without the express

15

written consent of Non-Party QUALCOMM, which shall not be unreasonably denied. All printed Source Code and Chip-Level Schematics shall be logged by Receiving Party's Counsel of Record and/or other Personnel Retained by a Receiving Party in this action as noted in subparagraph 30 (h) below. No additional electronic copies of the Source Code or Chip-Level Schematics shall be provided by the Producing Party. Hard copies of the Source Code or Chip-Level Schematics also may not be converted into an electronic document, and may not be scanned using optical character recognition ("OCR") technology, except as permitted by subparagraph 32(d) below. All Source Code printouts and Chip-Level Schematics must include (1) directory path information and filenames from which the Source Code and Chip-Level Schematics came and (2) line numbers. The Producing Party may refuse to provide copies of Source Code and Chip-Level Schematics printouts that fail to include this information.

d.  Authorized Reviewer(s) in this action shall not print Source Code or Chip-Level Schematics which have not been reviewed on the Source Code Computer, or in order to review the Source Code or Chip-Level Schematics elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code or Chip-Level Schematics electronically on the Source Code Computer, as Plaintiff, QUALCOMM, and Defendant acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

e.  Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone

16

jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

f.  If any Authorized Reviewer(s) reviewing Non-Party QUALCOMM's Source Code or Chip-Level Schematics seeks to take notes, all such notes will be taken on bound (spiral or other type of permanently bound) notebooks. No loose paper or other paper that can be used in a printer may be brought into the secure room if the secure room is equipped with a printer connected to the Source Code Computer.

g.  In the event copies of Source Code or Chip-Level Schematic printouts are used as exhibits in a deposition, three (3) additional copies may be made: one for the witness, one for the deposing party, and one for counsel defending the deponent.  The printouts shall not be provided to the court reporter, except that the one copy for the witness which will be used as an exhibit can be provided to the court reporter for the purpose of marking the exhibit, and the further copies of the original QUALCOMM Source Code or Chip-Level Schematics printouts made for the deposition or trial shall be destroyed at the conclusion of the deposition or trial.  The original copies of deposition exhibits designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" will be maintained by the deposing party under the terms set forth in paragraph 30 of this Supplemental Protective Order.

h.  In addition to other reasonable steps to maintain the security and confidentiality of Non-Party QUALCOMM's Source Code and Chip-Level Schematics, printed copies of the Designated Source Code Material maintained by the Receiving Party must be kept in a locked storage container when not being actively reviewed or otherwise

17

being transferred as permitted by the Protective Order and/or this Supplemental Protective Order.

The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual beyond Counsel of Record to whom each hard copy of each Producing Party's QUALCOMM Source Code or Chip-Level Schematics is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Non-Party QUALCOMM the log. In addition, any Outside Consultants of the Receiving Party to whom the paper copies of the QUALCOMM Source Code or Chip-Level Schematics were provided must certify in writing that all copies of the QUALCOMM Source Code or Chip-Level Schematics were returned to the counsel who provided them the information and that they will make no use of the Source Code or Chip-Level Schematics, or of any knowledge gained from the source code in any future endeavor.

## G. Procedure for Designating Materials

31. Subject to the limitations set forth in the Protective Order and in this Supplemental Protective Order, Non-Party QUALCOMM may: designate as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" information that it believes, in good faith, meets the definition set forth in paragraph 5 above.

32. Except as provided above in paragraph 30 with respect to "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" Material, any material, including physical objects, made available by Non-Party

Exhibit F, Page 104

QUALCOMM for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" information, and shall be subject to this Order. Thereafter, Non-Party QUALCOMM shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" prior to furnishing copies to the Receiving Party.

33.     Designation in conformity with the Protective Order and this Supplemental Protective Order shall be made as follows:

a.     <u>For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other pretrial or trial proceedings):</u> the Designating Party shall affix the legend "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" conspicuously on each page that contains Protected Material.

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY." After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated QUALCOMM Material.

Exhibit F, Page 105

b.  <u>For Testimony Given in Deposition</u>: For deposition transcripts, the Designating Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been received.  The Party or Non-Party may identify the entirety of the transcript as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE," but all deposition transcripts not designated during the deposition will nonetheless be treated as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE," until the time within which it may be appropriately designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Supplemental Protective Order and the Protective Order this action, along with the transcript pages of the deposition testimony dealing with such Protected Material.   In such cases the court reporter shall be informed of this Supplemental Protective Order and shall be required to operate in a manner consistent with this Protective Order.   Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" and/or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE."   An encrypted, password protected copy of deposition transcripts containing Designated Qualcomm Material made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall

20

of a law firm representing the Receiving Party, however, all other restrictions in this Supplemental Protective Order pertaining to Designated Source Code Material apply. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Supplemental Protective Order and the Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Protected Material based on the designation of such Protected Material.

c.  For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container or containers in which the information or item is stored, the appropriate legend.

d.  The provisions of subparagraphs 33(a-c) do not apply to documents produced in native format. For documents produced in native format, the parties shall provide written notice to the Receiving Party of any confidentiality designations at the time of production.

