# EXHIBIT G

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| Apple, Inc. | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No.  3:14-cv-2235 |
| WiLAN, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           Intel Corporation, 12220 Scripps Summit Dr, Suite 150, San Diego, CA 92131

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Patterson Law Group<br>1350 Columbia St, Suite 603<br>San Diego, CA 92101 | Date and Time:<br><br>10/31/2017 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      10/16/2017

|  CLERK OF COURT  | |
|---|---|
| | OR |
| _____ | /s/ Kevin Schubert |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Defendant Wi-LAN, Inc. _____ , who issues or requests this subpoena, are:

Kevin Schubert, McKool Smith, PC, One Bryant Park, 47th FL, New York, NY 10036, kschubert@mckoolsmith.com,

(212) 402-9423              **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:14-cv-2235

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | |
|---|---|
| Apple, Inc. | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.   3:14-cv-2235 |
| WiLAN, Inc. | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:        Intel Corporation, 12220 Scripps Summit Dr, Suite 150, San Diego, CA 92131

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Attachment A

| Place: Patterson Law Group<br>1350 Columbia St, Suite 603<br>San Diego, CA 92101 | Date and Time:<br>10/31/2017 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographic and audiovisual means

❒ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/16/2017

CLERK OF COURT

                                                                            OR

_____        /s/ Kevin Schubert
_____        _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Defendant, Wi-LAN, Inc.                                                         , who issues or requests this subpoena, are:
Kevin Schubert, McKool Smith, PC, One Bryant Park, 47th Floor, New York, NY 10036, kschubert@mckoolsmith.com, Tel: (212) 402-9423

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:14-cv-2235

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO CIVIL SUBPOENA

## DEFINITIONS AND INSTRUCTIONS FOR SCHEDULES A AND B

As used herein, the following definitions and instructions shall apply:

1.      Pursuant to Rule 45(d) of the Federal Rules of Civil Procedure, please produce the requested documents as they are kept in the usual course of business. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.  Alternatively, as to each document and thing produced in response hereto, you shall identify the request for production in response to which the document or thing is being produced. E-mail attachments should be produced with or following their corresponding e-mails.

2.      These Requests cover all information in your possession, custody, or  control including, but not limited to, information in the possession, custody, or control of your present and former directors, officers, agents, employees, partners, consultants, experts, nominees, attorneys, or anyone else acting on your behalf or otherwise subject to your control, and representatives of any of the aforesaid acting in that capacity, as well as information in the possession, custody, or control of any merged, consolidated, or acquired predecessor or successor, parent, subsidiary, division, or affiliate.

3.      In responding to these Requests, documents and things are to be produced in full unexpurgated form. Redactions and deletions should be clearly indicated as such. Where anything has been redacted or deleted from a document or thing produced in response to this Request, at least the following information should be provided:

(1) the nature of the material deleted;

(2) the reason for the deletion; and

(3) an identification of the person responsible for the deletion.

-1-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

4.     The designations "Wi-LAN" and "Defendant" refer to and include Wi-LAN, Inc., Wi-LAN USA, Inc., WiLAN Labs, and any affiliates, divisions, subsidiaries, predecessors-in-interest, or successors-in-interest, and any employees, representatives, directors, agents, or attorneys acting on its behalf.

5.     The terms "Intel," "you," and "your" mean Intel Corporation, including without limitation any divisions, departments, parents, predecessors (whether acquired by merger, consolidation, or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and  each  of their present and former officers, directors, agents, controlling  shareholder(s), or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

6.     "Apple" means Apple Inc. and includes any officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, foreign or domestic subsidiaries, parents, affiliates, divisions, successors, predecessors and any other related entities.

7.     "Plaintiff" refers to Apple Inc.

8.     "Date" shall mean the exact date, month, and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

9.     The terms "relating to" and "relate to" shall mean concerning, regarding, constituting, containing, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, stating, summarizing,  analyzing, supporting, or in any way pertaining to the subject matter of the relevant request.

10.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all;" "each" means "any and all." "Including" means "including but not limited to."  "And" and "or" encompass both

-2-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

"and" and "or" as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside its scope. Words in the masculine, feminine, or neutral form shall include both genders.

11. "Document(s)" shall have the broadest possible meaning afforded under Fed. R. Civ. P. 34(a) and shall include, without limitation, any writing, recording, electronically stored information or photograph in your actual or constructive possession, custody, care, or control, which pertain directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, source code, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes or tape recordings. For purposes of these requests, any document that contains a note, comment, addition, deletion, modification, translation, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification. All references to documents include, but are not limited to, any audio and/or visual materials.

12. The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word, MS Excel Spreadsheet, etc.); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

-3-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

13.     "Patents-in-Suit" shall mean U.S. Patent Nos. 8,311,040, 8,457,145, 8,462,723, 8,537,757, 8,615,020, and 8,462,761.

14.     "3GPP LTE standard" shall mean Release 8 and all subsequent Releases of the Third Generation Partnership Project ("3GPP") standard, as available at: http://www.3gpp.org/Release-8.

15.     "LTE" means "Long Term Evolution," and refers to the technology defined by 3GPP Release 8 and subsequent Releases.

16.     "VoLTE" means "Voice over LTE."

17.     "Lawsuit" shall refer to Apple Inc. v. Wi-LAN, Inc., et al., Civil Action No. 3:14-cv-02235-DMS-BLM or Wi-LAN USA, Inc. and/or Wi-LAN, Inc. v. Apple Inc. No. 3:14-cv-1507-DMS-BLM, which have been consolidated and which are pending in the United States District Court for the Southern District of California.

18.     "Comply," "Compliance," and "Complies," with reference to a standard, specification, or feature described in a standard or specification, refers to implementation or support of the functionality listed in that standard, specification, or feature description.

19.     "Apple VoLTE Product(s)" refers to those products marketed by Apple as complying with the 3GPP 4G LTE standard for Voice over LTE, and shall specifically refer to at least the following products: iPhone 7, iPhone 7 Plus, iPhone 6s, iPhone 6s Plus, iPhone SE, iPhone 6, and iPhone 6 Plus.

20.     The term "Select Intel Chipset(s)" shall mean any of the following chipsets: PMB9943, and any other chipset sold by Intel to Apple for use in an Apple VoLTE Product that provides LTE capability.

21.     "Communication" shall mean, including its usual and customary meaning, any transmission, conveyance, or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether

-4-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

by written, oral, or other means, including but not limited to electronic communications and electronic mail.

22. "VoLTE data" shall mean voice and control data, such as Session Initiation Protocol (SIP) and Real-time Transport Protocol (RTP) data, related to a VoLTE call.

23. "Application data" shall mean non-VoLTE data related to various application services, such as video, email, and web browsing.

24. "WiMAX Standards" shall mean all releases of the IEEE 802.16 specifications, including but not limited to IEEE 802.16-2004, IEEE 802.16e-2005, and IEEE 802.16-2009, and IEEE802.16m.

-5-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**

1.     Source code relating to the design, structure, function, operation, configuration, and/or modification of each of the Select Intel Chipsets, including the source code for hardware design and specification language descriptions, such as SDL, HDL, VHDL, iHDL, or RTL, and the source code for higher software programming design languages, such as C and C++ programming languages.

2.     Technical specifications, data sheets, design documents, presentations, user guides, and user manuals of each of the Select Intel Chipsets.

3.     Documents and communications exchanged between Intel and Apple concerning the design or development of any Select Intel Chipset.

4.     Documents and communications exchanged between Intel and Apple concerning Apple's technical or business requirements with respect to any Select Intel Chipset.

