| | | |
|---|---|---|
| 1 | JOHN ALLCOCK (Bar No. 98895)<br>john.allcock@dlapiper.com | MARK C. SCARSI (Bar No. 183926) |
| 2 | SEAN C. CUNNINGHAM (Bar No. 174931)<br>sean.cunningham@dlapiper.com | mscarsi@milbank.com<br>ASHLEE N. LIN (Bar No. 275267) |
| 3 | ERIN GIBSON (Bar No. 229305)<br>erin.gibson@dlapiper.com | anlin@milbank.com |
| 4 | ROBERT WILLIAMS (Bar No. 246990)<br>robert.williams@dlapiper.com | MILBANK, TWEED, HADLEY & MCCLOY LLP |
| 5 | TIFFANY MILLER (Bar No. 246987)<br>tiffany.miller@dlapiper.com | 2029 Century Park East, 33rd Floor<br>Los Angeles, CA 90067 |
| 6 | DLA PIPER LLP (US)<br>401 B Street, Suite 1700 | Tel: 424.386.4000<br>Fax: 213.629.5063 |
| 7 | San Diego, California 92101-4297<br>Tel: 619.699.2700 | CHRISTOPHER J. GASPAR |
| 8 | Fax: 619.699.2701 | (*admitted pro hac vice*)<br>cgaspar@milbank.com |
| 9 | ROBERT BUERGI (Bar No. 242910)<br>robert.buergi@dlapiper.com | MILBANK, TWEED, HADLEY & MCCLOY LLP |
| 10 | DLA PIPER LLP (US)<br>2000 University Avenue | 28 Liberty Street<br>New York, NY 10005 |
| 11 | East Palo Alto, CA 94303-2215<br>Tel: 650.833.2000 | Tel: 212.530.5000<br>Fax: 212.822.5019 |
| 12 | Fax: 650.833.2001 | |

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>Plaintiff,<br><br>v.<br><br>WI-LAN, INC.,<br><br>Defendant.<br><br><br><br><br><br><br>AND RELATED COUNTERCLAIMS | CASE NO. 3:14-cv-02235-DMS-BLM (lead case);<br>CASE NO. 3:14-cv-1507-DMS-BLM (consolidated)<br><br>**APPLE INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS *EX PARTE* MOTION TO STRIKE NEW STANWOOD DECLARATION SUBMITTED WITH WI-LAN'S REPLY BRIEF [DKT. NO. 189]**<br><br>Dept: 13A<br>Judge: Hon. Dana M. Sabraw<br>Magistrate Judge: Hon. Barbara L. Major |

Apple respectfully requests that the Court strike as untimely: (1) the 12-page declaration from Kenneth Stanwood, Wi-LAN's CTO, offered for the first time with Wi-LAN's reply brief in support of its motion to compel, and (2) the new arguments in Wi-LAN's reply brief that rely on or cite to that untimely declaration. In the alternative, Apple respectfully requests leave to submit a short sur-reply to respond to Wi-LAN's untimely evidence and argument.

## I. THE COURT SHOULD STRIKE THE STANWOOD DECLARATION AND WI-LAN'S ARGUMENTS RELYING ON IT.

### A. The Stanwood Declaration Is Untimely And Violates The Local Civil Rules.

Wi-LAN's submission of the 12-page, 31-paragraph Stanwood declaration (Dkt. No. 189-1) is untimely and violates the Local Civil Rules. Local Rule 7.1 is explicit on this point:

> In addition to the affidavits required or permitted by Fed. R. Civ. P. 6(d) and 56, copies of all documentary evidence which the movant intends to submit in support of the motion, or other request for ruling by the court, <u>must be served and filed with the notice of motion</u>.

Local Civ. R. 7.1(f)(2) (emphasis added); *see also* Fed. R. Civ. P. 6(c)(2). When Wi-LAN filed its opening brief in support of its motion to compel (Dkt. No. 179), Wi-LAN offered no evidence that the so-called "4G" WiMAX standard (the standard discussed in Wi-LAN's motion to compel) was related to the "Fixed" WiMAX standard (the earlier standard that purportedly relates to the asserted patents). Instead, Wi-LAN's motion attempted to link the asserted patents to the irrelevant "4G" WiMAX standard by incorrectly arguing that <u>Apple</u> had contended the asserted patents were "4G WiMAX patents." Mot. at 16 ("This evidence is critical to rebut <u>Apple's theme</u> in this case: that the patents-in-suit are 4G WiMAX patents…"); *id.* at 2 ("<u>Apple also argued</u> that 4G WiMAX, and by extension the patents-in-suit…") (emphases added). Apple's opposition brief corrected those misstatements. Dkt. No. 183 ("Opp.") at 10.

