Allison H. Goddard (211098)
ali@pattersonlawgroup.com
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
(619) 398-4760
(619) 756-6991 (facsimile)

*Attorneys for Defendant,*
*Wi-LAN Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA
# SAN DIEGO

| | |
|---|---|
| APPLE INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>WI-LAN INC.,<br><br>    *Defendant.*<br>_____<br>WI-LAN INC.,<br><br>    *Plaintiff,*<br><br>v.<br><br>APPLE INC.,<br><br>    *Defendant.* | No. 3:14-cv-2235-DMS-BLM (Lead Case); Consolidated with 3:14-cv-01507-DMS-BLM<br>DEMAND FOR JURY TRIAL<br><br>**DEFENDANT WI-LAN INC.'S OPPOSITION TO APPLE INC.'S *EX PARTE* MOTION TO STRIKE STANWOOD DECLARATION**<br><br>**Department: 13A**<br>**Judge: Hon. Dana M. Sabraw**<br>**Magistrate: Hon. Barbara L. Major** |

During the parties' two meet and confers and two conferences with the Court leading to this motion to compel, Apple never argued that the Qualcomm Agreement related to a "different" WiMAX standard that "has nothing to do with the asserted patents." (ECF No. 183 at 2.) Apple likewise never advanced this argument during the parties' written correspondence on the disputed Qualcomm discovery. (*See* ECF No. 179-2, Exs. 18 and 19.) Instead, Apple chose to lay behind the log and raise this argument for the first time in its response to Wi-LAN's Motion to Compel. Wi-LAN had no choice but to file the Declaration of Kenneth Stanwood (ECF No. 189-1) in support of its reply to show that Apple's new argument was false. Setting aside the procedural infirmity of Apple's current attack, Apple fails to disprove Mr. Stanwood's evidence in its five-page *ex parte* motion. Further briefing on this matter would be futile and wasteful. Accordingly, Wi-LAN respectfully requests that the Court (1) deny Apple's request to strike the Stanwood Declaration (and related arguments) filed in reply to Apple's newly raised argument and (2) deny Apple's request to file a sur-reply.

I. ARGUMENT

   A. Apple's Ex Parte Motion Should be Denied Because Apple Failed to Follow the Court's Well-Defined Procedures for Ex Parte Motions

"Ex parte proceedings are reserved for emergency circumstances." *Langer v. McHale*, No. 13CV2721-CAB-NLS, 2014 WL 4922351, at *2 (S.D. Cal. Aug. 20, 2014). Because "[a]n ex parte application seeks to bypass the regular noticed motion procedure . . . the party requesting ex parte relief must establish a basis for giving the application preference." *Id.*; *see also id.* ("Ex parte applications are a form of emergency relief that will only be granted upon an adequate showing of good cause or irreparable injury to the party seeking relief.") (internal citation omitted). Apple makes no attempt to show that producing materials relating to the Qualcomm Agreement in response to RFPs is an "emergency circumstance" that will result in "irreparable injury." *Id*. And Apple could not because the Court specifies that "[a]ppropriate ex parte applications . . . generally do not include discovery disputes." J. Major Indiv.

Pracs. at 4. Tellingly, Apple delayed filing its *ex parte* motion until after the close of business on the sixth day following the filing of Wi-LAN's reply and Mr. Stanwood's declaration. Such delay is inconsistent with any putative claim of an "emergency circumstance." Because Apple fails to present any argument demonstrating "good cause or irreparable injury" absent expedited relief from the Court, its *ex parte* motion should be denied.

