.

# EXHIBIT L

# MᴄKᴏᴏʟ Sᴍɪᴛʜ

Drew B. Hollander
Direct Dial:  (212) 402-9482
dhollander@mckoolsmith.com

One Bryant Park
47th Floor
New York, NY 10036

Telephone: (212) 402-9482
Facsimile: (212) 402-9444

November 14, 2017

**VIA EMAIL**

Jacob Anderson
DLA Piper LLP
401 B Street, Suite 1700
San Diego, California 92101
jacob.anderson@dlapiper.com

> RE:   Apple Inc. v. Wi-LAN Inc., No. 3:14-cv-2235-DMS-BLM (S.D. Cal);
> Wi-LAN Inc. v. Apple Inc., No. 3:14-cv-1507-DMS-BLM (S.D. Cal) –
> Discovery Requests

Dear Jacob:

We write in response to your letter dated November 6 regarding Wi-LAN's alleged discovery deficiencies.  Wi-LAN has sufficiently responded to Apple's requests for production and interrogatories.  The discovery requests in your letter have already been discussed and resolved, and it is improper to reopen these closed requests now.

Apple's arguments regarding these alleged deficiencies are untimely and waived.  As you are aware, the Court's Amended Case Management Order states:

> All discovery motions must be filed within 30 days of the service of an objection, answer or response which becomes the subject of dispute or the passage of a discovery due date without response or production, and only after counsel have met and conferred and have reached impasse with regard to the particular issue. . . **.  A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

(ECF No. 116 ¶ 14.)  Wi-LAN's responses to Apple's discovery requests were served in August and September.  Apple did not seek any relief from the Court within 30 days of service.  The Court's Amended Case Management Order thus prohibits Apple from pursuing any dispute with regard to these discovery requests.  Below is a summary of the procedural history of these requests, showing that reopening them at this late stage is improper.

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Silicon Valley  |  Washington, DC**

Exhibit L, Page 7

November 14, 2017
Page 2

## I.      Apple's First Set of RFPs (Nos. 1-85)

Apple served its first set of RFPs (Nos. 1-85) on July 26, and Wi-LAN produced nearly 10,000 documents in fulfillment of these RFPs on August 25.   As a point of reference, in response both to Wi-LAN's first set of RFPs and the Patent Local Rules, Apple at this stage had produced barely 2,000 documents.  (Sept. 6, 2017 letter from Yim to Gaspar at 2.)  The first time Apple wrote to Wi-LAN about its production in response to Apple's first set of RFPs was September 11.  (Sept. 11, 2017 letter from Dang to McGowin.)  This letter indicated that Apple had undertaken review of Wi-LAN's production but did not identify any deficiency in the production.  (*Id.* at 1-2.)  Wi-LAN responded to this letter on September 18, indicating that it had produced nearly 10,000 documents with respect to Apple's first set of RFPs.  (Sept. 18, 2017 letter from Lipschitz to Dang at 1.)   Apple then requested a meet and confer with Wi-LAN regarding Apple's first set of RFPs.  (Sept. 21, 2017 email from Dang to Lipschitz.)  The parties met and conferred on September 22, and the parties "discussed Wi-LAN's responses to Apple's Discovery and the [September 18] letter."  (Sept. 22, 2017 email from Lipschitz to Dang.)  Wi-LAN also wrote that "Wi-LAN has addressed all of Apple's concerns.  Please let me know if there are any outstanding issues you would like to discuss."  (*Id.*)  Apple did not respond.  The 30-day period to challenge Wi-LAN's production ended on September 25, 2017 for Apple's first set of RFPs (Nos. 1-85), and Apple sought no relief from the Court prior thereto.

## II.     Apple's First Set of Interrogatories (Nos. 1-10)

Apple served its first set of interrogatories (Nos. 1-10) on July 26, and Wi-LAN served responses thereto on August 25.   The first time Apple wrote to Wi-LAN about these interrogatory responses was September 11.  (Sept. 11, 2017 letter from Dang to McGowin.)  This letter alleged deficiencies in Wi-LAN's responses to Interrogatory Nos. 1, 2, 5, 6, 7, and 8.  (*Id.* at 2-4.)   Wi-LAN responded to this letter on September 18, indicating that "Wi-LAN has provided full responses to Apple's ROGs."  (Sept. 18, 2017 letter from Lipschitz to Dang at 1.)  Apple then requested a meet and confer with Wi-LAN regarding Apple's first set of interrogatories.  (Sept. 21, 2017 email from Dang to Lipschitz.)  The parties met and conferred on September 22, and the parties "discussed Wi-LAN's responses to Apple's Discovery and the [September 18] letter."  (Sept. 22, 2017 email from Lipschitz to Dang.)  Wi-LAN also wrote:

> Specifically, we discussed Interrogatories 1, 2, 5, 6, 7, and 8.  You agreed that WiLAN's citation to documents for Rog 2 is sufficient and Wi-LAN's response to Rog 6 is sufficient.  At this point, I believe that Wi-LAN has addressed all of Apple's concerns.  Please let me know if there are any outstanding issues you would like to discuss.

(*Id.*)  Apple did not respond.  The 30-day period to challenge Wi-LAN's responses ended on September 25, 2017 for Apple's first set of interrogatories (Nos. 1-10), and Apple sought no relief from the Court prior thereto.

November 14, 2017
Page 3

### III.    Apple's Second Set of RFPs (Nos. 86-109)

Apple served its second set of RFPs (Nos. 86-109) on August 28, and Wi-LAN responded on September 27.  Many of these RFPs were duplicative of RFPs in Apple's first set, and the time to challenge those RFPs expired as indicated in section I above.  For the non-duplicative RFPs in Apple's second set, the 30-day period to challenge Wi-LAN's production ended on October 27, and Apple sought no relief from the Court prior thereto.  Apple did not write to Wi-LAN or request a meet and confer with Wi-LAN regarding any deficiencies in Wi-LAN's production in response to Apple's second set of RFPs prior to October 27.

### IV.    Apple's Second Set of Interrogatories (No. 11)

Apple served its second set of interrogatories (No. 11) on August 28, and Wi-LAN responded on September 27.  The first time Apple wrote to Apple regarding this interrogatory response was October 3.  (Oct. 3, 2017 email from Pierucci to Wi-LAN Counsel.)  This email alleged that "Wi-LAN's response to Interrogatory No. 11 is deficient for several reasons and Apple requests that Wi-LAN supplement its response."  (*Id.*)  Wi-LAN supplemented its response to Interrogatory No. 11 on October 13.  Apple did not follow up thereto with Wi-LAN.  The 30-day period to challenge Wi-LAN's response to Apple's second set of interrogatories (No. 11) ended on October 27, and Apple sought no relief from the Court prior thereto.

*        *        *

Per the Court's Amended Case Management Order, the allegations in your November 6 letter are untimely and improper.  We have previously notified Apple of the Court's 30-day rule and have been complying with it throughout this case.  (*See, e.g.*, Sept. 18 email from Lipschitz to Gaspar ("As you know, the court requires discovery motions to be filed within 30 days of objections").)  Nonetheless, your November 6 letter provides no basis for deviation from the 30-day rule.

Best regards,

*/s/Drew Hollander*

Drew Hollander