

DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, California  92101-4297
www.dlapiper.com

Sean C. Cunningham
sean.cunningham@dlapiper.com
T   619.699.2900
F   619.764.6600

January 19, 2018
VIA HAND DELIVERY

The Honorable Barbara L. Major
United States Magistrate Judge, Southern District of California
221 West Broadway
San Diego, CA  92101

**Re:**   *Apple Inc. v. Wi-LAN Inc.,* **Case No. 3:14-cv-2235-DMS-BLM (S.D. Cal)**
          *Wi-LAN Inc. v. Apple Inc.,* **Case No. 3:14-cv-1507-DMS-BLM (S.D. Cal)**

Dear Magistrate Judge Major:

Apple respectfully submits this letter brief pursuant to the parties' January 16, 2018 call with the Court Clerk regarding Wi-LAN's deficient responses to Apple's Interrogatory Nos. 14-16, which seek Wi-LAN's contentions related to the alleged commercial success of its patents, alleged validity under Section 102 and 103, and alleged validity under Section 112, respectively.[1]  These interrogatories indisputably seek relevant information about Wi-LAN's basic contentions in this case, and Wi-LAN has no credible excuse for failing to provide substantive responses.  *Molski v. Franklin*, 222 F.R.D. 433, 435 (S.D. Cal. 2004) ("The party opposing the discovery, whether contention or fact interrogatories, has the burden to justify not responding to those interrogatories").  Fact discovery closed on January 12, 2018, so Wi-LAN should have already provided its contentions on these issues.  Apple therefore requests that the Court order Wi-LAN to provide comprehensive responses to these interrogatories immediately, or order that Wi-LAN is prohibited from expanding on its undisclosed contentions in expert reports, summary judgment, or at trial.

**Interrogatory No. 14 – Commercial Success Contentions**

If Wi-LAN contends that its products practice its patents, it should have to explain why.  Wi-LAN has not done so.  Interrogatory No. 14 asks Wi-LAN to identify all products made by Wi-LAN or Ensemble Communications (the party from whom Wi-LAN purchased the asserted patents), that allegedly practice the asserted patent claims and to identify "in chart form … the structures or functionalities in each prototype or product that purportedly meet each limitation of each such asserted claim … ."  Ex. 1 at 8  This interrogatory is relevant to Wi-LAN's validity contention that its allegedly patent-practicing products were commercially successful, and targets the threshold issue of whether Wi-LAN's products were actually patent-practicing products.  In response, Wi-LAN identified two products (the Libra MX product and the Ensemble Fiberless product), but did not explain how or why they "meet each limitation of each asserted claim."  Rather than providing a substantive response, Wi-LAN directed Apple to a list of nearly 1,000 documents that purportedly provide a response.  Ex. 1 at 9-10 and Exhibit A thereto; Ex. 2 at 90.  Wi-LAN also directed Apple to thousands of pages of other documents that Wi-LAN cited in its Patent Local Rule 3.2 disclosures, as well as its forthcoming expert reports and three deposition transcripts (spanning nearly 1,000 pages) of Kenneth Stanwood, a named inventor on the patents.  Ex. 2 at 90.

Under the law, Wi-LAN's response is plainly insufficient.  In responding to contention interrogatories, it is not enough to invoke Federal Rule 33(d) and point to thousands of documents.  *See, e.g., Mancini v.*

---

[1] At the Court's request, Apple attaches to this letter Wi-LAN's Objections and Responses to Apple's Third Set of Interrogatories, dated December 11, 2017 (Exhibit 1); and Wi-LAN's Supplemental Responses to Apple's Interrogatory Nos. 2, 3, 4, 5, 8, 10, 12, 14, 17, dated January 12, 2018 (Exhibit 2).



January 19, 2018
The Honorable Barbara L. Major
Page Two

*Insurance Corp. of New York,* No. 07cv1750–L(NLS), 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) ("Because Plaintiffs are more familiar with their contentions than [defendant] could be, the burden is not equal and the use of Rule 33(d) is inappropriate").  Even if it were sufficient, the documents Wi-LAN cites do not provide a response to the interrogatory.  For instance, the mass of documents Wi-LAN cites includes:  (1) a photograph of a framed cover and article from the November 1995 "Business in Calgary" magazine (W2235-00032471); (2) two photographs of a "Certification of Nomination" for "Entrepreneur of the Year" presented to Hatim Zaghloul (W2235-00032472, W2235-00032473); (3) a 200-page handwritten notebook from an unknown author with entries dating back to 1992 (W2235-00032743).  Not only are these documents irrelevant to Wi-LAN's contentions, none of the cited documents answer the question:  How do Wi-LAN's own products practice the asserted patents?  Wi-LAN contends that these products practice the asserted patents and presumably analyzed the claim limitations before making that contention.  Yet Wi-LAN wants to wait until it submits its rebuttal expert reports to provide the "how" contentions so that Apple has no ability to respond or consider Wi-LAN's contentions before submitting its own expert reports.  This is unfair and contrary to the purpose of fact discovery.

