UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>                                    Plaintiff,<br><br>v.<br><br>WI-LAN INC., et al.,<br><br>                                    Defendants. | Case No.: 14cv2235-DMS (BLM)<br><br>**ORDER REGARDING APPLE'S MOTION TO COMPEL RESPONSES TO INTERROGATORY NOS. 14-16**<br><br>**[ECF Nos. 262, 263]** |

On January 16, 2018 the parties called the court regarding a discovery dispute in connection with Wi-LAN's responses to Apple's Interrogatory Nos. 14, 15, and 16. The court issued a briefing schedule for the parties to file letter briefs regarding their respective positions. The parties timely filed their respective letter briefs. ECF Nos. 262, 263.

Apple argues that Wi-LAN's responses to Apple's Interrogatory Nos. 14, 15 and 16 are deficient. ECF No. 263 at 1. Apple contends that the three interrogatories at issue "seek Wi-LAN's contentions related to the alleged commercial success of its patents, alleged validity under Section 102 and 103, and alleged validity under 112, respectively." Id. Apple requests that the Court order Wi-LAN to provide comprehensive responses to these interrogatories, or order that Wi-LAN is prohibited from relying on its undisclosed contentions in expert reports, summary judgment, or at trial. Id. Wi-LAN responds that its responses to these interrogatories are

1

sufficiently detailed, and Apple's request should be denied. ECF No. 262 at 1. The Court has carefully reviewed Wi-LAN's responses and supplemental responses to Interrogatory Nos. 14-16 and considered all of the briefing. See Apple's Letter Brief, Exhibit 1 to the Declaration of Sean Cunningham (Wi-LAN's Objections and Responses to Apple's Third Set of Interrogatories) and Exhibit 2 to the Declaration of Sean Cunningham (Wi-LAN's Supplemental Responses to Apple's Interrogatory Nos. 2, 3, 4, 5, 8, 10, 12, 14, 17). The Court will address each interrogatory below.

### 1. **Interrogatory No. 14**

Apple's Interrogatory No. 14 asks Wi-LAN to identify all products made by Wi-LAN or Ensemble Communications that allegedly practice the Asserted Patent claims. Ex. 1 at 8. The interrogatory also seeks the legal and factual basis for Wi-LAN's contention that the identified products practice the claims. Id. Finally, the interrogatory asks Wi-LAN to provide its response in a chart "identifying the structures or functionalities in each prototype or product that purportedly meet each limitation of each such asserted claim. . . ." Id. Wi-LAN responded by identifying two products and specific patents and claims. Id. at 9. Wi-LAN also listed a large number of documents as providing responsive information. Id. at 10, 22-45. Finally, Wi-LAN directed Apple to its Local Patent Rule 3.2 disclosures, future expert testimony, and the deposition testimony of Kenneth Stanwood. Id. at 10; see also Ex. 2 at 90.

Apple contends that Wi-LAN's response is insufficient because it fails to explain why Wi-LAN contends its products practice its patents. ECF No. 263 at 1. Apple asserts that the requested information is "relevant to Wi-LAN's validity contention that its allegedly patent-practicing products were commercially successful, and targets the threshold issue of whether Wi-LAN's products were actually patent-practicing products." Id. Apple further objects to Wi-LAN's decision to refer Apple to "nearly 1000 documents that purportedly provide a response" instead of properly answering the interrogatory. Id.

Wi-LAN disagrees and states that its response is sufficient as it identified two products, the specific claims, and "24 pages of the documents underlying Wi-LAN's belief that these products may have practiced one or more claims of the Patents-in-Suit." ECF No. 262 at 1. Wi-

2

LAN asserts that its response complies with FRCP 33(b) because it provides "such information as is available to [it]." Id. Wi-LAN also objects to providing element-by-element claim charts because it has never conducted any such analysis, and to do so would be unduly burdensome. Id. (citing Sonix Tech. Co. Ltd. V. Yoshida, No. 12 CV 380, 2014 WL 11878354, at *3 (S.D. Cal. Dec. 5, 2014)). Wi-LAN argues that its response to Interrogatory No. 14 is consistent with Patent Local Rule 3.1(g), which Wi-LAN claims only requires it to "identify" for each asserted claim the allegedly practicing products, not require a detailed explanation of how the products meet each claim element. Finally, Wi-LAN claims that its response is consistent with the Court's prior rulings in this matter, noting that the Court previously denied Wi-LAN's request to compel Apple to provide a more detailed response to Wi-LAN's Interrogatory No. 3. ECF No. 262, at 2. Notably, Wi-LAN does not argue that the information sought in this interrogatory is not relevant. ECF No. 262.

