JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
SEAN C. CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
ERIN GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
ROBERT WILLIAMS (Bar No. 246990)
robert.williams@dlapiper.com
TIFFANY MILLER (Bar No. 246987)
tiffany.miller@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

MARK C. SCARSI (Bar No. 183926)
mscarsi@milbank.com
ASHLEE N. LIN (Bar No. 275267)
anlin@milbank.com
MILBANK, TWEED, HADLEY & MCCLOY LLP
2029 Century Park East, 33rd Floor
Los Angeles, CA 90067
Tel: 424.386.4000
Fax: 213.629.5063

CHRISTOPHER J. GASPAR
(*admitted pro hac vice*)
cgaspar@milbank.com
MILBANK, TWEED, HADLEY & MCCLOY LLP
28 Liberty Street
New York, NY 10005
Tel: 212.530.5000
Fax: 212.822.5019

Attorneys for Plaintiff
APPLE INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>                    Plaintiff,<br><br>       v.<br><br>WI-LAN, INC.,<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 3:14-cv-02235-DMS-BLM (lead case);<br>CASE NO. 3:14-cv-1507-DMS-BLM (consolidated)<br><br>**DECLARATION OF SEAN C. CUNNINGHAM IN SUPPORT OF APPLE INC.'S (1) MOTION FOR SUMMARY JUDGMENT AND (2) MOTION TO EXCLUDE CERTAIN OPINIONS OF VIJAY MADISETTI, DAVID KENNEDY AND JEFFREY PRINCE**<br><br>Date: June 1, 2018<br>Time: 1:30 p.m.<br>Dept.: 13A<br>Judge: Hon. Dana M. Sabraw<br>Magistrate Judge: Hon. Barbara L. Major |

I, Sean C. Cunningham, declare:

1. I am a partner with the law firm of DLA Piper LLP (US), counsel of record for Plaintiff Apple Inc. ("Apple") in this case. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to these facts under oath.

2. Attached as Exhibit 1 is a true and correct copy of an excerpt from the Expert Report of Dr. Vijay Madisetti, dated February 15, 2018. Exhibit 1 is based in part on confidential technical information produced by Apple in this case regarding the operation and functionality of its products. I understand Apple would suffer harm if confidential information regarding the operation or functionality of its products were made public.

3. Attached as Exhibit 2 is a true and correct copy of excerpts from the March 28, 2018 deposition transcript of Dr. Vijay Madisetti. Exhibit 2 includes testimony based in part on confidential technical information produced by Apple in this case regarding the operation and functionality of its products. I understand that Apple would suffer harm if confidential information regarding the operation or functionality of its products were made public.

4. Attached as Exhibit 3 is a true and correct copy of the Supplemental Expert Report of Dr. Vijay Madisetti, dated March 22, 2018. Exhibit 3 is based in part on confidential technical information produced by Apple in this case regarding the operation and functionality of its products. I understand that Apple would suffer harm if confidential information regarding the operation or functionality of its products were made public.

5. Attached as Exhibit 4 is a true and correct copy of excerpts from the January 11, 2018 deposition transcript of Sree Ram Kodali. Exhibit 4 includes testimony regarding confidential Apple information regarding the operation and functionality of its products. I understand that Apple would suffer harm if confidential information regarding the operation or functionality of its products

were made public.

6. Attached as Exhibit 5 is a true and correct copy of excerpts from the January 4, 2018 deposition transcript of Longda Xing. Exhibit 5 includes testimony regarding confidential Apple information regarding the operation and functionality of its products. I understand that Apple would suffer harm if confidential information regarding the operation or functionality of its products were made public.

7. Attached as Exhibit 6 is a true and correct copy of a document produced by Wi-LAN bearing bates numberW2235-00443611.

8. Attached as Exhibit 7 is a true and correct copy of excerpts of the Expert Report of David J. Teece in the case styled *Wi-LAN USA, Inc. and Wi-LAN Inc., v. Apple Inc.*, Case No. 3:13-CV-00798-DMS-BLM, dated June 6, 2014. Exhibit 7 is based in part on confidential financial data and sales information regarding Apple's business operations and Apple's iPhone products. I understand Apple would suffer harm if confidential and proprietary business information about Apple's business and its products were made public.

