JOHN ALLCOCK (Bar No. 98895)
john.allcock@dlapiper.com
SEAN C. CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
ERIN GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
ROBERT WILLIAMS (Bar No. 246990)
robert.williams@dlapiper.com
TIFFANY MILLER (Bar No. 246987)
tiffany.miller@dlapiper.com
JACOB ANDERSON (Bar No. 265768)
jacob.anderson@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
AMY WALTERS (Bar No. 286022)
amy.walters@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for
APPLE INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WI-LAN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 3:14-cv-1507-DMS-BLM (consolidated);<br><br>CASE NO. 3:14-cv-02235-DMS-BLM (lead case)<br><br>**APPLE INC.'S OBJECTIONS TO PROFESSOR PRINCE'S OPINIONS**<br><br>Dept.: 13A<br>Judge: Hon. Dana M. Sabraw<br>Magistrate Judge: Hon. Barbara L. Major |

In order to avoid disrupting the presentation of evidence at trial with multiple preservation objections, Apple Inc. ("Apple") respectfully submits for the record the following written objections to the expected testimony by Professor Prince. Professor Prince's survey results and related calculations, which provide at least part of the basis for Mr. Kennedy's damages opinion, fail to apportion the relative value between the patented and unpatented features, which is required by law. For the reasons stated in Apple's *Daubert* motion briefing and trial brief, Mr. Kennedy's opinions relying on Professor Prince's survey results are inadmissible, which render Professor Prince's opinions irrelevant and unnecessary. Therefore, this testimony should not be admitted for the reasons stated in Apple's *Daubert* motion briefing and trial brief, and as irrelevant and more prejudicial than probative under Federal Rules of Evidence 401, 402 and 403. Dkt. Nos. 333, 373, 433.

The relevance of Professor Prince's opinions and calculations is linked to the admissibility of Mr. Kennedy's damages opinions based on Professor Prince. For example, Mr. Kennedy relies on Professor Prince's opinions that (1) consumers would pay between $74 to $136 per unit for just one of the three alleged "benefits" of the claimed inventions, and (2) Apple would lose between $70 to $120 of profit per device without that alleged benefit. As stated in Apple's *Daubert* motion, Mr. Kennedy relies on Professor Prince's "willingness-to-pay" and "profit impact" calculations as a proxy for apportionment, but they are not apportionment and are not intended to apportion the value of the claimed inventions relative to unpatented technology. Dkt. No. 333 at 16-23. Mr. Kennedy's opinions based on Professor Prince's calculations are therefore inadmissible because patentee "must in every case give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011) (quoting *Garretson v. Clark*, 111 U.S. 120, 121 (1884)); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1311 (Fed. Cir. 2018) ("Further apportionment was required to

1  reflect the value of the patented technology compared to the value of the unpatented

2  elements."); *LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 70 (Fed.

3  Cir. 2012) (requiring experts to undertake "task of discerning the ODD's value

4  relative to all other components in the laptop"). Professor Prince's opinions and

5  calculations have no relevance to this case once Mr. Kennedy's opinions are

6  properly excluded as not meeting the Federal Circuit's apportionment requirements.

7      Therefore, for the reasons stated above and as set forth in Apple's *Daubert*

8  briefing (Dkt. Nos. 333, 373) and in Apple's trial brief (Dkt. No 433), Apple

9  respectfully requests that the Court sustain Apple's objection to Professor Prince's

10 testimony as irrelevant and more prejudicial than probative under Federal Rules of

11 Evidence 401, 402 and 403 because they are only arguably relevant to the damages

12 opinion that the Court should separately excluded as contrary to the Federal

13 Circuit's requirements.

Dated: July 25, 2018

DLA PIPER LLP (US)

By */s/ Sean C. Cunningham*
   JOHN ALLCOCK
   SEAN C. CUNNINGHAM
   ERIN GIBSON
   ROBERT BUERGI
   ROBERT WILLIAMS
   TIFFANY MILLER
   JACOB ANDERSON
   AMY WALTERS

Attorneys for
APPLE INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

                                                  /s/ *Sean C. Cunningham*
                                                  Sean C. Cunningham