1   Allison H. Goddard (211098)
2       ali@pattersonlawgroup.com
    PATTERSON LAW GROUP
3   402 West Broadway, 29th Floor
    San Diego, CA  92101
4   (619) 398-4760
    (619) 756-6991 (facsimile)
5
    *Attorneys for Plaintiff,*
6   *Wi-LAN Inc.*

7

8

9                   **UNITED STATES DISTRICT COURT**

10              **SOUTHERN DISTRICT OF CALIFORNIA**

11                          **SAN DIEGO**

12   WI-LAN INC.,                         )   No. 3:14-cv-1507-DMS-BLM; (Lead Case
                                          )   No. 3:14-cv-2235-DMS-BLM)
13                  *Plaintiff,*          )   DEMAND FOR JURY TRIAL
                                          )
14          vs.                           )
                                          )   **WI-LAN'S OBJECTIONS TO**
15   APPLE INC.,                          )   **OPINIONS OF LANCE GUNDERSON**
                                          )
16                  *Defendant.*          )
                                          )
17                                        )   **Trial: July 23, 2018**
                                          )   **Time: 9:00 a.m.**
18                                        )   **Department: 13A**
                                          )   **Judge: Hon. Dana M. Sabraw**
19                                        )   **Magistrate: Hon. Barbara L. Major**
                                          )
20                                        )
                                          )
21                                        )
                                          )
22                                        )

23

24                 REDACTED FOR PUBLIC FILING

25

26

27

28
    WI-LAN'S OBJECTIONS TO OPINIONS OF
    GUNDERSON                                    Case No. 3:14-cv-01507-DMS-BLM

In order to avoid disrupting the presentation of evidence at trial with multiple preservation objections, Wi-LAN Inc. ("Wi-LAN") respectfully submits for the record the following written objections to the expected testimony of the expert opinions of Lance Gunderson.  Mr. Gunderson is expected to proffer unscientific, unsupported and/or irrelevant expert testimony on: (A) Economics and Surveys, despite lacking relevant expert qualifications; (B) Royalty Stacking, despite basing his opinion on zero competent evidence of royalty stacking in this case; (C) Patent Counting, performing arbitrary arithmetic using Apple's approach to licensing standard essential patents (SEPs); (D) Unhelpful Licenses, despite failing to account for technological and economic differences between them and the September 2014 hypothetical negotiation; (E) Irrelevant Events, solely meant to inject irrelevant, confusing, and distracting issues that have no relevance to the determination of damages; and (F) Non-Infringing Alternatives ("NIAs") analysis, based on speculative lay opinions.  Therefore, Mr. Gunderson's testimony should not be admitted for the reasons stated in Wi-LAN's *Daubert* and motion *in limine* briefing under Federal Rules of Evidence 401, 402, 403, 701 and 702 (ECF No. 328 at 13-23, 23-35; ECF No. 384 at 5-10, 10-15; ECF No. 415 at 8-12; ECF No. 422 at 1-7).

*First*, even though Mr. Gunderson readily admits that he is not a survey expert, and demonstrably lacks qualifications on economics and survey analysis based on his inability to answer basic questions about market analysis, Mr. Gunderson criticizes the opinions of Wi-LAN experts David Kennedy and Prof. Jeffrey Prince, regarding the amount of profit from the accused devices that Apple would lose were it not to use the technologies taught by the patents-in-suit.  (ECF No. 328 at 23-25.)  Indeed, with respect to Prof. Prince's expert report, analyzing the results of the choice-based conjoint (CBC) study measuring the value of the technologies taught by the patents-in-suit to smartphone owners, Mr. Gunderson ██████████████████████████████

██████████████████████████

*Second*, Mr. Gunderson is expected to testify about "royalty stacking" concerns about a putative LTE royalty stack, despite the lack of competent evidence of royalty stacking in this case. *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014). Mr. Gunderson's anticipated testimony on the putative LTE stack is that ███ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ██████████████████████ However, Mr. Gunderson admits ████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████████████████ *See CSIRO v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("[A]bstract recitations of royalty stacking theory, and qualitative testimony that an invention is valuable—without being anchored to a quantitative market valuation—are insufficiently reliable."); *see generally Dep't of Toxic Substances Control v. Technichem, Inc.*, No. 12-CV-05845-VC, 2016 WL 1029463, at *1 (N.D. Cal. Mar. 15, 2016) ("When he is not simply speculating, [defendants' expert] often does no more than regurgitate information given to him by other sources (including self-serving assertions by the defendants).").

