# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>WI-LAN, INC., et al.,<br><br>                      Defendants<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 14cv2235-DMS(BLM)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO STAY THE COURT'S NOVEMBER 7, 2019 DISCOVERY ORDER**<br><br>**[ECF No. 747]**<br><br>**REDACTED—PUBLIC VERSION** |

Currently before the Court is Plaintiff's ("Apple's") *ex parte* application to stay Magistrate Judge Barbara L. Major's November 7, 2019 Discovery Order and Defendants' ("Wi-LAN's") opposition to Apple's *ex parte* application. ECF Nos. 747, 750. For the reasons set forth below, the Court **DENIES** Apple's request.

On July 22, 2019, the Court issued an order compelling Apple to produce certain Internal Testing documents requested by Wi-LAN. ECF No. 674 ("July Discovery Order"). Apple was ordered to produce the specific testing documents no later than August 2, 2019. Id. at 17. Apple did not appeal the Court's July Discovery Order, nor did it file a motion for reconsideration. See Dkt. Instead, Apple interpreted the Court's order narrowly and produced only a few documents. ECF No. 736 at 6. Wi-LAN believed that Apple's production did not comply with

the Court's July Discovery Order so, after complying with Judge Major's Chambers Rules, Wi-LAN filed a motion to enforce compliance with the Court's July Discovery Order. ECF No. 696.

Wi-LAN's motion to enforce asserted that Apple had not produced the subject Internal Testing. Id. Apple's opposition asserted that it had complied with the July Discovery Order but spent much of the briefing arguing against Wi-LAN's original motion to compel. See ECF No. 701. The Court granted in part and denied in part Wi-LAN's motion to enforce the July Discovery Order. ECF No. 736 ("November Enforcement Order"). In issuing its decision, the Court found that Apple had interpreted the Court's July Discovery Order too narrowly and clarified that Apple was required "to provide Wi-LAN with the documents and Internal Testing that ███████ ███████████████████████████████████████████ Id. at 7. The Court also noted that Apple had not filed a motion for reconsideration so the Court was not addressing the validity of its July Discovery Order; it only was addressing whether Apple's most-recent document production complied with the Court's Order. Id. at 6. The Court then clarified the scope of its July Discovery Order and required Apple to produce the described documents or a declaration containing specific information by December 2, 2019. Id. at 13-14.

On November 13, 2019, Apple filed the instant motion to stay the November Enforcement Order pending the resolution of Apple's "forthcoming" objections to the November Enforcement Order. ECF No. 746. On November 19, 2019, Apple filed objections to the November Enforcement Order, which are now before District Judge Dana M. Sabraw. ECF No. 756. Apple's motion requesting a stay of the November Enforcement Order argues that good cause exists to stay the Order because Apple's objections (before Judge Sabraw) are meritorious. ECF No. 747 at 3. Apple further asserts that the testing Wi-LAN seeks is no longer relevant because the Court's Daubert ruling "appears to have resolved the admissibility issue" of the subject Internal Testing. Id. at 4. Apple argues it is prejudicial to require Apple to search for and produce the subject documents given that they are now—according to Apple—inadmissible. Id.

Wi-LAN opposes Apple's motion to stay the November Enforcement Order, arguing that Apple has been ordered to produce the subject Internal Testing twice now, and the instant motion is an attempt to delay such production. ECF No. 750 at 2–3. Wi-LAN further argues

that Apple missed the window to object to the production of such documents when it failed to file any objections or a motion for reconsideration in response to Judge Major's July Discovery Order compelling the Internal Testing.  Id. at 3–4.  Wi-LAN further argues that the discovery remains relevant because it supports an affirmative report from Apple's ███████████ ███████████████████████████████████████ Id. at 3.

The Court finds that Apple's latest motion is just another attempt to delay or avoid producing the identified documents. This Court issued an order in July 2019 requiring Apple to produce the Internal Testing documents by August 2, 2019. Apple did not appeal or otherwise challenge the Court's order but also did not produce the required documents. This Court issued a second order on November 7, 2019 again requiring the production of the documents.  Apple still has not complied with the Court's order and instead is attempting to delay or avoid production by seeking a stay of the Court's July 2019 and November 2019 orders.  Apple's failure to object or file a motion for reconsideration in response to the July Discovery Order waived Apple's right to contest its obligation to produce the Internal Testing.  While Apple's objections to the motion to enforce will be decided by Judge Sabraw, this Court will not delay Apple's obligation to produce documents that were originally compelled on July 22, 2019.  See July Discovery Order.  The Court finds that the prejudice to Wi-LAN—if it does not receive documents potentially in Apple's possession—outweighs the prejudice Apple may experience in having to perform an additional search in compliance with the Court's original July Discovery Order.  The Court ordered Apple to produce the Internal Testing documents no later than August 2, 2019, nearly four months ago.  Therefore, the Court will not stay the current **December 2, 2019** deadline, which enforces the Court's July 22, 2019 Discovery Order, and **DENIES** Apple's *ex parte* application.

**IT IS SO ORDERED**.

Dated:  11/22/2019

Hon. Barbara L. Major
United States Magistrate Judge