# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>                         Plaintiff,<br>   vs.<br>WI-LAN, INC.,<br><br>                        Defendant.<br>_____<br>AND ALL RELATED COUNTERCLAIMS. | CASE NO. 14cv2235 DMS (BLM)<br><br>**ORDER SUSTAINING APPLE'S OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 7, 2019 DISCOVERY ORDER** |

     This case comes before the Court on Apple's objections to Magistrate Judge Barbara Major's November 7, 2019 Order Granting in Part and Denying in Part Defendants' Motion to Enforce the Court's July 22, 2019 Order. Wi-LAN filed an opposition to Apple's objections, and Apple filed a reply. After thoroughly reviewing these briefs, the Magistrate Judge's Order and the relevant case law, the Court sustains Apple's objections.

     A magistrate judge's decision on a nondispositive issue is reviewed by the district court under the "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire record

is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). In contrast, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See e.g.*, *Haines v. Liggetts Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992); *Medical Imaging Centers of America, Inc. v. Lichtenstein*, 917 F.Supp. 717, 719 (S.D. Cal. 1996). Thus, the district court should exercise its independent judgment with respect to a magistrate judge's legal conclusions. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992).

Here, Apple argues the Magistrate Judge's Order was clearly erroneous, and Apple is no longer relying on FaceTime as a noninfringing alternative, which renders the sought-after discovery irrelevant. The Court agrees with the latter argument, and more importantly, agrees with Apple's other argument that the sought-after discovery is no longer relevant in light of this Court's ruling on Apple's *Daubert* motion. That ruling excluded Wi-LAN's benefits methodology of damages, which was the relevance "hook" for the sought-after discovery. That "hook" has now been removed, and thus Apple need not conduct any further searches or produce any further documents pursuant to Wi-LAN's requests or the Magistrate Judge's Order.

**IT IS SO ORDERED.**

DATED: December 27, 2019

_____
HON. DANA M. SABRAW
United States District Judge