SEAN C. CUNNINGHAM (Bar No. 174931)
sean.cunningham@dlapiper.com
ERIN GIBSON (Bar No. 229305)
erin.gibson@dlapiper.com
ROBERT WILLIAMS (Bar No. 246990)
robert.williams@dlapiper.com
TIFFANY MILLER (Bar No. 246987)
tiffany.miller@dlapiper.com
PETER MAGGIORE (Bar No. 292534)
peter.maggiore@dlapiper.com
DLA PIPER LLP (US)
401 B Street, Suite 1700
San Diego, California 92101-4297
Tel: 619.699.2700
Fax: 619.699.2701

ROBERT BUERGI (Bar No. 242910)
robert.buergi@dlapiper.com
AMY H. WALTERS (Bar No. 286022)
amy.walters@dlapiper.com
DLA PIPER LLP (US)
2000 University Avenue
East Palo Alto, CA 94303-2215
Tel: 650.833.2000
Fax: 650.833.2001

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> WI-LAN INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | CASE NO. 3:14-cv-02235-DMS-BLM (lead case); <br> CASE NO. 3:14-cv-1507-DMS-BLM (consolidated) <br><br> **APPLE INC.'S OBJECTIONS TO DR. VIJAY MADISETTI'S OPINIONS** <br><br> Dept.: 13A <br> Judge: Hon. Dana M. Sabraw <br> Magistrate Judge: Hon. Barbara L. Major |

In order to avoid disrupting the presentation of evidence at trial with multiple preservation objections, Apple Inc. ("Apple") respectfully submits for the record the following written objections to certain testimony of Dr. Vijay Madisetti. As set forth in this Court's New Trial Order (ECF No. 554), Order Denying Wi-LAN Inc.'s ("Wi-LAN") Motion for Reconsideration (ECF No. 614), the Order Granting in Part and Denying In Part Apple's Motion to Exclude The Testimony of Wi-LAN's Experts (ECF No. 715) and as set forth in Apple's briefing corresponding to these Orders and the arguments set forth by Apple in the Joint Request for Telephonic Status Conference (ECF No. 731), Apple objects to the testimony of Dr. Madisetti at the damages retrial in its entirety and any reliance by Wi-LAN's damages expert, Mr. Kennedy, on any such testimony of Dr. Madisetti. Apple maintains that Dr. Madisetti should be excluded from this trial in its entirety, but, at a minimum, Dr. Madisetti's testimony must be limited to the very narrow scope set forth by this Court, and nothing more: "the Court finds Dr. Madisetti may testify at the retrial in Wi-LAN's case in chief on the issue of non-infringing alternatives." ECF No. 770 at 2.[1] Specifically, Apple objects to the testimony of Dr. Madisetti on at least four grounds:

<u>First</u>, Dr. Madisetti's "benefits" opinions have been excluded in their entirety, and Dr. Madisetti should be excluded from testifying about any benefits of the patents or any of the documents he relied upon in forming those unreliable opinions. *See* ECF No. 715 at 13 ("Wi-LAN's benefits methodology is not reliable and was not reliably applied to the facts of this case. Accordingly, the Court grants Apple's motion to exclude this methodology."). Specifically, this Court found error with Dr. Madisetti's opinions because "the problem here is Wi-LAN's correlation of the benefits of its inventions with improved voice quality, either with VoLTE in general or under loading conditions in particular, without sufficient evidence to

---

[1] As set forth below, Apple maintains its objection that any potential testimony from Dr. Madisetti regarding the "technological background" would be cumulative of Mr. Stanwood. *See* ECF No. 770 at 2.

1  support that correlation." *Id.* at 12.  This includes Dr. Madisetti's opinions that Wi-
2  LAN's "inventions caused the improvements and benefits in voice quality *during*
3  *loading*, but that assumption, too, is plagued by the same problems and concerns."
4  *Id.* at 13.  Any remaining opinions Dr. Madisetti may have regarding the benefits of
5  the asserted patents are inextricably connected to his excluded opinions and must be
6  likewise excluded as unduly prejudicial under Federal Rule of Evidence 403.
7  Indeed, only Mr. Kennedy was given leave to submit a supplemental expert report
8  after this Court's *Daubert* Order (ECF No. 715), and this Court has already held
9  that Dr. Madisetti is limited at the retrial to testifying "on the issue of non-
10 infringing alternatives."  ECF No. 770 at 2.  Dr. Madisetti must be prohibited from
11 referencing any testimony or opinion approaching the "benefits" of the patents or
12 introducing into evidence or testifying about the numerous prejudicial and
13 inextricably intertwined documents that Dr. Madisetti opined about at the 2018 trial
14 with respect to his "benefits" opinions.