## H.   Use of Designated QUALCOMM Material

34.   Use of Designated QUALCOMM Material By Receiving Party: Unless otherwise ordered by the Court, or agreed to in writing by Non-Party QUALCOMM, all Designated QUALCOMM Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including the acquisition, preparation or prosecution before the Patent office of any patent, patent application, for drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated QUALCOMM Material.  Information contained or reflected in Designated QUALCOMM Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated QUALCOMM Material, except in accordance with the terms of the Protective Order or this Supplemental Protective Order.

35.   Use of Designated QUALCOMM Material by Non-Party QUALCOMM: Nothing in this Supplemental Protective Order shall limit Non-Party QUALCOMM's use of its own documents and information, nor shall it prevent Non-Party QUALCOMM from disclosing its own confidential information, documents or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Supplemental Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

36.   Use of Designated QUALCOMM Material at Deposition: Non-Party QUALCOMM shall, on request prior to the deposition, make a searchable electronic copy of the QUALCOMM Source Code available on a stand-alone computer connected to a printer during depositions of QUALCOMM personnel otherwise permitted access to such Source Code.  To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of the Protective Order and this

22

Supplemental Protective Order.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated QUALCOMM Material of which such person has prior knowledge, without in any way limiting the generality of the following:

        a.    A witness testifying on behalf of Non-Party QUALCOMM pursuant to a  subpoena may be examined concerning all Designated QUALCOMM Material that has been produced by Non-Party QUALCOMM; and

        b.    A former director, officer, agent and/or employee of Non-Party QUALCOMM may be interviewed, examined, and may testify concerning all Designated QUALCOMM Material of which he or she has prior knowledge, including any Designated QUALCOMM Material that refers to matters which the witness has personal knowledge, that has been produced by Non-Party QUALCOMM and that pertains to the period or periods of his or her employment.

37.    Use of Designated QUALCOMM Material at Hearing or Trial: The parties will give Non-Party QUALCOMM prior notice of, and an opportunity to object to, any intended use of the Designated QUALCOMM Material at any hearing or trial in this case. Said notice shall (a) be served by facsimile or email on counsel for Non-Party QUALCOMM at least five (5) business days prior to the hearing or first day of trial, (b) identify the Designated QUALCOMM Material with specificity while redacting any other Party's Confidential Business Information and (c) identify the measures the party intends to rely upon to protect the Designated QUALCOMM Material when used at any hearing or trial consistent with this Supplemental Protective Order.  This section shall not limit in any way the use of Designated QUALCOMM Material during the cross-examination of any witness otherwise permitted access to such Designated QUALCOMM Material, as long as the parties take all necessary steps to protect and

maintain the confidentiality of any such Designated QUALCOMM Material.

**I. Filing Designated QUALCOMM Material Under Seal**

38. Without written permission from Non-Party QUALCOMM or a Court Order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Designated Material, but must file such Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed filing, the words "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY" or "QUALCOMM - OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", as appropriate, and a statement substantially in the following form:

"UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS CONFIDENTIAL INFORMATION – TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT."

**J. Prosecution and Development Bar**

39. Unless otherwise permitted in writing between Producing Party and Receiving Party, any individual who personally receives, other than on behalf of Producing Party, any material designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall not participate in amending or drafting patent specifications or claims before a Patent Office of any patent or patent application related to the particular technologies or information disclosed in the Designated QUALCOMM Material, from the time of receipt of such material through the date the individual person(s) cease to have access to materials designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or disclose Designated QUALCOMM Material. This provision shall not apply to post-grant adversarial proceedings, including reexamination or opposition proceedings filed in relation to the patents-in-suit or foreign counterparts.

40.     Unless otherwise permitted in writing between Non-Party QUALCOMM and Receiving Party, any Outside Consultant retained on behalf of Receiving Party who is to be given access to Non-Party QUALCOMM's documents, Source Code, or Chip-Level Schematics designated as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE" must agree in writing not to perform hardware or software development work or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated QUALCOMM Material, which is not publicly known, from the time of first receipt of such material through the date the expert consultant ceases to have access to any material designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE," as well as any materials that contain or disclose Designated QUALCOMM Material.