5.     Documents and communications, internal to Intel or exchanged with Apple, regarding how VoLTE data and application data are communicated between an application processor, or other component, to the Select Intel Chipsets.

6.     Marketing documents concerning the Select Intel Chipsets, including the benefits, advantages, or importance of VoLTE functionality and/or differences between the Select Intel Chipsets and chipsets that do not support VoLTE.

7.     Agreements of any kind between Intel and Apple that relate to indemnity.

8.     Documents and communications showing any payment Intel has made and/or any obligation Intel has to pay to or on behalf of Apple for any portion of the litigation costs, attorney fees, or damages recovered in the Lawsuit and any related correspondence and agreements or covenants obligating Intel to make such payments.

9.     Documents and communications internal to Intel or between Intel and any other entity, including Apple, concerning the Patents-in-Suit, this Lawsuit, or Wi-LAN.

-6-

**ATTACHMENT "A" TO CIVIL SUBPOENA**                    Exhibit G, Page 129

10.     Documents and communications exchanged between Intel and Apple regarding the LTE standard or its implementation, including documents provided through MobileCommunicationsintel.com.

11.     Documents and communications, internal to Intel or exchanged with Apple, regarding how each Select Intel Chipset organizes data into Logical Channel Groups, prepares and transmits Scheduling Requests, prepares and transmits Buffer Status Reports, receives PDCCH grants, assigns Prioritized Bit Rates, and performs Logical Channel Prioritization.

12.     Documents and communications, internal to Intel or exchanged with Apple, regarding how each Select Intel Chipset is configured to segment and/or concatenate RLC SDUs, form RLC PDUs from RLC SDUs, include RLC Headers in RLC PDUs, and populate the Extension Part of RLC PDU Headers when more than one data element is present in the RLC PDU.

13.     Documents and communications, internal to Intel or exchanged with Apple, regarding how each Select Intel Chipset determines and reports the Channel Quality Indicator.

14.     All licenses and any amendments, supplements, or extensions thereto regarding the Apple VoLTE products, as well as all documentation, including correspondence, relating to payment or nonpayment of royalties thereunder.

15.     Documents relating to the documents produced pursuant to requests for production 7, 8, and 14, including communications exchanged with counterparties.

16.     Documents sufficient to show any communications or agreements between Intel and AT&T, Verizon, Sprint, T-Mobile, Qualcomm, Samsung, or Apple, relating to their potential use of the WiMAX Standards, including documents reflecting the negotiations that led to such agreements, an identification of all persons involved in such negotiations, and any payments made or received by either party subject to such agreements.

-7-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

17.   Any documents reflecting Intel's attempts or intention to persuade any third party to use the WiMAX standards.

18.   Any documents reflecting Qualcomm's attempts or intention to persuade any third party to not use the WiMAX standards.

19.   Any documents reflecting the similarities, overlap, or relationship between the WiMAX Standards and the LTE standard.

20.   Documents sufficient to show the overlap in Intel's participation and activities related to the development of the WiMAX Standards and the LTE standard, including identification of all Intel employees who participated in development of both the WiMAX Standards and the LTE standard.

**SCHEDULE B**

**RULE 30(B)(6) DEPOSITION TOPICS**

1.   Authentication of any document, including but not limited to source code, or communication produced by Intel and testimony confirming that each such document or communication is made and/or kept in the ordinary course of business.

-8-

**ATTACHMENT "A" TO CIVIL SUBPOENA**

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| APPLE INC., | ) Case No. 14cv2235-DMS (BLM) |
| Plaintiff, | ) **AGREED PROTECTIVE** |
| v. | ) **ORDER REGARDING THE** |
| | ) **DISCLOSURE AND USE OF** |
| WI-LAN, INC., | ) **DISCOVERY MATERIALS** |
| Defendant. | ) |

16    Plaintiff Apple Inc. and Defendant Wi-LAN Inc. anticipate that documents,

17 testimony, or information containing or reflecting confidential, proprietary, trade

18 secret, and/or commercially sensitive information are likely to be disclosed or

19 produced during the course of discovery, initial disclosures, and supplemental

20 disclosures in this Litigation and request that the Court enter this Order setting forth

21 the conditions for treating, obtaining, and using such information.

22    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds

23 good cause for the following Agreed Protective Order Regarding the Disclosure and

24 Use of Discovery Materials ("Order" or "Protective Order").

25    1.    **PURPOSES AND LIMITATIONS**

26        (a)    Protected Material designated under the terms of this Protective

27 Order shall be used by a Receiving Party solely for this Litigation, and shall be used

28

-1-

1    only for the purpose of litigating this Litigation, and shall not be used directly or

2    indirectly for any other purpose whatsoever.

3           (b)     The Parties acknowledge that this Order does not confer blanket

4    protections on all disclosures during discovery, or in the course of making initial or

5    supplemental disclosures under Rule 26(a). Designations under this Order shall be

6    made with care and shall not be made absent a good faith belief that the designated

7    material satisfies the criteria set forth below. If it comes to a Producing Party's

8    attention that designated material does not qualify for protection at all, or does not

9    qualify for the level of protection initially asserted, the Producing Party must promptly

10    notify all other Parties that it is withdrawing or changing the designation.

11           2.    **DEFINITIONS**

12           (a)     "Discovery Material" means all items or information, including

13    from any non-party, regardless of the medium or manner generated, stored, or

14    maintained (including, among other things, testimony, transcripts, or tangible things)

15    that are produced, disclosed, or generated in connection with discovery or Rule 26(a)

16    disclosures in this Litigation.

17           (b)     "Litigation" means the case styled as *Apple Inc. v. Wi-LAN Inc.*,

18    Case No. 3:14-cv-02235-DMS (BLM) (S.D. Cal.).

19           (c)     "Outside Counsel" means (i) outside counsel who appear on the

20    pleadings as counsel for a Party and (ii), partners, associates, and staff of such counsel

21    to whom it is reasonably necessary to disclose the information for this Litigation,

22    including supporting personnel employed by the attorneys, such as paralegals, legal

23    secretaries, legal translators, and legal clerks; or (iii) independent attorneys contracted

24    to assist outside counsel in connection with this action.

25           (d)     "Patents-in-suit" means U.S. Patent Nos. 8,457,145; 8,462,723;

26    8,537,757; 8,615,020; and 8,462,761, and any other patent asserted in this Litigation,

27

28

1   as well as any related patents, patent applications, provisional patent applications,

2   continuations, and/or divisionals.

3          (e)    "Party" means any party to this Litigation, including all of its

4   officers, directors, employees, consultants (and their support staff), retained experts

5   (and their support staff), and Outside Counsel.

6          (f)    "Producing Party" means any Party or non-party that discloses or

7   produces any Discovery Material in this Litigation.

8          (g)    "Protected Material" means any Discovery Material that is

9   designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES

10  ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

11  RESTRICTED," as provided for in this Order. Protected Material shall not include:

12  (i) advertising materials that have been actually published or publicly disseminated;

13  and (ii) materials that show on their face they have been disseminated to the public.

14         (h)    "Receiving Party" means any Party who receives Discovery

15  Material from a Producing Party.

16         (i)    "Source Code" means confidential, proprietary, trade secret and/or

17  commercially sensitive computer code, scripts, assembly code, object code, source

18  code listings and descriptions of source code, object code listings and descriptions of

19  object code, and Hardware Description Language (HDL) or Register Transfer Level

20  (RTL) files that describe the hardware design of any ASIC or other chip, and similar

21  detailed implementation documents.