/////

1  Wi-LAN's reply brief abandoned these misstatements (without explanation)
2  and replaced them with the Stanwood declaration, which for the first time attempts
3  to connect the "4G" WiMAX standard to the years-earlier Fixed WiMAX standard.
4  *See* Dkt. No. 189-1.  But it is too late for Wi-LAN to offer a new declaration from
5  Mr. Stanwood because "a reply brief is an inappropriate vehicle to offer this new
6  evidence."  *Computer Economics, Inc. v. Gartner Group, Inc.*, No. 98-CV-0312
7  TW (CGA), 1999 WL 33178020, at *9 n.10 (S. D. Cal. Dec. 14, 1999); *Bennett v.
8  Forbes*, 2017 WL 2537248, at *5 (S.D. Cal. June 12, 2017) ("Defendants are
9  correct that '[i]t is improper for a moving party to introduce new facts or different
10 legal arguments in the reply brief than those presented in the moving papers.'")
11 (quoting *O'M & Assocs., LLC v. Ozanne*, No. 10CV2130 AJB RBB, 2011 WL
12 2160938, at *6 (S.D. Cal. June 1, 2011)); *E2Interactive, Inc. v. Blackhawk
13 Network, Inc.*, No. 09-CV-629-SLC, 2010 WL 1981640, at *1 (W.D. Wis. May 17,
14 2010) (granting motion to strike "supplemental affidavits [that] are aimed at
15 patching holes left in [the party's] original showing").

16 Wi-LAN failed to seek leave to offer this new evidence for the first time in
17 its reply brief, and Wi-LAN's reply brief ignores the fact that the evidence Wi-LAN
18 was offering regarding "4G" WiMAX is brand new.  The Court should reject Wi-
19 LAN's attempt at "patching holes" in its opening brief.

20  **B.  Wi-LAN Has No Excuse For Submitting The Untimely Stanwood
21      Declaration With Its Reply Brief.**

22 Wi-LAN half-heartedly tries to justify its late submission of the Stanwood
23 declaration by claiming Apple "raised for the first time in its Opposition" the
24 argument that "the 2001-era WiMAX standard is materially different than the 2005-
25 era WiMAX standard."  Reply at 9.  This is not true and Wi-LAN knows it.  In fact,
26 the first five lines of Apple's responsive claim construction brief—filed eight days
27 before Wi-LAN filed its motion to compel—made the very same argument:
28

> Ensemble, not Wi-LAN, purportedly invented elements of a fixed/portable wireless communication system embodied in the circa-2001 IEEE 802.16 ("Wi-MAX") standard.  That is the extent of the patents-in-suit.  **The patents-in-suit do not relate to the similarly named, much later-developed "4G Wi-MAX,"** embodied in IEEE 802.16m, or to any other mobile communication system or standard.

Dkt. No. 176 at 1 (underlining in original; bold and italics added).  Apple made a similar argument in its opening claim construction brief, as Wi-LAN's motion to compel even acknowledges.  *See* Mot. at 2 (quoting Dkt. No. 164 at 1).  Wi-LAN cannot claim "surprise" that Apple repeated the same correct argument in opposing Wi-LAN's motion to compel.  Wi-LAN's decision to misstate Apple's position rather than offering a declaration from its own CTO in its opening brief cannot justify Wi-LAN trying to offer this new purported evidence in its reply brief.  The Court should therefore strike the Stanwood declaration and all portions of Wi-LAN's reply brief that rely on that declaration.

    **C.    Apple Has Not Had A Fair Opportunity To Respond To The Contents Of The Stanwood Declaration, Which Directly Contradicts Mr. Stanwood's Prior Testimony And Other Evidence.**

Wi-LAN's untimely submission of the Stanwood declaration with its reply brief denied Apple the opportunity to respond to its contents.  Yet in its reply brief, Wi-LAN tries to take advantage of its violation of the Local Rules.  After repeatedly citing the Stanwood declaration, Wi-LAN claims that "Apple does not dispute these facts showing the contributions of the patents-in-suit to 4G Mobile WiMAX and yet continues to deny this conclusion without any factual support."  Reply at 10.  Apple certainly does dispute the purported "facts" in the Stanwood declaration, but had no opportunity to rebut them because Wi-LAN failed to submit the declaration with its opening brief, as the Local Rules require.  Had Wi-LAN done so, Apple would have refuted Mr. Stanwood's statements about the purported "similarities" between the Fixed and Mobile WiMAX standards, as discussed in

Section II below.  Given the prejudice to Apple and Wi-LAN's violation of the Local Rules, the appropriate remedy is striking the Stanwood declaration.