### B. Apple Did Not Argue that the Qualcomm Agreement Related to a "Different" WiMAX Standard Until Its Response to Wi-LAN's Motion to Compel

The parties met and conferred on September 22 and September 26 and conferred with the Court on September 26 and October 10 to discuss Wi-LAN's request for the Qualcomm Agreement and related materials, and Apple never once raised the argument that the Qualcomm Agreement relates to a "different" WiMAX standard and is therefore not discoverable. (Ex. 1, Declaration of Warren Lipschitz at ¶¶ 2-4; *see also* ECF No. 179-2, Exs. 18 and 19 (showing Apple's failure to raise this argument in written correspondence).) Apple does not argue in its Motion to Strike that it raised these arguments on the parties meet and confers, conferences with the Court, or in any written correspondence (because Apple did not). Instead, Apple points to a single sentence from its responsive claim construction brief as evidence that Wi-LAN was on notice that Apple intended to use this argument in response to Wi-LAN's Motion to Compel withheld discovery. Nothing about the cited passage in Apple's responsive claim construction brief relates to Qualcomm or the related discovery Wi-LAN seeks. Indeed, this cited passage is a non-substantive introduction to Apple's responsive claim construction brief (ECF No. 176 at 1), and WiMAX is discussed in no factual or argument section in the brief. Apple's Motion to Strike also touts the fact that Wi-LAN's Motion to Compel cited Apple's opening claim construction brief regarding WiMAX. (ECF No. 179 at 2-3.) All this passage shows, however, is that Apple was attempting to inject WiMAX into this case by drawing a distinction between the

WiMAX and VoLTE standards; there is no discussion of different versions of WiMAX, which is the crux of Apple's argument in its Opposition.

Rather, Apple—for the first time in its Opposition—argued that it need not produce discovery concerning the Qualcomm Agreement because the "communications and related documents between Qualcomm and Apple [are] about a different industry standard than the one at issue in this case" and that "[t]he 4G Mobile WiMAX standard was not released until 2005, so Wi-LAN's 1999-era patents cannot possibly relate to that standard." (ECF No. 183 at 9.) These statements are false, and Wi-LAN was entitled to respond to Apple's newly asserted arguments. *See Endurance Am. Specialty Ins. Co. v. WFP Secs. Corp.*, No. 11CV2611 JAH (KSC), 2012 WL 7808097, at *3-5 (S.D. Cal. Sept. 28, 2012) (denying motion to strike new evidence and arguments in reply because they responded to arguments raised in opposition).

### C. Apple Has Already Responded Substantively to Mr. Stanwood's Declaration—There Is No Prejudice to Be Cured or Relief to Be Granted

There is also no need for Apple to file a sur-reply because Apple has already taken it upon itself to respond substantively to Mr. Stanwood's declaration in its Motion to Strike. As discussed above, Apple's Motion to Strike should be denied as procedurally defective, but in flouting the Court's rules in filing this motion Apple has unilaterally given itself the forum it desired to cite its additional evidence in response to Mr. Stanwood's declaration. Having accomplished that, there is no need to strike Mr. Stanwood's declaration or the related portions of Wi-LAN's reply brief. *See Hupp v. San Diego Cty.*, No. 12CV0492-GPC-RBB, 2014 WL 3573337, at *5 (S.D. Cal. July 21, 2014) (denying motion to strike because, *inter alia*, "Plaintiff utilize[d] the present motion to strike to respond substantively to Defendants' arguments"). Apple further identifies no reason why an extra brief (in addition to its Motion to Strike) is necessary, particularly given that Apple took six days after the filing of Wi-LAN's reply to formulate its substantive response to Mr. Stanwood's declaration in the Motion to Strike. Apple's objective—to sur-reply to Wi-LAN's reply, even though the Court

prohibited such (ECF No. 178)—has been effectively (and improperly) achieved. There is no relief that the Court can grant to Apple at this point, and the motion should be denied.

### D. Apple's Rebuttal of Mr. Stanwood's Declaration Is Wrong

Apple's vague arguments fail to rebut the documentary evidence cited in Mr. Stanwood's declaration—none of Apple's evidence is relevant to whether the patents'-in-suit technologies were used in both Fixed and Mobile WiMAX. Mr. Stanwood's declaration cites specific portions of WiMAX standards documents to show how the teachings of the patents-in-suit are present in both Fixed and Mobile WiMAX. (ECF 189 at 9-10; ECF 189-1 ¶¶ 14-31.) In contrast, Apple's Motion to Strike comprises superficial, blanket statements about WiMAX in general that do not pertain to the issues in this case. (ECF 198-1 at 4-5.)