Wi-LAN may cite *Sonix Tech. Co. Ltd v. Yoshida,* No. 12-cv-380-CAB (DHB), 2014 WL 11878354, at *3-4 (S.D. Cal. Dec. 5, 2014) for the proposition that providing claim-chart level contentions regarding its own products is "unduly burdensome."  However, that decision is inapposite, because the patentee in that case conceded that it was <u>not</u> relying on its own products to demonstrate commercial success.  *See id*. at *3 ("Further, the Court notes that Defendants have conceded that they do not rely on their own products.").  Here, the opposite is true—Wi-LAN <u>is</u> relying on its own products for alleged commercial success to try to establish the asserted claims are valid over Apple's prior art.  Ex. 2 at 90-96 ("[t]he technology in the '145, '723, '020, and '761 patents-in-suit was embodied in Ensemble's 'Fiberless' product, which received substantial industry buzz and acknowledgement").  Given Wi-LAN's position that its own products practiced the asserted patents and achieved commercial success (which is not true), Wi-LAN has no basis for refusing to provide its contention for the threshold showing of how its products practiced the patents.  *Blast Motion, Inc. v. Zepp Labs, Inc.,* No. 15-cv-00700-JLS-NLS, 2016 WL 5107677, at *1, 3-4 (S.D. Cal. Mar. 2, 2016) (compelling response to interrogatory as to "how [patentee's] products embody its asserted patent limitations"); *see also PersonalWeb Techs., LLC v. Google Inc.*, No. 13-cv-01317 EJD (HRL), 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014) (ordering the plaintiff to provide a "full substantive response to Google's interrogatory" seeking "a limitation-by-limitation claim chart for PersonalWeb's product StudyPods, which PersonalWeb contends practices the patents-in-suit").

Just as in *Blast Motion* and *PersonalWeb*, Wi-LAN must explain how and why its own products practice the asserted patents, or formally drop its contention that they do.  Wi-LAN should not be permitted to wait until rebuttal expert reports to provide its theories as to how Wi-LAN's own products supposedly contribute to commercial success.

**Interrogatory Nos. 15 and 16 – Validity Contentions**

If Wi-LAN contends that Apple's invalidity contentions do not establish the asserted claims are invalid, Wi-LAN should explain why.  Wi-LAN has not done so.  Interrogatory Nos. 15 and 16 request Wi-LAN's contentions as to why and how the asserted patents are not invalid under 35 U.S.C. §§ 102 and 103 (No. 15) and Wi-LAN's contentions as to why and how the asserted claims are not invalid under 35 U.S.C. § 112 (No. 16).  Wi-LAN's current responses are nearly nonexistent.  For Interrogatory No. 15, Wi-LAN responded that "[t]he patents-in-suit are presumed valid," that "Apple's invalidity contentions do not prove



January 19, 2018
The Honorable Barbara L. Major
Page Three

that any of the prior art references disclose any claim elements of the asserted claims," and that it will provide expert testimony in the future.  Ex. 1 at 10-11.  Wi-LAN responded to Interrogatory No. 16 by asserting that the patent examiner has already determined that each claim is valid under 35 U.S.C. § 112 and that it will provide expert testimony.  *Id*. at 13.  Wi-LAN's non-responses stand in stark contrast to Apple's supplemental response to Wi-LAN's Interrogatory No. 3 (requesting Apple's noninfringement contentions), which contains detailed claim charts for each patent and spans nearly 150 pages of text and limitation-by-limitation charts.  Wi-LAN's assertion that it does not need to provide validity contentions is also flatly contrary to the law in this Circuit.  *See, e.g., SPH Am., LLC v. Research in Motion, Ltd.*, No. 13-cv-2320 CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016) (granting motion to compel "contention interrogatory seek[ing] information concerning the validity of [the asserted] patents" and holding that "defendant is not required to establish a *prima facie* case of invalidity before it is entitled to obtain discovery on the validity of the patents"); *see also Amgen Inc. v. Sandoz Inc.*, No. 14-cv-04741-RS (MEJ), 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017) (compelling response to defendant's interrogatory seeking "the factual basis for Amgen's [validity] allegations" and rejecting argument that the interrogatory was more "properly within the scope of expert discovery").  Wi-LAN's contentions about the purported validity of the asserted patents is unquestionably relevant, and Apple should not have to wait until Wi-LAN serves rebuttal expert reports to understand Wi-LAN's validity positions.

Wi-LAN likely will argue that it is not required to provide complete responses to Apple's Interrogatory Nos. 15-16 because Wi-LAN previously lost its motion to compel a further response to its Interrogatory No. 3 (seeking noninfringement contentions).  *See* Dkt. No. 161.  But that situation is distinguishable in at least two respects.  <u>First</u>, Apple had already provided specific reasons why certain claim limitations in the asserted patents were not met.  *See* Dkt. No. 135, Ex. 13 at 160-165.  Here, in contrast, Wi-LAN has provided no analysis whatsoever of specific claim limitations in response to Apple's similar interrogatories—none.  <u>Second</u>, on December 15, months after that decision, Wi-LAN continued to assert that Apple needed to supplement its noninfringement contention interrogatory response to comply with Federal Rule of Civil Procedure 26 to account for the Court's claim construction order.  Apple did so.  Wi-LAN cannot credibly request (and obtain) detailed non-burden contention interrogatory responses from Apple while refusing to provide any substance in response to Apple's similar interrogatories.

Therefore, Apple respectfully requests that Wi-LAN be ordered to provide comprehensive responses to Apple's Interrogatory Nos. 14-16 or be prohibited from later providing additional details or new theories in expert reports, summary judgment, or at trial.

Very truly yours,

**DLA Piper LLP (US)**

Sean C. Cunningham
Partner

Admitted to practice in California

SCC:tk



January 19, 2018
The Honorable Barbara L. Major
Page Four

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

                                                            /s/ *Sean C. Cunningham*
                                                            Sean C. Cunningham