The Court agrees with Apple that Wi-LAN's response to Interrogatory No. 14 does not satisfy Wi-LAN's discovery obligation. While FRCP 33(d) authorizes a party in limited circumstances to respond to an interrogatory by identifying specific documents, Wi-LAN has not established the requisite circumstances. Rule 33(d) provides:

> If an answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts or summaries.

Fed. R. Civ. P. 33(d).

Here, Wi-LAN has not established that the burden of ascertaining the answer to the interrogatory from the identified documents is substantially the same for Apple and Wi-LAN.

3

Interrogatory No. 14 seeks the basis for Wi-LAN's "contention that the prototype or product practices or would have practiced one or more claims of the Asserted Patents." Ex. 1, at 8. Because the interrogatory seeks Wi-LAN's contentions, the burden of ascertaining that answer from the documents is not the same for Apple and Wi-LAN. See, Mancini v. Insurance Corp. of New York, No. 07cv1750-L (NLS), 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009) (granting plaintiff's motion to compel supplemental contention interrogatory responses "because Plaintiffs are more familiar with their contentions than [defendant] could be, [so] the burden is not equal and the use of Rule 33(d) is inappropriate."); see also Blast Motion, Inc. v. Zepp Labs, Inc., No. 15-cv-00700-JLS (NLS), 2016 WL 5107677, at *1, 3-4 (S.D. Cal. Mar. 2, 2016) (granting the accused infringer's motion to compel a more complete answer and rejecting the patentee's reliance on Rule 33(d) because the patentee was in a better position than the accused infringer to know how its products worked and what they were made up of). Accordingly, the Court grants Apple's motion and requires Wi-LAN to provide a supplemental response setting forth the legal and factual basis for its contention that the identified products practice the Asserted Patent claims. Wi-LAN argues that it should not have to provide its response in element-by-element claim charts because it has not created such charts and to do so would be unduly burdensome. ECF No. 262 at 1 (citing Sonix Tech. Co. Ltd. V. Yoshida, No. 12 CV 380, 2014 WL 1187354, at *3 (S.D. Ca. Dec. 5, 2014)). The Court agrees with Wi-LAN that its response does not have to be in the chart format requested by Apple but, as set forth above, Wi-LAN must supplement its answer to Interrogatory No. 14.

The Court also disagrees with Wi-LAN's argument that it does not have to supplement its response to Interrogatory No. 14 because the response is consistent with Patent Local Rule 3.1(g). Wi-LAN argues broadly, without citing relevant legal authority[1], that Rule 3.1(g) "only requires Wi-LAN to identify for each asserted claim the allegedly practicing products and is intended to replace interrogatories such as No. 14 – this rule does not require a detailed

---

[1] Wi-LAN's relies on Presidio Components, Inc. v. Am. Tech. Ceramics Corp., No. 14CV2016-1, 2015 WL 12843185, at *1 (S.D. Cal. Aug. 26, 2015), only for the dicta about the purpose of the local patent rules.

4

explanation of how the products meet each claim element." ECF No. 262, at 2. Wi-LAN fails to cite any authority to support its interpretation that compliance with Patent Local Rule 3.1(g) prohibits the contention interrogatory propounded by Apple, and fails to address the contrary authority cited by Apple. A district court in the Northern District of California rejected this precise argument. See PersonalWeb Techs., LLC v. Google Inc., No. 13-cv-01317-EJD (HRL), 2014 WL 4088201, at *5 (N.D. Cal. Aug. 19, 2014). In doing so, the court reasoned:

> [T]he text of Patent L.R. 3-1 is not as limiting as PersonalWeb suggests. Rule 3-1(g) provides that a party claiming patent infringement must produce a claim chart if the party wishes 'to rely, *for any purpose*, on the assertion that its own. . . instrumentality practices the claimed invention.' Moreover, the fact that discovery is not explicitly required by the local rules does not mean that a party is excused from responding to a discovery request.

Id. (emphasis in original). The Court agrees with the PersonalWeb Techs. court and finds that Rule 3.1(g) does not prohibit additional discovery such as Interrogatory No. 14.

Finally, Wi-LAN's argument that its response is consistent with the Court's prior rulings with regard to Apple's responses to Wi-LAN's contention interrogatories is unpersuasive. As Apple points out in its letter brief [ECF No. 263 at 3], Apple provided more information to Wi-LAN in response to Interrogatory No. 3 including specific reasons why certain claim limitations in the Asserted Patents were not met. See ECF No. 138-1, at 16-19. The Court has reviewed Wi-LAN's response and supplemental response to Interrogatory No. 14 and finds they are not as detailed as Apple's response and, as set forth above, are insufficient.