9. Attached as Exhibit 8 is a true and correct copy of excerpts from the January 9, 2018 deposition transcript of Renukadevi Palaniswamy. Exhibit 8 includes testimony regarding confidential Apple information regarding the operation and functionality of its products. I understand that Apple would suffer harm if confidential information regarding the operation or functionality of its products were made public.

10. Attached as Exhibit 9 is a true and correct copy of an excerpt from the January 9, 2018 deposition transcript of Cole Stewart. Exhibit 9 contains a discussion of confidential Apple testing protocols. I understand Apple would suffer harm if confidential technical information regarding its testing protocols were made public.

/////

11.     Attached as Exhibit 10 is a true and correct copy of a document produced by Wi-LAN bearing bates number W2235-00443127.

12.     Attached as Exhibit 11 is a true and correct copy of a document produced by Apple bearing bates number APL-WILANDJ_02965009.

13.     Attached as Exhibit 12 is a true and correct copy of excerpts of the Expert Report of Mr. David Kennedy (Corrected February 26, 2018) and the Supplemental Expert Report of Mr. David Kennedy and certain exhibits thereto. Exhibit 12 is based in part on Apple's confidential financial data and sales information regarding Apple's business operations, licenses and iPhone products. I understand Apple would suffer harm if confidential and proprietary financial data and sales information regarding Apple's business operations, licenses and iPhone products were made public.

14.     Attached as Exhibit 13 is a true and correct copy of a document produced by Wi-LAN bearing bates number W2235-00110757. Wi-LAN has designated the document Confidential – Attorneys' Eyes Only.

15.     Attached as Exhibit 14 is a true and correct copy of excerpts of Wi-LAN's Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated May 15, 2017.

16.     Attached as Exhibit 15 is a true and correct copy of excerpts of Wi-LAN's Second Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated August 10, 2017.

17.     Attached as Exhibit 16 is a true and correct copy of excerpts from Wi-LAN's Supplemental Responses to Apple's Interrogatory No. 4, dated January 12, 2018. Wi-LAN has designated the document Confidential – Outside Attorneys' Eyes Only – Restricted.

18.     Attached as Exhibit 17 is a true and correct copy of excerpts of the Infringement Expert Report of Dr. Vijay Madisetti in the case styled *Wi-LAN USA, Inc. and Wi-LAN Inc., v. Apple Inc.*, Case No. 3:13-CV-00798-DMS-BLM, dated

June 6, 2014. Exhibit 17 is based in part on confidential technical information produced by Apple in this case regarding the operation and functionality of its products. I understand Apple would suffer harm if confidential information regarding the operation and functionality of its products were made public.

19. Attached as Exhibit 18 is a true and correct copy of excerpts of an agreement between Wi-LAN Inc. and Intel Corporation that Wi-LAN produced in this case. Wi-LAN has designated the document Confidential – Outside Attorneys' Eyes Only – Restricted.

20. Attached as Exhibit 19 is a true and correct copy of email correspondence from Robert Cote to Sean Cunningham, dated December 14, 2017. The email is designated Confidential – Attorneys' Eyes Only – Restricted.

21. Attached as Exhibit 20 is a true and correct copy of excerpts of a document produced by Apple bearing bates number APL-WILANDJ_02937359. Exhibit 20 contains Apple confidential business and financial information regarding the development and sale of components used in Apple products. I understand Apple would suffer harm if confidential business and financial information regarding the development and sale of components used in its products were made public.

22. Attached as Exhibit 21 is a true and correct copy of excerpts of a document produced by Apple bearing bates number APL-WILANDJ_02937302. Exhibit 21 contains Apple confidential business and financial information regarding the development and sale of components used in Apple products. I understand Apple would suffer harm if confidential business and financial information regarding the development and sale of components used in its products were made public.

23. Attached as Exhibit 22 is a true and correct copy of a printout of a document produced by Apple bearing bates number APL-WILANDJ_02935613. Exhibit 22 contains Apple confidential financial information regarding Apple's

1  purchase of chipsets from Intel and Qualcomm.  I understand Apple would suffer
2  harm if confidential financial information regarding chipset component sales prices
3  were made public.