*Third*, using Apple's professed SEP licensing framework without any analysis as to its applicability to the patents-in-suit, Mr. Gunderson divides the margin ████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████ *See, e.g., Golden Bridge Tech. v. Apple Inc.*, No. 5:12-cv-04882-PSG, 2014 WL 2194501, at *6 (N.D. Cal. May 18, 2014); *In re Innovatio IP Ventures, LLC Patent Litig.*, No. 11 C 9308, 2013 WL 5593609, at *10 (N.D. Ill. Oct. 3, 2013) ("the court notes that it is not appropriate to determine the value of the non-asserted standard-essential patents based merely on numbers. If a patent holder owns ten out of a hundred patents essential to a

given standard, it does not automatically mean that it contributes 10% of the value of the standard."). Mr. Gunderson's recitation of these figures— ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮—is supported *only* by one Apple employee's "say-so," which fails to satisfy the level of rigor required by Rule 702(b). (ECF No. 328 at 27-29.) Further, Mr. Gunderson likely will apply this arbitrary patent counting exercise to a number of Apple and Wi-LAN lump sum licenses, which is unsupportable for calculating royalty because it ignores the fact that different patents have different values. *ResQNet.com, Inc. v. Lansa, Inc.*, 828 F. Supp. 2d 688, 694-95 (S.D.N.Y. 2011); *Avago Techs. General IP (Singapore) Pte. Ltd. v. AsusTek Computer Inc.*, No. 3:15-CV-04525-EMC, ECF 367, at 45 (N.D. Cal. Nov. 9, 2016); *Limelight Nets., Inc. v. XO Commc'ns, LLC*, NO. 3:15-CV-720-JAG, 2018 WL 678245, at *8 (E.D. Va. Feb. 2, 2018).

*Fourth*, Mr. Gunderson fails to meet the stringent requirements set forth by the Federal Circuit in his license comparability analysis of both Wi-LAN licenses under *Georgia-Pacific* (GP) factor 1 and Apple licenses under GP factor 2. (ECF No. 328 at 30-33; ECF No. 384 at 14-15.) *See ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("This court has long required district courts performing reasonable royalty calculations to exercise vigilance when considering past licenses to technologies other than the patent in suit [for GP 1]."); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1328 (Fed. Cir. 2009) (explaining that for GP 2 exclusion of a license agreement is warranted where patented technology lacks relationship to licensed technology). Apple does not disagree with the principles set forth in *Lucent*, 580 F.3d at 1328, and *ResQNet*, 594 F.3d at 870, that experts must explain in detail any comparability analysis for licenses to patents other than the Patents-in-Suit. *See M2M Sols. LLC v. Enfora, Inc.*, 167 F. Supp. 3d 665, 677-79 (D. Del. 2016) (excluding experts' "*ipse dixit*" where they made "loose, vague allegations of technological comparability, without any explanation . . . and do not even provide a basis to meaningfully assess technological comparability"). The Federal Circuit has repeatedly

warned that licenses do not help a jury if they offer "little more than a recitation of royalty numbers." *Apple, Inc. v. Samsung Elecs. Co.*, 2013 U.S. Dist. LEXIS 160337, *47 (N.D. Cal. Nov. 7, 2013) (citing *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1320 (Fed. Cir. 2010); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1329 (Fed. Cir. 2009)).

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████ Additionally, any probative value of this settlement agreement pre-dating the hypothetical negotiation by over three years is greatly outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury, Fed. R. Evid. 403, particularly given the "changing technological and financial landscape in the market" for smartphones. *Apple*, 2013 U.S. Dist. LEXIS 160337, at *48-49 (quoting *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 78 (Fed. Cir. 2012)).