15      Second, Dr. Madisetti must be limited to testifying as to the sole remaining
16 non-infringing alternative—3G circuit-switched calling—and must not be permitted
17 to testify beyond the scope of that limited non-infringing alternative.  Specifically,
18 Dr. Madisetti should be excluded from testifying about the one-bus architecture or
19 FaceTime Audio as a non-infringing alternative.  Wi-LAN has agreed to refrain
20 from introducing testimony on these specific non-infringing alternatives.  *See* ECF
21 No. 805 at 12 ("Apple requests that the Court preclude Wi-LAN from offering
22 testimony regarding (1) Apple's dropped non-infringing alternatives … Wi-LAN
23 does not intend to introduce testimony regarding any of the above.").  Because
24 Apple bears the burden of proof on non-infringing alternatives, and Apple's only
25 non-infringing alternative it is presenting at this damages retrial is 3G circuit-
26 switched calling, Dr. Madisetti's opinions—if permitted at all—should be limited to
27 that sole non-infringing alternative.  *See Smart Skins LLC v. Microsoft Corp.*, No.
28 15-cv-544-MJP, 2016 WL 4148091, at *2 (W.D. Wash. July 1, 2016) ("The

relevant case law establishes that Microsoft, the alleged infringer, has the burden of showing that non-infringing alternatives were both available to it and were acceptable to its customers during the damages period"); *Conceptus, Inc. v. Hologic, Inc.*, 771 F. Supp. 2d 1164, 1167–68, 1178-79 (N.D. Cal. 2010) ("Hologic—the alleged infringer—therefore bears the burden of proving the availability of some other acceptable noninfringing alternative").

Third, Dr. Madisetti's "technology background" on the asserted patents will be, at best, cumulative of what Mr. Stanwood has testified to. "District courts have broad authority to impose reasonable time limits during trial to prevent needless presentation of cumulative evidence." *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1070–71 (9th Cir. 2005) (internal citations and quotations omitted). And, at worst, Dr. Madisetti's "technology background" of the patents is likely to drift into or outright rely on his excluded benefits opinions. *See* ECF No. 715. Because Mr. Stanwood, the named inventor of both patents, is more than qualified to address the "technology background" of his own inventions and because of the high risk of prejudice to Apple from Dr. Madisetti delving into his excluded "benefits" opinions, Dr. Madisetti should be excluded from testifying on this topic.

Fourth, Apple re-urges its Motion *In Limine* No. 5 to exclude any new opinions of Dr. Madisetti that Mr. Kennedy relied on in his December 13, 2019 supplemental report for at least three reasons. First, as this Court noted at the January 16, 2020 Motion *In Limine* hearing, this "me-too kind of testimony where one expert bootstraps his opinion by saying he talked to another expert and he agrees. That is generally inadmissible hearsay." MIL Tr. at 11:4-8. Apple agrees. Mr. Kennedy relied purely on hearsay from Dr. Madisetti, which Apple and this Court will not hear from Dr. Madisetti until the second he takes the stand. Second, it is highly prejudicial to Apple to have to wait until Dr. Madisetti takes the stand to hear what his new and previously undisclosed opinions are on these licenses and the technologies subject to them. For the first time in Mr. Kennedy's report and

DLA Piper LLP (US)
San Diego

WEST\289071867.2                    -3-
APPLE'S OBJECTIONS TO DR. MADISETTI OPINIONS
3:14-CV-2235-DMS-BLM

1  then later at his deposition, Mr. Kennedy revealed that Dr. Madisetti had provided
2  Mr. Kennedy with undisclosed opinions regarding the technology and Wi-LAN
3  patents that were subject to the Doro, Unnecto, and Vertu licenses.  *See* ECF No.
4  789 at 10.  But Dr. Madisetti had never previously opined on any of these licenses.
5  And Apple has not had an opportunity to depose Dr. Madisetti on those opinions
6  since Mr. Kennedy's December 13, 2019 report or deposition.  Wi-LAN is being
7  rewarded for its third failed attempt to present an admissible damages case by being
8  able to withhold crucial opinions from Dr. Madisetti until literally the minute he
9  takes the stand.  Third, these new opinions from Dr. Madisetti directly conflicts
10 with this Court's prior Order that Dr. Madisetti may only testify "on the issue of
11 non-infringing alternatives."  ECF No. 770 at 2.  This Court should stand by its
12 prior ruling and limit Dr. Madisetti's testimony to—at most—Apple's sole non-
13 infringing alternative.

    For the foregoing reasons, the Court should sustain Apple's objections and exclude Dr. Madisetti's testimony in its entirety as well as any reliance by Wi-LAN's damages expert, Mr. Kennedy, on any such testimony of Dr. Madisetti.

Dated:  January 21, 2020

DLA PIPER LLP (US)

By */s/ Sean C. Cunningham*
    SEAN C. CUNNINGHAM
    ERIN GIBSON
    ROBERT BUERGI
    ROBERT WILLIAMS
    TIFFANY MILLER
    AMY WALTERS
    PETER MAGGIORE

Attorneys for Defendant
APPLE INC.

# CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants.

                                            /s/ *Sean C. Cunningham*
                                            Sean C. Cunningham