## K.     Designated QUALCOMM Material Subpoenaed or Ordered Produced In Other Litigation

41.     If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE," Receiving Party must notify the Producing Party and Non-Party QUALCOMM of such information, documents or things, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order. Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Supplemental Protective Order and the Protective Order. In addition, the Receiving Party must provide a copy of this Supplemental Protective Order and the Protective Order promptly to the party in the

Exhibit F, Page 111

other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Supplemental Protective Order and the Protective Order, and to afford the Party whose Designated QUALCOMM Material in this case, is at issue in the other case, an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. Producing Party shall bear the burdens and the expenses of seeking protection in that court of its Designated QUALCOMM Material. Nothing in these provisions should be construed as authorizing or encouraging any Receiving Party in this action to disobey a lawful directive from another court.

42. ///

## L. Unauthorized Disclosure Of Designated QUALCOMM Material

43. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated QUALCOMM Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing Producing Party and Non-Party QUALCOMM of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated QUALCOMM Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A. Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Supplemental Protective Order.

## M. Duration

44. Even after the termination of this action, the confidentiality obligations imposed by this Supplemental Protective Order shall remain in effect following the termination of this action, or until Non-Party QUALCOMM agrees otherwise in writing or a court order otherwise directs.

26

**N.    Final Disposition**

45.    Unless otherwise ordered or agreed in writing by Producing Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated QUALCOMM Material produced by Non-Party QUALCOMM or any other Party in this action and will destroy or redact any such Designated QUALCOMM Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media. Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Non-Party QUALCOMM with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated QUALCOMM Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Producing Party or such shorter period as required by court order, subpoena, or applicable law.

**O.    Effective Date**

46.    Plaintiff, Defendant and Non-Party QUALCOMM agree that this Supplemental Protective Order will be legally binding from the date upon which it is submitted to the Court for entry, in the form that it is submitted to the Court. The parties acknowledge that this is a reasonable measure to allow for the review of Apple's Source Code to proceed immediately, even if the Court has not yet formally entered this Supplemental Protective Order at that time.

**P.      Other Proceedings**

47.      By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated CONFIDENTIAL INFORMATION, OUTSIDE COUNSEL EYES ONLY CONFIDENTIAL INFORMATION, QUALCOMM – OUTSIDE COUNSELS' EYES ONLY or QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

48.      Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party or Non-Party QUALCOMM against whom such waiver will be effective.

**Q.      Miscellaneous**

49.      This Order is entered without prejudice to the right of any Party or Non-Party QUALCOMM to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party or Non-Party QUALCOMM waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Stipulated Protective Order. Similarly, no Party or Non-Party QUALCOMM waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

50.      This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which Non-Party QUALCOMM consents in writing before the disclosure takes place.

Exhibit F, Page 114

51. The United States District Court for the Southern District of California is responsible for the interpretation and enforcement of this Stipulated Protective Order. All disputes concerning Designated Material produced under the protection of this Stipulated Protective Order shall be resolved by the United States District Court for the Southern District of California. Every individual who receives any Designated Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

**IT IS SO ORDERED.**

DATED: December 23, 2014

BARBARA L. MAJOR
United States Magistrate Judge

29

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE**

I, _____ [print or type full name], state: My

business address is _____;

    1.    My present employer is _____;

    2.    My present occupation or job description is _____;

    3.    I have been informed of and have reviewed the Supplemental Protective Order Governing Discovery from Non-Party QUALCOMM in this case (the "Supplemental Protective Order") entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all information provided to me in the matter of *Apple Inc. v. Wi-LAN Inc.*, Case No. 3:14-cv-02235 DMS (BLM), in the United States District Court for the Southern District of California, in accordance with the restrictions in the Supplemental Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Supplemental Protective Order.

    4.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


                                       _____

                                       [Signature]

Executed On_____        _____

                                       [Printed Name]

# EXHIBIT B

## CERTIFICATION OF CONSULTANT RE SUPPLEMENTAL PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTY QUALCOMM IN THIS CASE

I, _____ [print or type full name], of _____ am not an employee of the Party who retained me or of a competitor of any Party or Non-Party QUALCOMM in and will not use any information, documents, or things that are subject to the Supplemental Protective Order Governing Discovery From Non-Party QUALCOMM in *Apple Inc. v. Wi-LAN Inc.*, Case No. 3:14-cv-02235 DMS (BLM),  in the United States District Court for the Southern District of California, for any purpose other than this litigation.  I agree not to perform hardware or software development work or product development work intended for commercial purposes relating to the particular technologies or information disclosed in the Designated QUALCOMM Material, from the time of receipt of such material through and including the date that I cease to have access to any material designated "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY" or "QUALCOMM – OUTSIDE COUNSELS' EYES ONLY – CONFIDENTIAL SOURCE CODE."

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed On_____.

_____

[Printed Name]

_____

[Signature]

Exhibit F, Page 117