22       3.    **COMPUTATION OF TIME**

23       The computation of any period of time prescribed or allowed by this Order shall

24  be governed by the provisions for computing time set forth in Federal Rules of Civil

25  Procedure 6 and Local Rule 7.1(c), in their present form as of the date this Order is

26  entered by the Court.

27  ///

28

4. **SCOPE**

(a)     The protections conferred by this Order cover not only Discovery Material governed by this Order as addressed herein, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in court or in other settings that might reveal Protected Material.

(b)     Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

(c)     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court.

(d)     This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all.

5. **DURATION**

Even after the termination of this Litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

6. **ACCESS TO AND USE OF PROTECTED MATERIAL**

(a)     Basic Principles. All Protected Material shall be used solely for this Litigation or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or

1   competitive purpose or function. Protected Material shall not be distributed, disclosed

2   or made available to anyone except as expressly provided in this Order.

3           (b)    Patent Prosecution Bar. Absent written consent of the Producing

4   Party, any person on behalf of the Receiving Party who receives one or more items

5   designated "CONFIDENTIAL ATTORNEYS' EYES ONLY" or "CONFIDENTIAL

6   - OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED" by the Producing Party

7   shall not participate in the preparation or prosecution, on behalf of the Receiving

8   Party, its acquirer, successor, predecessor, or other affiliate, before a Patent Office of

9   any patent, patent application, or for drafting or revising patent claims (excluding such

10   activities conducted in the context of postgrant proceeding including reexamination,

11   Inter Partes Review, or opposition proceedings) directed to wireless or RF

12   communications involving requesting and allocating bandwidth, or products

13   incorporating such technology, from the time of receipt of such material following the

14   first to occur of (i) the complete resolution of this case through entry of a final non-

15   appealable judgment or order for which appeal has been exhausted; or (ii) the

16   complete settlement of all claims in this action; or (iii) the individual person(s) cease

17   to represent the Receiving Party or respective client in this case.

18           (c)    Secure Storage. Protected Material must be stored and maintained

19   by a Receiving Party at a location and in a secure manner that ensures that access is

20   limited to the persons authorized under this Order.

21           (d)    Legal Advice Based on Protected Material. Nothing in this

22   Protective Order shall be construed to prevent counsel from advising their clients with

23   respect to this Litigation based in whole or in part upon Protected Materials, provided

24   counsel does not disclose the Protected Material itself except as provided in this

25   Order.

26           (e)    Filing Protected Material. Without written permission from the

27   Producing Party or a Court Order secured after appropriate notice to all interested

28

persons, a Party may not file in the public record in this action any Protected Material, but must file such Protected Material under seal in conformance with the Court's rules and procedures.[1] Material filed under seal shall bear the title of this matter, an indication of the nature of the contents of such sealed filing, the words "CONFIDENTIAL INFORMATION – UNDER PROTECTIVE ORDER," "ATTORNEYS' EYES ONLY INFORMATION – UNDER PROTECTIVE ORDER," or "OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED INFORMATION – UNDER PROTECTIVE ORDER," as appropriate, and a statement substantially in the following form: This filing contains confidential information filed in this case by (name of party) and its contents shall not be displayed or revealed except by order of the Court presiding over this matter.

(f)     Limitations. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

///

///

---

[1] In accordance with Judge Major's Chamber's rules, no document may be filed under seal without explicit Court authorization. In that respect, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed 'Confidential.' The party should file the redacted document(s) simultaneously with a joint motion or *ex parte* application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request.

7.   **DESIGNATING PROTECTED MATERIAL**

(a)   Available Designations. Any Producing Party may designate Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED." Any materials that are publicly available, and not due to any unauthorized act or omission, or violation of this Order, or otherwise do not contain confidential information, including but not limited to (a) publicly available advertising materials, (b) non-draft materials that on their face show that they have been published to the general public, or (c) documents that have been submitted to any governmental entity without request for or understanding regarding confidential treatment, shall not be considered Protected Materials for purposes of this Litigation.

(b)   Written Discovery and Documents and Tangible Things. Written discovery, documents (which include "electronically stored information," as that phrase is used in Federal Rule of Procedure 34), and tangible things that meet the requirements for the confidentiality designations listed in Paragraph 7(a) may be so designated by placing the appropriate designation on at least the cover page of the written material prior to production. For digital files being produced, the Producing Party may mark each viewable page or image with the appropriate designation, and mark the medium, container, and/or communication in which the digital files were contained. In the event that original documents are produced for inspection, the original documents shall be presumed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection and re-designated, as appropriate during the copying process.

(c)   Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony with the appropriate designation by

1    indicating on the record at the time the testimony is given or by sending written notice

2    of how portions of the transcript of the testimony is designated within ten (10) days of

3    receipt of the transcript of the testimony. If no indication on the record is made, all

4    information disclosed during a deposition shall be deemed "CONFIDENTIAL –

5    ATTORNEYS' EYES ONLY" until the time within which it may be appropriately

6    designated as provided for herein has passed. Any Party that wishes to disclose the

7    transcript, or information contained therein, may provide written notice of its intent to

8    treat the transcript as non-confidential, after which time, any Party that wants to

9    maintain any portion of the transcript as confidential must designate the confidential

10   portions within fourteen (14) days, or else the transcript may be treated as non-

11   confidential. Any Protected Material that is used in the taking of a deposition shall

12   remain subject to the provisions of this Protective Order, along with the transcript

13   pages of the deposition testimony dealing with such Protected Material. In such cases

14   the court reporter shall be informed of this Protective Order and shall be required to

15   operate in a manner consistent with this Protective Order. In the event the deposition

16   is videotaped, the original and all copies of the videotape shall be marked by the video

17   technician to indicate that the contents of the videotape are subject to this Protective

18   Order, substantially along the lines of "This videotape contains confidential testimony

19   used in this Litigation and is not to be viewed or the contents thereof to be displayed

20   or revealed except pursuant to the terms of the operative Protective Order in this

21   matter or pursuant to written stipulation of the parties." Counsel for any Producing

22   Party shall have the right to exclude from oral depositions, other than the deponent,

23   deponent's counsel, the reporter and videographer (if any), any person who is not

24   authorized by this Protective Order to receive or access Protected Material based on

25   the designation of such Protected Material. Such right of exclusion shall be applicable

26   only during periods of examination or testimony regarding such Protected Material.

27

28

   (d) <u>Information Not Reduced to Any Physical Form</u>. For information

not reduced to any documentary, tangible, or physical form, or which cannot be

conveniently designated as set forth in Paragraphs 7(a) above, the Producing Party

must inform the Receiving Party of the designation of such information in writing.

  8. **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL"**

   (a) A Producing Party may designate Discovery Material as

"CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or

commercially sensitive information.

   (b) Unless otherwise ordered by the Court, Discovery Material

designated as "CONFIDENTIAL" may be disclosed only to the following:

    (i) The Receiving Party's Outside Counsel, such counsel's

immediate paralegals and staff, and any copying or clerical litigation support services

working at the direction of such counsel, paralegals, and staff;

    (ii) Not more than four (4) representatives of the Receiving Party

who are officers or employees of the Receiving Party, who may be, but need not be,

in-house counsel for the Receiving Party, as well as their immediate paralegals and

staff, to whom disclosure is reasonably necessary for this Litigation, provided that: (a)

each such person has agreed to be bound by the provisions of the Protective Order by

signing a copy of Exhibit A; and (b) no unresolved objections to such disclosure exist

after proper notice has been given to all Parties as set forth in Paragraph 12 below;

however as to Protected Material from third parties, absent a court order or agreement

of the third party, Protected Material from third parties may not be disclosed to in-

house counsel or employees of a Receiving Party.