## II. IN THE ALTERNATIVE, APPLE REQUESTS LEAVE TO FILE A SHORT SUR-REPLY TO ADDRESS THE STANWOOD DECLARATION.

If the Court is inclined to consider the untimely Stanwood declaration and related portions of Wi-LAN's reply brief, Apple respectfully requests leave to submit a short sur-reply to respond to Wi-LAN's new evidence and argument.  *See, e.g.*, *United States v. Venture One Mortgage Corp.*, Case No: 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) ("After reviewing the relevant moving papers, the Court concludes that Plaintiff's filing of a surreply is warranted in light of the fact that Defendant's reply brief appears to introduce new evidence and argument.").  For instance, the Stanwood declaration claims the Mobile WiMAX standard was "not an entirely new standard, but rather an amendment to the existing IEEE 802.16-2004 standard."  Stanwood Decl. ¶ 12.  But Mr. Stanwood previously testified under oath that Fixed and Mobile WiMAX were different.  In Wi-LAN's previous lawsuit against Ericsson, Mr. Stanwood testified that Fixed WiMAX was not intended to be "4G" technology:

> Q.  And was it intended to be a so-called 4G, or fourth generation technology?
>
> A.  We weren't really discussing using those terms at that point in time.  This was the early days of broadband wireless access.

Ex. 1, Stanwood Depo. at 262:12-16.[1]  Mr. Stanwood also testified that the Fixed WiMAX standard "dealt with the frequencies and the range above 10 gigahertz, which were line of sight, no multi-path, <u>better used for fixed systems than mobile systems</u>."  *Id.* at 281:13-282:5 (emphasis added).[2]

---

[1] Wi-LAN should have produced this deposition transcript months ago, but has not.  Apple found it on Westlaw attached to a public filing from the *Wi-LAN v. Ericsson* case.  Wi-LAN's failure to satisfy its basic discovery obligations has prejudiced Apple's claim construction arguments, among other things.

[2] This excerpt from the Stanwood deposition in the *Wi-LAN v. Ericsson* case does

1   Mr. Stanwood is not the only one to have distinguished Fixed versus Mobile
2   WiMAX.  One of Wi-LAN's purported WiMAX licensees, Tranzeo Wireless
3   Technologies, Inc., published a white paper in April 2009 titled "Fixed vs Mobile
4   WiMAX:  An Apples to Oranges Comparison of Two Wireless Broadband
5   Technologies."  Ex. 2.  In that white paper, Tranzeo states:

> It is unfortunate that 802.16d fixed WiMAX and 802.16e mobile WiMAX share the same last name.  <u>There is virtually no relevant relationship between the two technologies</u>.  They are the broadband equivalent of apples and oranges.

*Id.* (emphasis added).[3]  The Federal Communications Commission ("FCC") also has distinguished Fixed versus Mobile WiMAX, explaining:  "In fixed WiMAX networks, both the base stations and subscriber stations are stationary during use.  In mobile WiMAX networks, subscriber stations (mobile and portable devices) may move during operation."  Ex. 3, FCC Report, 233 FCC Rcd. 9615 (2008).  Thus, Mr. Stanwood's own prior testimony, the Tranzeo white paper and the FCC report all refute Mr. Stanwood's self-serving declaration submitted with Wi-LAN's reply brief.  This evidence uniformly supports the conclusion that the asserted patents relate to Fixed WiMAX, not the later and much different Mobile WiMAX standard, and that the requested communications regarding Mobile WiMAX are irrelevant.

### III.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court strike as untimely (1) the Stanwood declaration served with Wi-LAN's reply brief and (2) all portions of Wi-LAN's reply brief that rely on the Stanwood declaration.  In the alternative, Apple respectfully requests leave to submit a short sur-reply to respond to Wi-LAN's new evidence and argument.

---

not appear in the excerpt attached as Exhibit 1, but the quote appears in a publicly available expert report from that case.  *See* 2015 WL 12744173, at ¶ 89.
[3] Wi-LAN has not produced its license with Tranzeo either, even though Wi-LAN publicly reported it as being a license to "Wi-LAN's Wi-Fi and WiMAX patents" (https://www.design-reuse.com/news/17380/wi-lan-tranzeo.html) and thus unquestionably relevant to this case.

| | |
|---|---|
| 1 | |
| 2 | Dated: November 6, 2017 |
| | DLA PIPER LLP (US) |
| 3 | |
| 4 | By */s/ Sean C. Cunningham* |
| | JOHN ALLCOCK |
| | SEAN C. CUNNINGHAM |
| 5 | ERIN GIBSON |
| | ROBERT BUERGI |
| 6 | ROBERT WILLIAMS |
| | TIFFANY MILLER |
| 7 | JACOB ANDERSON |
| | AMY WALTERS |
| 8 | |
| | Mark C. Scarsi |
| 9 | Ashlee N. Lin |
| | MILBANK, TWEED, HADLEY & |
| 10 | MCCLOY LLP |
| | 2029 Century Park East, 33rd Floor |
| 11 | Los Angeles, CA 90067 |
| 12 | Christopher J. Gaspar |
| | MILBANK, TWEED, HADLEY & |
| 13 | MCCLOY LLP |
| | 28 Liberty Street |
| 14 | New York, NY 10005 |
| 15 | Attorneys for Plaintiff |
| | APPLE INC. |

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

                                                  /s/ *Sean C. Cunningham*
                                                  Sean C. Cunningham