First, Mr. Stanwood's prior deposition testimony that he was not using the later developed marketing term "4G" when developing his patented inventions is irrelevant to the questions at hand, and is not inconsistent with Mr. Stanwood's declaration's explanation of how the WiMAX standard evolved and carried the patented technologies forward into the mobile versions.[1] (ECF 189-1 ¶¶ 8-16.) Whether Mr. Stanwood used the later developed marketing term "4G" when he developed these inventions has no bearing on whether the patented technologies were originally developed for the first version of WiMAX, and then carried over into the Mobile WiMAX amendment. Mr. Stanwood's testimony that Fixed and Mobile WiMAX used different frequencies similarly has no bearing on whether the patented technologies were used in both Fixed

---

[1] Apple incorrectly states in a footnote that Wi-LAN should have produced Mr. Stanwood's deposition transcript from a prior litigation. Despite being well aware of Mr. Stanwood's deposition testimony from the prior litigation, it was only this week that Apple made a specific request for such testimony regarding its newly raised Fixed WiMAX argument. Wi-LAN also disputes that its discovery responses are deficient and is preparing a response to Apple's complaint letter, but in any case this putative discovery issue is not ripe for the Court's attention because the parties have yet to meet and confer.

and Mobile WiMAX. <u>Second</u>, Apple's citation to a 2009 four-page marketing document by a wireless broadband manufacturing company called "Tranzeo" is irrelevant, as it does not indicate whether the technologies at issue in this lawsuit were carried over into Mobile WiMAX. <u>Finally</u>, Apple's citation to the FCC statement that devices using fixed and mobile WiMAX were used differently also does not indicate whether the technologies at issue were carried over from Fixed to Mobile WiMAX—Wi-LAN and Mr. Stanwood agree that fixed means stationary and mobile means moveable.

Apple in no way contradicts the well-supported contention that three of the technologies at issue in this lawsuit—(1) bandwidth request and allocation, (2) packing and fragmenting, and (3) multi-connection prioritization—were included in both Fixed and Mobile WiMAX. Mr. Stanwood provides unrebutted documentary evidence demonstrating that these inventions were carried over from one iteration of the WiMAX standard to the later evolutions of the standard. Apple's silence as to the presence of these inventions in the Fixed and Mobile WiMAX standards is telling. Apple's request to file a sur-reply should be denied as futile.

## II. CONCLUSION

For the reasons stated above, Wi-LAN respectfully requests that the Court deny Apple's "ex parte" motion to strike the Stanwood Declaration and/or to file a sur-reply.

Dated: November 9, 2017                          Respectfully submitted,


By:   */s/ Allison H. Goddard*
Allison H. Goddard (211098)
ali@pattersonlawgroup.com
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
(619) 398-4760
(619) 756-6991 (facsimile)


Robert Cote
rcote@mckoolsmith.com
Brett Cooper
bcooper@mckoolsmith.com
Kevin Schubert
kschubert@mckoolsmith.com
McKOOL SMITH, P.C.
One Bryant Park, 47th Floor
New York, NY 10036
(212) 402-9400
(212) 402-9444 (facsimile)

Seth Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
(512) 692-8700
(512) 692-8744 (facsimile)

*Attorneys for Defendant,
Wi-LAN Inc.*

# **PROOF OF SERVICE**

I hereby certify that on November 9, 2017, I caused a copy of this pleading to be delivered via electronic mail on the counsel of record.

Dated: November 9, 2017

By: */s/ Allison H. Goddard*
Allison H. Goddard (211098)
ali@pattersonlawgroup.com
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
(619) 398-4760
(619) 756-6991 (facsimile)

*Attorneys for Defendant,
Wi-LAN Inc.*