Accordingly, the Court **GRANTS** Apple's Motion to Compel a supplemental response to Interrogatory No. 14. Wi-LAN is **ORDERED** to provide "the legal and factual basis for Wi-LAN's contention that the prototype or product practiced or would have practiced one or more claims of the Asserted Patents" and "identifying the structures or functionalities in each prototype or product that purportedly meet each limitation of each such asserted claim" on or before **February 16, 2018**.[2]

---

[2] The Court notes that Apple did not challenge the adequacy of Wi-LAN's identification of the prototypes/products or specific patent claims.

### 2. **Interrogatory Nos. 15 and 16**

Apple's Interrogatory Nos. 15 and 16 ask Wi-LAN to explain why the Asserted Patents are valid under 35 U.S.C. §§ 102 or 103 (No. 15) and 35 U.S.C. § 112 (No. 16). Ex. 1 at 10-12. In response to Interrogatory No. 15, Wi-LAN stated that "[t]he patents-in-suit are presumed valid and Apple bears the burden of proving invalidity by clear and convincing evidence," and "Apple's invalidity contentions do not prove that any of the prior art references disclose any claim elements of the asserted claims." Ex. 1 at 10-11. Wi-LAN responded to Interrogatory No. 16 by asserting that the "patent examiner has determined after thorough reading and evaluation of the specification that each asserted claim is valid under 35 U.S.C. § 112" and that "Apple bears the burden of proving lack of written description and enablement by clear and convincing evidence." Id. at 13. In both responses, Wi-LAN indicates that it will provide supporting expert testimony in accordance with the Court's rules and schedules. Id. at 11-13.

Apple states that Wi-LAN's current responses are "nearly nonexistent" and argues that "[i]f Wi-LAN contends that Apple's invalidity contentions do not establish the asserted claims are invalid, Wi-LAN should explain why." ECF No. 263 at 2. Apple asserts that Wi-LAN's position that it does not need to provide validity contentions is contrary to relevant case law. Id. (citing SPH Am., LLC v. Research in Motion, Ltd., No. 13-cv-2320-CAB (KSC), 2016 WL 6305414, at *2 (S.D. Cal. Aug. 16, 2016); Amgen Inc. v. Sandoz Inc., No. 14-cv-04741-RS (MEJ), 2017 WL 1352052, at *2 (N.D. Cal. Apr. 13, 2017)). Finally, Apple argues that the requested information is relevant and Apple should not have to wait until Wi-LAN serves rebuttal expert reports to understand Wi-LAN's validity positions. Id.

Wi-LAN opposes Apple's request and states with respect to Interrogatory No. 15 that it directed Apple to the validity expert reports from Vijay Madisetti and Kenneth Stanwood produced in the prior case, Wi-Lan USA, Inc. v. Apple Inc., 3:13-cv-00798-DMS (BLM) (S.D. Cal.). ECF No. 262 at 2. Wi-LAN explains that five of the six patents in the instant case are from the same patent families that were at issue in the prior case and therefore "involve many of the same prior art references asserted by Apple in this case" so the prior invalidity reports provide significant insight into Wi-LAN's validity positions. Id. With respect to Interrogatory No.

16, Wi-LAN argues that it is Apple's burden of proving lack of written description or enablement by clear and convincing evidence, and Apple has yet to rebut the presumption of invalidity. Id. Wi-LAN also contends that additional responses to Interrogatory Nos. 15 and 16 are "unnecessary and unduly burdensome." Id. at 3. (citing Friskit, Inc. v. Real Networks, Inc., No. C03-5085, 2006 WL 1305218, at *1-2 (N.D. Cal. May 11, 2006); Presidio, 2015 WL 12843185, at *1 n.1)).