4      24.    Attached as Exhibit 23 is a true and correct copy of excerpts of Wi-
5  LAN's Disclosure of Asserted Claims and Preliminary Infringement Contentions,
6  dated January 12, 2015.

7      25.    Attached as Exhibit 24 is a true and correct copy of excerpts of the
8  Rebuttal Expert Report of R. Michael Buehrer Regarding Non-Infringement of U.S.
9  Patent Nos. 8,457,145, 8,462,723, 8,462,761, and 8,615,020, dated March 15, 2018.
10 Exhibit 24 is based in part on Dr. Buehrer's analysis of and excerpts from Apple
11 employee depositions regarding Apple's confidential product testing protocols and
12 procedures.  I understand that Apple would suffer harm if confidential information
13 regarding product testing protocols and procedures were made public.

14     26.    Attached as Exhibit 25 is a true and correct copy of Exhibit A to
15 Apple's Supplemental Responses and Objections to Wi-LAN Inc.'s First Set of
16 Interrogatories (Nos. 1-5, 7), dated July 28, 2017.  Exhibit 25 contains Apple
17 confidential and proprietary information regarding components of Apple's iPhone
18 products.  I understand Apple would suffer harm if confidential and proprietary
19 information regarding components of Apple's products were made public.

20     27.    Attached as Exhibit 26 is a true and correct copy of a document
21 produced by Wi-LAN bearing bates number W2235-00446586.

22     28.    Attached as Exhibit 27 is a true and correct copy of a document
23 produced by Wi-LAN bearing bates number W2235-00441716.

24     29.    Attached as Exhibit 28 is a true and correct copy of a document
25 produced by Apple bearing bates number APL-WILANDJ 00669045.  Exhibit 28
26 contains a third-party notice that does not permit its public disclosure.  Apple has
27 therefore included this document in its list of supporting documents to seal in
28 connection with its motions.

30. Attached as Exhibit 29 is a true and correct copy of a document produced by Apple bearing bates number APL-WILANDJ_00215168. Exhibit 29 contains a third-party notice that does not permit its public disclosure. Apple has therefore included this document in its list of supporting documents to seal in connection with its motions.

31. Attached as Exhibit 30 is a true and correct copy of excerpts from the April 18, 2018 deposition transcript of David Kennedy. Exhibit 30 contains testimony regarding Apple's confidential financial data and sales information regarding Apple's business operations and products. I understand Apple would suffer harm if Apple's confidential financial data and sales information regarding Apple's business operations and products were made public.

32. Attached as Exhibit 31 is a true and correct copy of excerpts of a document produced by Apple bearing bates number APL-WILANDJ_00244317. Exhibit 31 includes Apple confidential market research and analysis regarding Apple's products. I understand Apple would suffer harm if confidential market research and analysis regarding Apple's products were made public.

33. Attached as Exhibit 32 is a true and correct copy of excerpts of the Report of Prof. Jeffrey T. Prince, dated February 15, 2018. Exhibit 32 is based in part on Apple confidential financial data and sales information for Apple's iPhone products. I understand Apple would suffer harm if Apple's confidential financial data and sales information for Apple's iPhone products were made public.

34. Attached as Exhibit 33 is a true and correct copy of excerpts from the April 5, 2018 deposition transcript of Jeffrey T. Prince. Exhibit 33 includes testimony based in part on Apple confidential financial data and sales information regarding Apple's business operations and iPhone products. I understand Apple would suffer harm if Apple confidential financial data and sales information regarding Apple's business operations and iPhone products were made public.

35. Attached as Exhibit 34 is a true and correct copy of excerpts from the Transcript of Jury Trial Before the Honorable Rodney Gilstrap, United States District Judge, in the case styled *Wi-LAN v. Apple, Inc., et al*, Civil Docket No. 2:12-CV-600, dated October 17, 2013, which was Exhibit 6 to the April 5, 2018 deposition of Jeffrey T. Prince.

36. Attached as Exhibit 35 is a true and correct copy of excerpts from the Transcript of Jury Trial Before the Honorable Rodney Gilstrap, United States District Court, in the case styled *ContentGuard Holdings, Inc. v. Apple, Inc.*, Civil Docket No. 2:13-CV-1112-JRG, which was Exhibit 7 to the April 5, 2018 deposition of Jeffrey T. Prince.