Apple disclosed the following slide, which demonstrates Apple's intent to use



1   ██████████████████████████████████████████████

2   ████████████████ Apple further represented that ████████████████

3   ██████████████████████████████████████████████

4   ██████████████████ Those representations were made *after* the Court

5   issued its tentative ruling to deny Apple's motion *in limine* seeking to exclude

6   reference to ████████████████████████████████████

7   █████████████ As this Court explained, allegations that ████████████

8   ██████████████████████████████████████████████

9   ███████████ ██████████████████████████████████

10   ██████████████████████████████████████████████

11   If Apple were now permitted to introduce ████████████████████

12   ██████████████████████████████████████████████

13   ████████████████████████████████ the FRE 403 balance would

14   then unfairly tipped in Apple's favor.

15       *Fifth*, Wi-LAN objects as irrelevant, unfairly prejudicial, and distracting from

16   the issues in this case any gratuitous expert testimony on Wi-LAN CEO James

17   Skippen's statements regarding the legal environment or challenges being faced by

18   patent holders in enforcing their patents because this would threaten to drag a host of

19   irrelevant, confusing and distracting issues concerning regulatory and judicial

20   developments into this case—*Georgia-Pacific* does not instruct to value patents

21   depending on how difficult it is to prosecute infringers. Rather, the focus of damages

22   should be on valuing the specific infringement of the Patents-in-Suit via Apple's

23   Accused Products.

24       *Finally*, Wi-LAN objects to the anticipated testimony of Mr. Gunderson on

25   Apple's proffered non-infringing alternatives (NIAs), ████████████████

26   ██████████████████████████████████████████████

27   █████████████████████████ Mr. Gunderson solely relies on Apple's

28   Technical Experts who in turn relied on speculative lay opinions of Messrs. Sebeni and

1  Kodali; as such, Mr. Gunderson's unsupported testimony on these NIAs should be

2  excluded under Federal Rules of Evidence 701 and 702, and Federal Rule of Civil

3  Procedure 26 and 37 (ECF No. 328-01 at 13-23; ECF No. 384 at 5-10).

4

5  Dated:  July 31, 2018                          Respectfully submitted,

6

7                                              By:    */s/  Allison Goddard*

8                                                Allison H. Goddard (211098)
                                                 ali@pattersonlawgroup.com
9                                                PATTERSON LAW GROUP
                                                 402 West Broadway, 29th Floor
10                                               San Diego, CA 92101
                                                 (619) 398-4760
11                                               (619) 756-6991 (facsimile)

12                                               Mike McKool
                                                 mmckool@mckoolsmith.com
13                                               Ashley Moore
                                                 amoore@mckoolsmith.com
14                                               Warren Lipschitz
                                                 wlipschitz@mckoolsmith.com
15                                               MCKOOL SMITH, P.C.
                                                 300 Crescent Court
16                                               Dallas, TX 75201
                                                 (214) 978-4000
17                                               (214) 978-4044 (facsimile)

18

19                                               Robert Cote
                                                 rcote@mckoolsmith.com
20                                               Brett Cooper
                                                 bcooper@mckoolsmith.com
21                                               Jonathan Yim
                                                 jyim@mckoolsmith.com
22                                               Kevin Schubert
                                                 kschubert@mckoolsmith.com
23                                               Christopher McNett
                                                 cmcnett@mckoolsmith.com
24                                               MCKOOL SMITH, P.C.
                                                 One Bryant Park, 47th Floor
25                                               New York, NY 10036
                                                 (212) 402-9400
26                                               (212) 402-9444 (facsimile)

27                                               Steve Pollinger
                                                 spollinger@mckoolsmith.com
28                                               Seth Hasenour
                                                 shasenour@mckoolsmith.com

MCKOOL SMITH, P.C.
300 W. 6th Street, Suite 1700
Austin, TX 78701
(512) 692-8700
(512) 692-8744 (facsimile)

*Attorneys for Plaintiff,*
*Wi-LAN Inc.*

## **PROOF OF SERVICE**

I hereby certify that on July 31, 2018, I caused a copy of this pleading to be delivered via CM/ECF on the counsel of record.


Dated: July 31, 2018

By:   */s/ Allison Goddard*

Allison H. Goddard (211098)
ali@pattersonlawgroup.com
PATTERSON LAW GROUP
402 West Broadway, 29th Floor
San Diego, CA 92101
(619) 398-4760
(619) 756-6991 (facsimile)

*Attorneys for Wi-LAN Inc.*