    (iii) Any outside expert or consultant (and their support staff)

retained by the Receiving Party to assist in this action, provided that disclosure is only

to the extent necessary to perform such work; and provided that: (a) such expert or

consultant has agreed to be bound by the provisions of the Protective Order by signing

1   a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or

2   employee of a Party or of a competitor of a Party, nor anticipated at the time of

3   retention to become an officer, director or employee of a Party or of a competitor of a

4   Party; and (c) no unresolved objections to such disclosure exist after proper notice has

5   been given to all Parties as set forth in Paragraph 12 below.

6              (iv)   Court reporters, stenographers and videographers retained to

7   record testimony taken in this action, to whom disclosure is reasonably necessary for

8   this Litigation;

9              (v)   The Court, jury, and Court personnel;

10             (vi)   Graphics, translation, design, and/or trial consulting

11   personnel, provided that each person, including their staff, has agreed to be bound by

12   the provisions of the Protective Order by signing a copy of Exhibit A;

13             (vii)  Mock jurors who have signed an undertaking or agreement

14   agreeing not to publicly disclose Protected Material and to keep any information

15   concerning Protected Material confidential;

16             (viii) Any mediator who is assigned to hear this matter, and his or

17   her staff, subject to their agreement to maintain confidentiality to the same degree as

18   required by this Protective Order; and

19             (ix) Any other person with the prior written consent of the

20   Producing Party.

21      9.    **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

22            **ATTORNEYS' EYES ONLY"**

23      (a)    A Producing Party may designate Discovery Material as

24   "CONFIDENTIAL – ATTORNEYS' EYES ONLY" if it contains or reflects

25   information that is extremely confidential and/or sensitive in nature and the Producing

26   Party reasonably believes that the disclosure of such Discovery Material is likely to

27   cause economic harm or significant competitive disadvantage to the Producing Party.

28

14cv02235-DMS (BLM)

1    The Parties agree that the following information, if non-public, shall be presumed to

2    merit the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation: trade

3    secrets, pricing information, financial data, sales information, sales or marketing

4    forecasts or plans, business plans, sales or marketing strategy, product development

5    information, engineering documents, testing documents, employee information, and

6    other non-public information of similar competitive and business sensitivity.

7              (b)     Unless otherwise ordered by the Court, Discovery Material

8    designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed

9    only to:

10             (i)     The Receiving Party's Outside Counsel, provided that such

11   Outside Counsel is not involved in competitive decision-making, as defined by *U.S.*

12   *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

13   or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff,

14   and any copying or clerical litigation support services working at the direction of such

15   counsel, paralegals, and staff;

16             (ii)    Not more than three (3) in-house counsel of the Receiving

17   Party, as well as their immediate paralegals and staff to whom disclosure is reasonably

18   necessary for this Litigation, provided that: (a) each such person has agreed to be

19   bound by the provisions of the Protective Order by signing a copy of Exhibit A; and

20   (b) no unresolved objections to such disclosure exist after proper notice has been

21   given to all Parties as set forth in Paragraph 12 below;

22             (iii)   Any outside expert or consultant (and their support staff)

23   retained by the Receiving Party to assist in this action, provided that disclosure is only

24   to the extent necessary to perform such work; and provided that: (a) such expert or

25   consultant has agreed to be bound by the provisions of the Protective Order by signing

26   a copy of Exhibit A; (b) such expert or consultant is not a current officer, director, or

27   employee of a Party or of a competitor of a Party, nor anticipated at the time of

28

1     retention to become an officer, director, or employee of a Party or of a competitor of a

2     Party; (c) such expert or consultant is not involved in competitive decision-making, as

3     defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on

4     behalf of a Party or a competitor of a Party; and (d) no unresolved objections to such

5     disclosure exist after proper notice has been given to all Parties as set forth in

6     Paragraph 12 below;

7              (iv)    Court reporters, stenographers and videographers retained to

8     record testimony taken in this action;

9              (v)    The Court, jury, and court personnel;

10              (vi)    Graphics, translation, design, and/or trial consulting

11     personnel, provided that each person, including their staff, has agreed to be bound by

12     the provisions of the Protective Order by signing a copy of Exhibit A;

13              (vii)    Mock jurors who have signed an undertaking or agreement

14     agreeing not to publicly disclose Protected Material and to keep any information

15     concerning Protected Material confidential;

16              (viii)   Any mediator who is assigned to hear this matter, and his or

17     her staff, subject to their agreement to maintain confidentiality to the same degree as

18     required by this Protective Order; and

19              (ix)    Any other person with the prior written consent of the

20     Producing Party.

21       10.     **DISCOVERY MATERIAL DESIGNATED AS "CONFIDENTIAL –**

22             **OUTSIDE ATTORNEYS' EYES ONLY - RESTRICTED"**

23       (a)     A Producing Party may designate Discovery Material as

24     "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - RESTRICTED" if it

25     comprises or includes:

26              (i)     Source Code;

27

28

1           (ii)    Confidential financial planning, business planning,

2  development, and strategy documents that the Producing Party believes in good faith

3  are not generally known to others, and have significant competitive value such that

4  unrestricted disclosure to others would create a substantial risk of serious injury, and

5  that the Producing Party would not normally reveal to third parties except in

6  confidence, or has undertaken with others to maintain in confidence. This designation,

7  however, shall not be used for a Producing Party's sales records regarding its

8  products, license agreements, or related communications with parties to the

9  agreements.

10          (b)    Nothing in this Order shall be construed as a representation or

11  admission that any particular material or information is properly discoverable in this

12  action, or to obligate any Party to produce any particular material or information.

13          (c)    Unless otherwise ordered by the Court, Discovery Material

14  designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY -

15  RESTRICTED" shall be subject to the provisions set forth in Paragraph 11 below, and

16  may be disclosed, subject to Paragraph 11 below, solely to:

17          (i)    The Receiving Party's Outside Counsel, provided that such

18  Outside Counsel is not involved in competitive decision-making, as defined by *U.S.*

19  *Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party

20  or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff,

21  and any copying or clerical litigation support services working at the direction of such

22  counsel, paralegals, and staff;

23          (ii)    For the Source Code of any one Producing Party, up to three

24  (3) outside experts or consultants, and their necessary support personnel retained by

25  the Receiving Party to assist in this action, provided that disclosure is only to the

26  extent necessary to perform such work; and provided that: (a) each such person has

27  agreed to be bound by the provisions of the Protective Order by signing a copy of

28

1    Exhibit A; (b) such expert or consultant is not a current officer, director, or employee

2    of a Party or of a competitor of a Party, nor anticipated at the time of retention to

3    become an officer, director or employee of a Party or of a competitor of a Party; (c)

4    such expert or consultant is not involved in competitive decisionmaking, as defined by

5    *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a

6    Party or a competitor of a Party; and (d) no unresolved objections to such disclosure

7    exist after proper notice has been given to all Parties as set forth in Paragraph 12

8    below. To the extent the Receiving Party seeks to have additional experts or

9    consultants obtain access to a particular Producing Party's Source Code, the Parties

10    shall meet and confer in good faith.