The Court agrees with Apple that it is entitled to discovery regarding Wi-LAN's validity contentions beyond what Wi-LAN has provided in its responses to Apple's Interrogatory Nos. 15 and 16. See, e.g., SPH, 2016 WL 6305414, at *2 (granting motion to compel "contention interrogatory seek[ing] information concerning the validity of [the asserted] patents" and holding that "defendant is not required to establish a *prima facie* case of invalidity before it is entitled to obtain discovery on the validity of the patents"); see also Amgen, 2017 WL 1352052, at *2 (compelling response to defendant's interrogatory seeking "the factual basis for Amgen's [validity] allegations" and rejecting argument that the interrogatory was more "properly within the scope of expert discovery"). As the Court explained in SPH,

> Defendant's contention interrogatory seeks information concerning the validity of plaintiff's nine patents. Patents are presumed valid and the party challenging the validity of the patent bears the burden of proving invalidity by clear and convincing evidence. While the ultimate burden never shifts, 'a patentee may have the burden of going forward with rebuttal evidence once a challenger has presented a *prima facie* case of invalidity….' The ultimate burden of invalidity, however, does not dictate the scope of discovery. Fed.R.Civ.P. 26(b)(1). Indeed, 'nowhere in the Federal Rules of Civil Procedure is it required that a party who carries the ultimate burden on an issue at trial must establish a *prima facie* case before it is entitled to discover information the other party may use to rebut the *prima facie* case.' McKesson Info. Solutions LLC v. Epic Sys. Corp., 242 F.R.D. 689, 692 (N.D.Ga. 2007). Here, defendant is entitled to the requested discovery.

2016 WL 6305414, at *2. Similarly, in Amgen, the court explained, "[t]he fact that expert reports are not due until June 16, 2017 does not excuse Amgen from disclosing responsive information regarding the underlying factual bases of its claim." 2017 WL 1352052, at *2 (internal citation and quotation omitted).

The Court agrees with the reasoning in SPH and Amgen. Apple is not required to establish a prima facie case of invalidity before it can seek discovery on Wi-LAN's validity contentions. Apple also is not required to wait for the required exchange of expert reports to seek Wi-LAN's validity contentions. Accordingly, to the extent that Interrogatory Nos. 15 and 16 seek facts, as opposed to expert opinions, Wi-LAN must respond. See, e.g., Amgen, 2017 WL 1352052, at *2. With regard to Interrogatory No. 15, the Court finds appropriate Wi-LAN's reference to the expert reports from Wi-Lan USA, Inc. v. Apple Inc., 3:13-cv-00798-DMS (BLM) (S.D. Cal.). If Wi-LAN has additional factual validity contentions not set forth in the identified expert reports, it must supplement its response to Interrogatory No. 15 to state them. If Wi-LAN is satisfied with the validity explanations set forth in the identified expert reports, it is not required to supplement Interrogatory No. 15.

To the extent that Apple seeks supplemental responses to Interrogatory Nos. 15 and 16 in the form of claim charts, the Court agrees with Wi-LAN that it may be unduly burdensome. See, e.g., Friskit, Inc. v. Real Networks, Inc., No. C 03-5085, 2006 WL 1305218, at *1-2 (declining to compel "in claim chart form, the written description, enablement, and best mode support for each of [patentee]'s asserted patent claims"). Wi-LAN contends that Apple requests four different types of validity charts (novelty, obviousness, written description, and enablement), and notes that this would require Wi-LAN to create claim charts for each of Apple's 63 asserted prior art references and for each asserted claim in the six Patents-in-Suit. ECF No. 262 at 3. The Court in Friskit explained:

> A reasonable reading of 35 U.S.C. §112 [] and the applicable case law does not seem to require that the patent specification contain separate descriptions of the invention, the enablement, and the best mode. There are three separate requirements but not requirement for three separate sections. Usually, the written description describes the invention and in the process reveals how to do it and the best mode known to the investor without separating out these descriptions. Therefore, [defendant's] request for separate claim charts is DENIED.

2006 WL 1305218, at *1-2.

It is not clear to the Court whether Apple seeks supplemental responses to Interrogatory

8

Nos. 15 and 16 in the form of claim charts, or whether Apple merely seeks "comprehensive responses" (not necessarily in the form of claim charts). To the extent that Apple seeks "claim charts for each of Apple's 63 asserted prior art references and for each asserted claim in the six Patents-in-Suit," the Court agrees with Wi-LAN that such a production would be unduly burdensome. Accordingly, the Court **GRANTS** in part and **DENIES** in part Apple's motion to compel Wi-LAN's validity contentions in response to Interrogatory Nos. 15 and 16. Wi-LAN is **ORDERED** to supplement its responses to Wi-LAN's Interrogatory Nos. 15 and 16 by providing comprehensive responses to these interrogatories including the factual and legal bases for Wi-LAN's validity contentions on or before **February 16, 2018**.

**IT IS SO ORDERED**.

Dated: 2/6/2018

Hon. Barbara L. Major
United States Magistrate Judge