37. Attached as Exhibit 36 is a true and correct copy of excerpts from the Expert Report of Scott James Savage in the case styled *Wi-LAN USA, Inc. and Wi-LAN Inc., v. Apple Inc.*, Case No. 3:13-CV-00798-DMS-BLM, dated June 6, 2014. Exhibit 36 is based in part on Apple confidential financial data and sales information for Apple's products. I understand Apple would suffer harm if confidential financial data and sales information for Apple's products were made public.

38. Attached as Exhibit 37 is a true and correct copy of excerpts from Wi-LAN's Supplemental Response to Apple's Interrogatory No. 18, dated December 22, 2017.

39. Attached as Exhibit 38 is a true and correct copy of excerpts from the April 13, 2018 deposition transcript of Scott T. Demarest. Wi-LAN has designated the transcript "Confidential – Restricted Outside Attorneys' Eyes Only," "Qualcomm - Outside Counsels' Eyes Only - Confidential Source Code," and "Intel Confidential - Outside Counsels' Eyes Only -Confidential Source Code."

40. Attached as Exhibit 39 is a true and correct copy of a document produced by Wi-LAN bearing bates number W2235-00112969. Wi-LAN has designated the document Confidential – Outside Counsel Restricted.

41.   Apple's Motion for Summary Judgment, Separate Statement of Undisputed Material Facts In Support of Its Motion for Summary Judgement, and Motion to Exclude Certain Opinions of Vijay Madisetti, David Kennedy and Jeffrey Prince (collectively, "Apple's Motions") are based in part on and contain citations to and excerpts from documents and files reflecting Apple confidential information, including information regarding business transaction terms, product development, sales, marketing research and analysis, components of Apple's iPhone products, and the operation and functionality of Apple's products. I understand Apple would suffer harm if confidential information regarding this information were made public. Apple's Motions also reflect information that Wi-LAN has designated with some level of confidentiality under the protective order.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on May 1, 2018 at San Diego, California.

*/s/ Sean C. Cunningham*
Sean C. Cunningham

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

                        /s/ *Sean C. Cunningham*
                        Sean C. Cunningham

DLA Piper LLP (US)
San Diego

WEST\281339558.1

-9-
CUNNINGHAM DECL. ISO SUMMARY JUDGMENT AND DAUBERT MOTIONS
3:14-CV-002235-DMS-BLM

# TABLE OF CONTENTS
# EXHIBITS

| Exhibit | Description | Page(s) |
|---------|-------------|---------|
| 1 | Excerpts of Expert Report of Dr. Vijay Madisetti, dated February 15, 2018. [FILED UNDER SEAL] | 9-91 |
| 2 | Excerpts of deposition transcript of Vijay Madisetti, dated March 28, 2018. [FILED UNDER SEAL] | 92-101 |
| 3 | Supplemental Expert Report of Dr. Vijay Madisetti, dated March 22, 2018. [FILED UNDER SEAL] | 102-146 |
| 4 | Excerpts of deposition transcript of Sree Ram Kodali, dated January 11, 2018. [FILED UNDER SEAL] | 147-155 |
| 5 | Excerpts of deposition transcript of Longda Xing, dated January 4, 2018. [FILED UNDER SEAL] | 156-162 |
| 6 | Apple Support – Make Phone calls with Voice over LTE (VoLTE); Bates No. W2235-00443611 | 163-164 |
| 7 | Excerpts of Expert Report of David J. Teece; dated June 6, 2014; Case No. 3:13-cv-00798 [FILED UNDER SEAL | 165-167 |
| 8 | Excerpts of deposition transcript of Renukadevi Palaniswamy, dated January 9, 2018. [FILED UNDER SEAL] | 168-172 |
| 9 | Excerpts of deposition transcript of Cole Stewart, dated January 9, 2018 [FILED UNDER SEAL] | 173-178 |
| 10 | Printout of Sprint website; W2235-00443127 | 179-182 |
| 11 | Apple Support page: Wireless carrier support and features for iPhone in the United States and Canada (APL-WINLANDJ_02965009) | 183-188 |
| 12 | Excerpts of Expert Report of Mr. David Kennedy (Corrected February 26, 2018) and exhibits thereto [FILED UNDER SEAL] | 189-207 |
| 13 | Document produced by Wi-LAN bearing bates number W2235-00110757 [FILED UNDER SEAL] | 208-210 |