11        (iii)    For Protected Materials designated as "CONFIDENTIAL –

12    OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED" other than the Source

13    Code of a Producing Party, any expert or consultant, and their necessary support

14    personnel, retained by the Receiving Party to assist in this action, provided that

15    disclosure is only to the extent necessary to perform such work; and provided that: (i)

16    said expert or consultant has signed the acknowledgement form annexed hereto as

17    Exhibit A agreeing to be bound by the terms of this Order; and (ii) no unresolved

18    objections to such disclosure exist after proper notice has been given to all parties to

19    which such notice is required to be given, as set forth in Paragraph 12 below;

20        (iv)    Court reporters, stenographers and videographers retained to

21    record testimony taken in this action;

22        (v)    The Court, jury, and court personnel;

23        (vi)    Mock jurors who have signed an undertaking or agreement

24    agreeing not to publicly disclose Protected Material and to keep any information

25    concerning Protected Material confidential;

26

27

28

1          (vii)   Any mediator who is assigned to hear this matter, and his or

2  her staff, subject to their agreement to maintain confidentiality to the same degree as

3  required by this Protective Order;

4          (viii)  Graphics, translation, design, and/or trial consulting

5  personnel, provided that each person, including their staff, has agreed to be bound by

6  the provisions of the Protective Order by signing a copy of Exhibit A; and

7          (ix)   Any other person with the prior written consent of the

8  Producing Party.

9      11.   **DISCLOSURE AND REVIEW OF SOURCE CODE**

10       (a)    Any Source Code that is produced shall be made available for

11  inspection in electronic format at a secure site in the United States and at the

12  Producing Party's discretion, either (i) an office of the Producing Party's Outside

13  Counsel, (ii) an office of the Producing Party, or (iii) any other location mutually

14  agreed by the Parties. If the production of Source Code is at an escrow facility, all

15  reasonable costs associated therewith will be shared equally between the Receiving

16  Party and the Producing Party other than costs associated with software for reviewing

17  the Source Code, which shall be paid for by the party requesting such software.

18  Source Code will be made available for inspection between the hours of 9 a.m. and 7

19  p.m. on business days (i.e., weekdays that are not Federal holidays), although the

20  Parties will be reasonable in accommodating reasonable requests to conduct

21  inspections at other times. Upon written request by the Receiving Party, beginning

22  one week prior to the beginning of trial and continuing through the end of trial, access

23  to the Source Code must be provided under the same conditions and with the same

24  limitations and restrictions as provided in this Paragraph in San Diego, California.

25       (b)    Prior to the first inspection of any requested Source Code, the

26  Receiving Party shall provide five (5) business days' notice of the Source Code that it

27

28

1   wishes to inspect. The Receiving Party shall provide two (2) business days' notice

2   prior to any additional inspections.

3           (c)     Source Code that is designated "CONFIDENTIAL – OUTSIDE

4   ATTORNEYS' EYES ONLY - RESTRICTED" shall be produced for inspection and

5   review subject to the following provisions, unless otherwise agreed by the Producing

6   Party:

7               (i)     All Source Code shall be made available by the Producing

8   Party to the Receiving Party's Outside Counsel and/or experts in a secure room on,

9   upon request, up to three secured computers without Internet access or network access

10  to other computers, as necessary and appropriate to prevent and protect against any

11  unauthorized copying, transmission, removal or other transfer of any Source Code

12  outside or away from the computers on which the Source Code is provided for

13  inspection (the "Source Code Computer" in the "Source Code Review Room"). The

14  Producing Party shall install onto each Source Code Computer tools that are sufficient

15  for viewing and searching the code produced, on the platform produced, if such tools

16  exist and are presently used in the ordinary course of the Producing Party's business.

17  The Producing Party shall, upon request, inform the Receiving Party of the name(s)

18  and, if applicable, version number(s) of the review tools that have been installed. The

19  Receiving Party's Outside Counsel and/or experts may request that commercially

20  available software tools for viewing and searching Source Code be installed on the

21  secured computer, provided, however, that (a) the Receiving Party possesses an

22  appropriate license to such software tools; (b) the Producing Party approves such

23  software tools, which approval will not unreasonably be withheld; and (c) such other

24  software tools are reasonably necessary for the Receiving Party to perform its review

25  of the Source Code consistent with all of the protections herein. The Receiving Party

26  must provide the Producing Party with the CD or DVD containing such licensed

27  software tool(s) at least five (5) business days in advance of the date upon which the

28

1   Receiving Party wishes to have the additional software tools available for use on the
2   Source Code Computer. The Receiving Party may create a back-up copy of the source
3   code on the stand-alone computer(s). The searching or analytical tools may annotate,
4   number the lines of, and label the pages of, the back-up copy of the code. Any back-
5   up copies will remain on the stand-alone computer(s) and be subject to all of the
6   provisions of this Protective Order.

7       (ii) All Source Code produced shall be organized in one or more
8   separate directories corresponding to accused product(s) and/or accused model
9   numbers or in the same directory structure as the Source Code is kept and/or compiled
10  in the ordinary course of business. Further, to the extent files for one particular version
11  of Source Code are grouped together in a single folder in the ordinary course of the
12  Producing Party's business, the Producing Party shall produce the Source Code in that
13  manner. If, for any reasons, Source Code files are not produced for review, but, in the
14  Receiving Party's sole determination, such missing Source Code is deemed to be
15  necessary to understand the operation of the accused products, the parties agree to
16  promptly meet and confer over the production of any and all missing Source Code
17  files requested by the Receiving Party in a timely manner in the format described
18  above. The Producing Party may have up to one representative in the room with the
19  Source Code computer during the review, but may not monitor the substance of the
20  review and inspection in any manner whatsoever. The Producing Party shall not
21  undertake any effort to determine which pages or portions of Source Code have been
22  reviewed. The Producing Party shall not videotape the actual review of the source
23  code by the Receiving Party.

24      (iii) No recordable media or recordable devices, including
25  without limitation sound recorders, computers, cellular telephones, peripheral
26  equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the
27  Source Code Review Room, except that devices without Internet access or network

28

1  access to other computers shall be permitted solely for the purpose of taking electronic

2  notes, as provided for in Paragraph 11(c)(iv).

3               (iv)    The Receiving Party's Outside Counsel and/or experts shall

4  be entitled to take electronic or hand-written notes relating to the Source Code but

5  may not copy the Source Code into the notes and may not take such notes

6  electronically on the Source Code Computer itself. Any such notes shall be subject to

7  the provisions governing printed copies of Source Code in Paragraph 11(c)(vi), below.

8  However, nothing in this Protective Order shall be construed to require said Counsel

9  and/or experts to provide copies of their notes to the Producing Party.