| | | |
|---|---|---|
| 14 | Excerpts of Wi-LAN's Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated May 15, 2017 | 211-215 |
| 15 | Excerpts Wi-LAN's Second Amended Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated August 10, 2017 | 216-219 |
| 16 | Excerpts of Wi-LAN's Supplemental Responses to Apple's Interrogatory Nos. 2, 3, 4, 5, 8, 10, 12, 14, 17, dated January 12, 2018 [FILED UNDER SEAL] | 220-226 |
| 17 | Excerpts of Infringement Expert Report of Dr. Vijay Madisetti; Case No. 3:13-cv-0798); dated June 6, 2014 [FILED UNDER SEAL] | 227-233 |
| 18 | Agreement between Wi-LAN and Intel [FILED UNDER SEAL] | 234-240 |
| 19 | Email from Robert Cote to Sean Cunningham, dated December 14, 2017 [FILED UNDER SEAL] | 241-242 |
| 20 | Document produced by Apple bearing bates number APL-WILANDJ_02937359 [FILED UNDER SEAL] | 243-246 |
| 21 | Document produced by Apple bearing bates number APL-WILANDJ_02937302 [FILED UNDER SEAL] | 247-252 |
| 22 | Printout of document produced by Apple bearing bates number APL-WILANDJ_02935613 [FILED UNDER SEAL] | 253-254 |
| 23 | Excerpts Wi-LAN's Disclosure of Asserted Claims and Preliminary Infringement Contentions, dated January 12, 2015 | 255-259 |
| 24 | Excerpts of Rebuttal Expert Report of Michael Buehrer; dated March 15, 2018 [FILED UNDER SEAL] | 260-261 |
| 25 | Excerpts of Apple's Supplemental Responses and Objections to Wi-LAN's First Set of Interrogatories (Nos. 1-5, 7), dated July 28, 2017 [FILED UNDER SEAL] | 262 |
| 26 | Apple Newsroom article: Apple Announces iPhone 6 & iPhone 6 Plus – The Biggest Advancements in iPhone History; dated September 9, 2014 | 263-267 |
| 27 | Apple Newsroom article: Apple Introduces iPhone 7 & iPhone 7 Plus, the best, most advanced iPhone ever; dated September 7, 2016 | 268-276 |

| | | |
|---|---|---|
| 28 | Document produced by Apple bearing bates number bates number APL-WILANDJ_00669045 [FILED UNDER SEAL] | 277-290 |
| 29 | Document produced by Apple bearing bates number bates number APL-WILANDJ_00215168 [FILED UNDER SEAL] | 291-293 |
| 30 | Excerpts of deposition transcript of David Kennedy, dated April 18, 2018 [FILED UNDER SEAL] | 294-307 |
| 31 | Document produced by Apple bearing bates number APL-WILANDJ_00244317 [FILED UNDER SEAL] | 308-310 |
| 32 | Excerpts of Expert Report of Prof. Jeffrey T. Prince, dated February 15, 2018 [FILED UNDER SEAL] | 311-327 |
| 33 | Excerpts of deposition transcript of Jeffrey T. Prince, Ph.D., dated April 5, 2018 [FILED UNDER SEAL] | 328-240 |
| 34 | Excerpts of the Trial Transcript from Wi-LAN v. Apple, Case Number 2:12-cv-600; dated October 17, 2013 | 341-344 |
| 35 | Excerpts of the Trial Transcript from ContentGuard Holdings v. Apple, Case Number 2:13-cv-1112; dated November 13, 2015. | 345-349 |
| 36 | Excerpts of Expert Report of Scott James Savage; Case No. 13-cv-0798; dated June 6, 2014. [FILED UNDER SEAL] | 350-352 |
| 37 | Excerpts of Wi-LAN's Supplemental Response to Interrogatory No. 18, dated 12/22/2017 | 353-354 |
| 38 | Excerpts of deposition transcript of Scott Demarest, dated April 13, 2018 [FILED UNDER SEAL] | 355-364 |
| 39 | Document produced by Wi-LAN bearing bates number W2235-00112969 [FILED UNDER SEAL] | 365-367 |