10               (v)    No copies of all or any portion of the Source Code may

11  leave the Source Code Review Room except as otherwise provided herein. Further, no

12  other written or electronic record of the Source Code is permitted except as otherwise

13  provided herein. The Source Code Computer(s) may be equipped to store print

14  requests in a print folder. Alternatively, the Producing Party may make available a

15  printer of commercially reasonable printing speed and a reasonable amount of paper

16  for use with the printer, and the paper shall be prelabeled with Bates numbers labeled

17  with "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY -

18  RESTRICTED" for on-site printing during inspection of the Source Code. The

19  Receiving Party may print limited portions of the Source Code only when necessary to

20  prepare court filings or pleadings or other papers (including a testifying expert's

21  expert report). The entire code or an unnecessarily large portion of the code shall not

22  be printed. Additionally, the Receiving Party may not print any continuous block of

23  Source Code that results in more than 30 consecutive printed pages. No more than

24  10% or 500 pages of the total Source Code, whichever is greater, may be in printed

25  form at any one time. The Receiving Party must receive permission from the

26  Producing Party to print additional pages. Permission by the Producing Party cannot

27  be unreasonably withheld. If the Producing Party objects that the printed portions are

28

1    excessive and/or not reasonably necessary to any case preparation activity, the

2    Producing Party shall make such objection known to the Receiving Party within two

3    (2) business days. If after meeting and conferring, the Producing Party and the

4    Receiving Party cannot resolve the objection, the Producing Party shall be entitled to

5    seek a Court resolution within four (4) business days of the conclusion of the meet and

6    confer process as to whether the printed Source Code in question is excessive and/or

7    not reasonably necessary to any case preparation activity. The Receiving Party shall

8    not print Source Code in order to review blocks of Source Code elsewhere in the first

9    instance, i.e., as an alternative to reviewing that Source Code electronically on the

10   Source Code Computer, as the Parties acknowledge and agree that the purpose of the

11   protections herein would be frustrated by printing portions of code for review and

12   analysis elsewhere, and that printing is permitted only when necessary to prepare

13   court filings or pleadings or other papers (including a testifying expert's expert

14   report). At the conclusion of each review session conducted by the Receiving Party,

15   the pages printed by the Receiving Party (or stored as print requests) shall be collected

16   by the Producing Party. Within three (3) business days, the Producing Party shall

17   provide one copy set of such pages to the Receiving Party via overnight mail. Such

18   copy set shall constitute part of the Source Code produced by the Producing Party in

19   this action and shall be designated "CONFIDENTIAL – OUTSIDE ATTORNEYS'

20   EYES ONLY – RESTRICTED." If the Producing Party is not a party to this action,

21   the Receiving Party, subject to the Producing Party's approval, shall provide one copy

22   set of such pages to the other Parties that have not received such pages within two (2)

23   business days of receipt of such pages via overnight mail.

24            (vi)    Paper copies of Source Code designated as

25   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED"

26   shall include Bates number and confidentiality labels when printed. The Receiving

27   Party or Outside Counsel of the Receiving Party shall keep the copies in a secured

28

1   locked area in the office of the Outside Counsel of record when not in use. The
2   Receiving Party and Outside Counsel may also temporarily keep the copies at: (i) the
3   sites where any depositions relating to the Source Code are taken for the dates
4   associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate
5   location reasonably necessary to transport the information (e.g., a hotel prior to a
6   deposition). Produced source code shall not be converted to electronic form by the
7   Receiving Party, except as may be necessary for use in Court filings and proceedings,
8   and expert reports.

9               (vii)   All persons who will review a Producing Party's Source
10  Code on a Source Code Computer on behalf of a Receiving Party, including members
11  of a Receiving Party's outside law firm, shall be identified in writing to the Producing
12  Party at least five (5) days in advance of the first time that such person reviews such
13  Source Code. Such identification shall be in addition to any other disclosure required
14  under this Order. All persons viewing Source Code shall sign on each day they view
15  Source Code a log that will include the names of persons who enter the locked room
16  to view the Source Code and when they enter and depart. The Producing Party shall be
17  entitled to a copy of the log upon three (3) days' advance notice to the Receiving
18  Party.

19              (viii)  Unless otherwise agreed in advance by the Parties in
20  writing, following each day on which inspection is done under this Protective Order,
21  the Receiving Party's Outside Counsel and/or experts shall remove all notes,
22  documents, and all other materials from the Source Code Review Room. The
23  Producing Party shall not be responsible for any items left in the room following each
24  inspection session, and the Receiving Party shall have no expectation of
25  confidentiality for any items left in the room following each inspection session
26  without a prior agreement to that effect.

27

28

1             (ix)    Other than as provided above, the Receiving Party will not

2  copy, remove, or otherwise transfer any Source Code from the Source Code Computer

3  including, without limitation, copying, removing, or transferring the Source Code onto

4  any recordable media or recordable device. The Receiving Party will not transmit any

5  Source Code in any way from the Producing Party's facilities or the offices of its

6  Outside Counsel of record.

7             (x)    The Receiving Party's Outside Counsel of record may make

8  no more than three (3) additional paper copies of any portions of the Source Code

9  received from a Producing Party pursuant to Paragraph 11(c)(v), not including copies

10  attached to court filings or used at depositions, and shall maintain a log of all paper

11  copies of the Source Code. The Receiving Party's Outside Counsel of record and any

12  person receiving a copy of any Source Code shall maintain and store any paper copies

13  of the Source Code at their offices in a manner that prevents duplication of or

14  unauthorized access to the Source Code, including, without limitation, storing the

15  Source Code in a locked room or cabinet at all times when it is not in use.

16             (xi)    For depositions, copies of Source Code that are marked as

17  deposition exhibits shall not be provided to the Court Reporter or attached to

18  deposition transcripts; rather, the deposition record will identify the exhibit by its

19  production numbers. All paper copies of Source Code brought to the deposition shall

20  remain with the Producing Party's Outside Counsel for secure destruction in a timely

21  manner following the deposition.

22             (xii)    Except as provided in this sub-paragraph, absent express

23  written permission from the Producing Party, the Receiving Party may not create

24  electronic images, or any other images, or make electronic copies, of the Source Code

25  from any paper copy of Source Code for use in any manner (including by way of

26  example only, the Receiving Party may not scan the Source Code to a PDF or

27  photograph the code). Images of copies of Source Code shall not be included in

28

1   correspondence between Parties (references to production numbers shall be used

2   instead). Produced source code shall not be converted to electronic form by the

3   Receiving Party, except as may be necessary for use in Court filings and proceedings,

4   and expert reports. All Source Code used as part of a filing shall be filed under seal in

5   accordance with Paragraph 6(e) of this Protective Order. If a Producing Party agrees

6   to produce an electronic copy of all or any portion of its Source Code or provide

7   written permission to the Receiving Party that an electronic or any other copy needs to

8   be made for a Court filing, access to the Receiving Party's submission,

9   communication, and/or disclosure of electronic files or other materials containing any

10   portion of Source Code (paper or electronic) shall at all times be limited solely to

11   individuals who are expressly authorized to view Source Code under the provisions of

12   this Order. Where the Producing Party has provided the express written permission

13   required under this provision for a Receiving Party to create electronic copies of

14   Source Code, the Receiving Party shall maintain a log of all such electronic copies of

15   any portion of Source Code in its possession or in the possession of its retained

16   consultants, including the names of the reviewers and/or recipients of any such

17   electronic copies, and the locations and manner in which the electronic copies are

18   stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL -

19   ATTORNEYS' EYES ONLY - RESTRICTED" as provided for in this Order.

20        12.   **NOTICE OF DISCLOSURE**

21        (a)    Prior to disclosing any Protected Material to any person described

22   in Paragraphs 8(b)(ii), 8(b)(iii), 9(b)(ii), 9(b)(ii), 10(c)(ii), or 10(c)(iii) (referenced

23   below as "Person"), the Party seeking to disclose such information shall provide the

24   Producing Party with written notice that includes: (i) the name of the Person; (ii) the

25   present employer and title of the Person. For any person described in Paragraphs,

26   8(b)(iii), 9(b)(ii), 9(b)(ii), 10(c)(ii), or 10(c)(iii) the party seeking to disclose such

27   information shall also provide the Producing Party or Parties with an up-to-date

28

1   curriculum vitae of the Person, a list of the cases in which the Person has testified at

2   deposition trial within the last three (3) years, and a list of the Person's consulting

3   engagements for the last three (3) years. The Party seeking to disclose Protected

4   Material shall provide such other information regarding the Person's professional

5   activities reasonably requested by the Producing Party for it to evaluate whether good

6   cause exists to object to the disclosure of Protected Material to the outside expert or

7   consultant.

8        (b) Within seven (7) days of receipt of the disclosure of the Person, the

9   Producing Party or Parties may object in writing to the Person for good cause. In the

10  absence of an objection at the end of the seven (7) day period, the Person shall be

11  deemed approved under this Protective Order. Any such objection must set forth in

12  detail the grounds on which it is based. The objecting Party's consent to a Person shall

13  not be unreasonably withheld. In the absence of an objection at the end of the seven

14  (7) calendar day period, the person shall be deemed approved under this Order. There

15  shall be no disclosure of Protected Material to the Person prior to expiration of this

16  seven (7) day period. If the Producing Party objects to disclosure to the Person within

17  such seven (7) day period, the Parties shall meet and confer via telephone or in person

18  within three (3) business days following the objection and attempt in good faith to

19  resolve the dispute on an informal basis. If the dispute is not resolved, the Party

20  objecting to the disclosure will have five (5) days from the date of the meet and confer

21  to seek relief from the Court. If relief is not sought from the Court within that time,

22  the objection shall be deemed withdrawn. If relief is sought, designated materials shall

23  not be disclosed to the Person in question until the Court resolves the objection.

24       (c)    For purposes of this section, "good cause" shall include an

25  objectively reasonable concern that the Person will, advertently or inadvertently, use

26  or disclose Discovery Materials in a way or ways that are inconsistent with the

27  provisions contained in this Order.

28

1        (d)     Prior to receiving any Protected Material under this Order, the

2 Person must execute a copy of the "Agreement to Be Bound by Protective Order"

3 (Exhibit A hereto) and serve it on all Parties.

4        (e) An initial failure to object to a Person under Paragraph 12 shall not

5 preclude the non-objecting Party from later objecting to continued access by that

6 Person for good cause and based on information that could not be reasonably known

7 by the objecting Party within the time period outlined in section 12(b) above. If an

8 objection is made, the Parties shall meet and confer via telephone or in person within

9 two (2) days following the objection and attempt in good faith to resolve the dispute

10 informally. If the dispute is not resolved, the Party objecting to the disclosure will

11 have three (3) days from the date of the meet and confer to seek relief from the Court.

12 The designated Person may continue to have access to information that was provided

13 to such Person pending the Court's resolution of the matter.

14       13.    **CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL**

15        (a)     A Party shall not be obligated to challenge the propriety of any

16 designation of Discovery Material under this Order at the time the designation is

17 made, and a failure to do so shall not preclude a subsequent challenge thereto.

18        (b)     Any challenge to a designation of Discovery Material under this

19 Order shall be written, shall be served on Outside Counsel for the Producing Party,

20 shall particularly identify the documents or information that the Receiving Party

21 contends should be differently designated, and shall state the grounds for the

22 objection. Thereafter, further protection of such material shall be resolved in

23 accordance with the following procedures:

24        (i)     The objecting Party shall have the burden of conferring

25 either in person, in writing, or by telephone with the Producing Party claiming

26 protection (as well as any other interested party) in a good faith effort to resolve the

27

28

1   dispute. The Producing Party shall have the burden of justifying the disputed

2   designation;

3           (ii)    Failing agreement, the Receiving Party may bring a motion

4   to the Court for a ruling that the Discovery Material in question is not entitled to the

5   status and protection of the Producing Party's designation. The Parties' entry into this

6   Order shall not preclude or prejudice either Party from arguing for or against any

7   designation, establish any presumption that a particular designation is valid, or alter

8   the burden of proof that would otherwise apply in a dispute over discovery or

9   disclosure of information;

10          (iii)    Notwithstanding any challenge to a designation, the

11   Discovery Material in question shall continue to be treated as designated under this

12   Order until one of the following occurs: (a) the Party who designated the Discovery

13   Material in question withdraws such designation in writing; or (b) the Court rules that

14   the Discovery Material in question is not entitled to the designation.

15        14.    **PROTECTED MATERIAL IN OTHER LITIGATION**

16          (a)    If at any time Protected Material is subpoenaed by any court,

17   arbitral, administrative, or legislative body, the Party to whom the subpoena or other

18   request is directed shall immediately give prompt written notice thereof to every Party

19   who has produced such Discovery Material and to its counsel and shall provide each

20   such Party with an opportunity to move for a protective order regarding the production

21   of Protected Materials implicated by the subpoena.

22          (b)    Any Party may use in this Litigation the following materials

23   produced subject to protective order in *Wi-LAN USA, Inc. v. Apple Inc.*, No. 3:13-cv-

24   00798-DMS-BLM, D.I. 74-1, D.I. 75 (S.D. Cal.), or otherwise produced subject to

25   confidentiality provisions under the Patent Local Rules: source code, specifications,

26   schematics, flow charts, artwork, formulas, or other documentation sufficient to show

27   the operation of any aspects or elements of any accused instrumentality identified by

28

1  the patent claimant in its Patent L.R. 3.1.c chart (including source code produced as

2  APLWLNLTESC_000001-APLWLNLTESC_002481) in this Litigation, subject to

3  the entry of a supplemental protective order in this Litigation governing restrictions on

4  third-party material where applicable.  Such materials will be afforded confidentiality

5  protection comparable to and no less restrictive than those under which the documents

6  were produced in *Wi-LAN USA, Inc. v. Apple Inc.*, No. 3:13-cv-00798-DMS-BLM

7  (S.D. Cal.).

8     15.    **FILING PROTECTED MATERIAL**

9        (a)    Absent written permission from the Producing Party or a court

10  Order secured after appropriate notice to all interested persons, a Receiving Party may

11  not file or disclose in the public record any Protected Material.

12       (b)    If the Court authorizes a Party to file documents under seal under

13  Local Patent Rule 2.2, then that Party may file any brief, document or materials that

14  are designated as Protected Material under this Order. However, nothing in this

15  section shall in any way limit or detract from this Order's requirements as to Source

16  Code.

17    16.    **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

18       (a)    The inadvertent production by a Party of Discovery Material

19  subject to the attorney-client privilege, work-product protection, or any other

20  applicable privilege or protection, despite the Producing Party's reasonable efforts to

21  prescreen such Discovery Material prior to production, will not waive the applicable

22  privilege and/or protection if a request for return of such inadvertently produced

23  Discovery Material is made promptly after the Producing Party learns of its

24  inadvertent production.

25       (b)    Upon a request from any Producing Party who has inadvertently

26  produced Discovery Material that it believes is privileged and/or protected and/or

27  otherwise not subject to discovery in this matter, each Receiving Party shall

28

1   immediately return such Protected Material or Discovery Material and all copies to the
2   Producing Party, except for any pages containing privileged markings by the
3   Receiving Party which shall instead be destroyed and certified as such by the
4   Receiving Party to the Producing Party.

5          (c)     Nothing herein shall prevent the Receiving Party from preparing a
6   record for its own use containing the date, author, addresses, and topic of the
7   inadvertently produced Discovery Material and such other information as is
8   reasonably necessary to identify the Discovery Material and describe its nature to the
9   Court in any motion to compel production of the Discovery Material.

10         (d)     Nothing herein is intended to alter any attorney's obligation to
11  abide by any applicable rules of professional responsibility relating to the inadvertent
12  disclosure of privileged information.

13     17.   **INADVERTENT FAILURE TO DESIGNATE PROPERLY**

14         (a)     The inadvertent failure by a Producing Party to designate
15  Discovery Material as Protected Material with one of the designations provided for
16  under this Order shall not waive any such designation provided that the Producing
17  Party notifies all Receiving Parties that such Discovery Material is protected under
18  one of the categories of this Order within fourteen (14) days of the Producing Party
19  learning of the inadvertent failure to designate. The Producing Party shall reproduce
20  the Protected Material with the correct confidentiality designation within seven (7)
21  days upon its notification to the Receiving Parties. Upon receiving the Protected
22  Material with the correct confidentiality designation, the Receiving Parties shall return
23  or securely destroy, at the Producing Party's option, all Discovery Material that was
24  not designated properly.

25         (b)     A Receiving Party shall not be in breach of this Order for any use
26  of such Discovery Material before the Receiving Party receives the Protected Material
27  with the correct confidentiality designation, unless an objectively reasonable person

28

1    would have realized that the Discovery Material should have been appropriately

2    designated with a confidentiality designation under this Order. Once a Receiving Party

3    has received notification of the correct confidentiality designation for the Protected

4    Material with the correct confidentiality designation, the Receiving Party shall treat

5    such Discovery Material (subject to the exception in Paragraph 17(c) below) at the

6    appropriately designated level pursuant to the terms of this Order.

7            (c)      Notwithstanding the above, a subsequent designation of

8    "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

9    "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED"

10   shall apply on a going forward basis and shall not disqualify anyone who reviewed

11   "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

12   "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – RESTRICTED"

13   materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS'

14   EYES ONLY" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY –

15   RESTRICTED" from engaging in the activities set forth in Paragraph 6.

16        18.    **INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER**

17           (a)      In the event of a disclosure of any Discovery Material pursuant to

18   this Order to any person or persons not authorized to receive such disclosure under

19   this Protective Order, the Party responsible for having made such disclosure, and each

20   Party with knowledge thereof, shall immediately notify counsel for the Producing

21   Party whose Discovery Material has been disclosed and provide to such counsel all

22   known relevant information concerning the nature and circumstances of the

23   disclosure. The responsible disclosing Party shall also promptly take all reasonable

24   measures to retrieve the improperly disclosed Discovery Material and to ensure that

25   no further or greater unauthorized disclosure and/or use thereof is made.

26

27

28

     (b)    Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive the right to hold the disclosed document or information as Protected.

19.    **FINAL DISPOSITION**

     (a)    Not later than ninety (90) days after the Final Disposition of this Litigation, each Party shall return all Discovery Material of a Producing Party to the respective Outside Counsel of the Producing Party or destroy such Material, at the option of the Producing Party. For purposes of this Order, "Final Disposition" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.

     (b)    All Parties that have received any such Discovery Material shall certify in writing that all such materials have been returned to the respective Outside Counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Discovery Material, Outside Counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes, but must return any pleadings, correspondence, and consultant work product that contain Source Code. Attorney work product may be used in subsequent litigation provided that such use does not contain Protected Materials or any protectable information contained therein. Any documents or things retained by Outside Counsel pursuant to this provision shall remain subject to this Order.

20.    **PRIVILEGE AND WORK PRODUCT**

     (a)    The parties agree that the following privileged or protected communications occurring on or after June 19, 2014, need not be recorded on the party's privilege log or produced in this case except as required under Patent Local Rule 3.7: communications solely between a Party and its outside or in-house counsel regarding litigation or potential litigation. The above provision is without prejudice to

1  any Party's ability to make a particularized request for a limited log relating to

2  specific documents, upon an appropriate showing of potential discoverability of the

3  documents over privilege or protection objections.

4  (b)  In addition to the limitations on discovery found in Rule 26 of the

5  Federal Rules of Civil Procedure, testifying experts' draft reports, notes, and outlines

6  of draft reports shall not be subject to discovery in this case, nor shall any such drafts,

7  notes or outlines of draft reports that the testifying expert prepared in other cases be

8  subject to discovery in this case.  No conversations or communications between

9  Counsel of Record, any testifying expert, or any consulting expert will be subject to

10  discovery in this case.  Materials, communications (including email) and other

11  information exempt from discovery under this paragraph shall be treated as attorney-

12  work product for the purposes of this litigation.

13  21.  **MISCELLANEOUS**

14  (a)  Right to Further Relief. Nothing in this Order abridges the right of

15  any person to seek its modification by the Court in the future. By stipulating to this

16  Order, the Parties do not waive the right to argue that certain material may require

17  additional or different confidentiality protections than those set forth herein.

18  (b)  Termination of Matter and Retention of Jurisdiction. The Parties

19  agree that the terms of this Protective Order shall survive and remain in effect after the

20  Final Determination of the above-captioned matter. The Court shall retain jurisdiction

21  for one year after Final Determination of this matter to hear and resolve any disputes

22  arising out of this Protective Order.

23  (c)  Successors. This Order shall be binding upon the Parties hereto,

24  their attorneys, and their successors, executors, personal representatives,

25  administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees,

26  agents, retained consultants and experts, and any persons or organizations over which

27  they have direct control.

28

1    (d) Right to Assert Other Objections. By stipulating to the entry of this

2 Protective Order, no Party waives any right it otherwise would have to object to

3 disclosing or producing any information or item. Similarly, no Party waives any right

4 to object on any ground to use in evidence of any of the material covered by this

5 Protective Order. This Order shall not constitute a waiver of the right of any Party to

6 claim in this action or otherwise that any Discovery Material, or any portion thereof, is

7 privileged or otherwise non-discoverable, or is not admissible in evidence in this

8 action or any other proceeding.

9    (e) Burdens of Proof. Notwithstanding anything to the contrary above,

10 nothing in this Protective Order shall be construed to change the burdens of proof or

11 legal standards applicable in disputes regarding whether particular Discovery Material

12 is confidential, which level of confidentiality is appropriate, whether disclosure should

13 be restricted, and if so, what restrictions should apply.

14    (f) Modification by Court. This Order is subject to further court order

15 based upon public policy or other considerations, and the Court may modify this

16 Order *sua sponte* in the interests of justice. The United States District Court for the

17 Southern District of California is responsible for the interpretation and enforcement of

18 this Order with regard to discovery produced in this Litigation. All disputes

19 concerning Protected Material, however designated, produced under the protection of

20 this Order, involved in this Litigation, and while this Court has jurisdiction, shall be

21 resolved by the United States District Court for the Southern District of California.

22    (g) Discovery Rules Remain Unchanged. Nothing herein shall alter or

23 change in any way the discovery provisions of the Federal Rules of Civil Procedure,

24 the Local Rules for the United States District Court for Southern District of

25 California, or the Court's own orders. Identification of any individual pursuant to this

26 Protective Order does not make that individual available for deposition or any other

27 form of discovery outside of the restrictions and procedures of the Federal Rules of

28

1  Civil Procedure, the Local Rules for the United States District Court for Southern

2  District of California, or the Court's own orders.

3       **IT IS SO ORDERED.**

4

5  DATED:  December 23, 2014

6

7

8  BARBARA L. MAJOR

9  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **EXHIBIT A**

I, _____, acknowledge and declare that I have received a copy of the Protective Order ("Order") entered in the following case: *Apple Inc. v. Wi-LAN Inc.*, Case No. 3:14-cv-02235-DMS (BLM) (S.D. Cal.)

Having read and understood the terms of the Order, I agree to be bound by the terms of the Order and consent to the jurisdiction of said Court for the purpose of any proceeding to enforce the terms of the Order.

Name of individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____

[Signature]